**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVIS NICHOLS, on behalf of himself and all others similarly situated, | No. 1:21-cv-03362-LGS |
| | |
| Plaintiff, | Judge Lorna G. Schofield |
| | |
| v. | CLASS ACTION |
| | |
| ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, | ORAL ARGUMENT REQUESTED |
| | |
| Defendants. | |
| | |
| VICTOR J. TONER, Individually and on Behalf of All Others Similarly Situated, | No. 1:21-cv-04058-LGS |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, | |
| | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ANTHONY FARAH'S MOTION
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

I.      THE ACTIONS SHOULD BE CONSOLIDATED ........................................................... 3

II.     FARAH SHOULD BE APPOINTED AS LEAD PLAINTIFF .......................................... 4

     A.    The PSLRA Standard for Lead Plaintiff Appointment ...................................... 4

     B.    Farah's Motion Is Timely ................................................................................. 5

     C.    Farah Has a Substantial Financial Interest ....................................................... 6

     D.    Farah Satisfies the Requirements of Rule 23 .................................................... 6

III.    FARAH'S CHOICE OF COUNSEL SHOULD BE APPROVED .................................... 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Albert Fadem Trust v. Citigroup Inc.*,
239 F. Supp. 2d 344 (S.D.N.Y. 2002)..........................................................................................3

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................................................3

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................................9

*In re Deutsche Bank AG Sec. Litig.*,
328 F.R.D. 71 (S.D.N.Y. 2018) ..................................................................................................7

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................................5

*Hom v. Vale, S.A.*,
No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)......................................8

*Lipetz v. Wachovia Corp.*,
No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ....................................8

*Lowinger v. Global Cash Access Holdings, Inc.*,
No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ..................................3

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ......................................3

*Peifa Xu v. Gridsum Holding Inc.*,
No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ...................................3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................................7

*Rosi v. Alcaris Therapeutics, Inc.*,
No. 19-CV-7118 (LTS)(JLC), 2019 WL 5778445 (S.D.N.Y. Nov. 6, 2019)............................4

*Stirling v. Ollie's Bargain Outlet Holdings, Inc.*,
No. 19-CV-8647 (JPO), 2019 WL 6619493 (S.D.N.Y. Dec. 5, 2019)......................................7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011)...................7, 8

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................. *passim*

Fed. R. Civ. P. 42(a) ...........................................................................................1, 3, 4

15 U.S.C. § 78u-4 *et seq.* ...................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.)................................................................................9

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md-1963 (S.D.N.Y.) .............................................................................9

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
    No. 09-md-2027 (S.D.N.Y.) .............................................................................9

Proposed Lead Plaintiff Anthony Farah ("Farah") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his Motion for the entry of an Order: (1) consolidating the above-captioned class actions (the "Actions"); (2) appointing Farah as Lead Plaintiff; (3) approving Farah's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class actions. The Actions allege that Romeo Power Inc. ("Romeo" or the "Company") (f/k/a RMG Acquisition Corp.) and certain of its executive officers and directors (together, "Defendants"), violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder. The Actions have been brought on behalf of all persons and entities who purchased the publicly traded securities of Romeo during the period October 5, 2020 through March 30, 2021, inclusive (the "Class Period"), and who were damaged thereby (the "Class").

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to the appointment of a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve identical legal and factual questions. See Fed. R. Civ. P. 42(a). As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima*

1

*facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Farah respectfully submits that he should be appointed Lead Plaintiff because he has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As discussed herein, Farah incurred *$197,627.14* in losses as a result of his transactions in Romeo securities during the Class Period.[1] In light of this significant loss, Farah has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any other qualified movant.  Farah also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  Farah has further demonstrated his adequacy through his selection of Labaton Sucharow as proposed Lead Counsel for the Class.  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Farah is the "most adequate plaintiff," and respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of counsel.

---

[1] A copy of the Certification of Mr. Farah ("Certification") is attached as Exhibit A to the Declaration of Francis P. McConville ("McConville Decl.").  The Certification sets forth all of Mr. Farah's relevant transactions in Romeo securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Mr. Farah on his relevant Class Period transactions in Romeo securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

**ARGUMENT**

**I.     THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law and fact." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018). "A determination on the issue of consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)). "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth substantively similar

allegations relating to similar parties, transactions, and events. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate under Rule 42(a). Accordingly, Farah respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.    FARAH SHOULD BE APPOINTED AS LEAD PLAINTIFF

Farah respectfully submits that he is the presumptively "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements. *See Rosi v. Alcaris Therapeutics, Inc.*, No. 19-CV-7118 (LTS)(JLC), 2019 WL 5778445, at \*2-4 (S.D.N.Y. Nov. 6, 2019) (appointing movant with largest financial interest who also made *prima facie* showing of typicality and adequacy).

### A.    The PSLRA Standard for Lead Plaintiff Appointment

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

4

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Under the framework established by the PSLRA, Farah is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.      Farah's Motion Is Timely**

Farah filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed *Nichols* Action caused notice regarding the pending nature of this case to be published on *GlobeNewswire*, a widely-circulated, national, business-oriented news wire service, on April 16, 2021.  *See* Notice, McConville Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before June 15,

2021. Farah filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### C.     Farah Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Farah believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff." Farah has a financial interest of approximately ***$197,627.14*** in the outcome of this litigation. *See* McConville Decl., Ex. B. To the best of Farah's knowledge, there is no other qualified applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Consequently, Farah believes that he has the "largest financial interest in the relief sought by the Class." Thus, Farah satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.

### D.     Farah Satisfies the Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

6

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "a moving plaintiff [need make] only . . . a preliminary showing that the adequacy and typicality requirements have been met." *Stirling v. Ollie's Bargain Outlet Holdings, Inc.*, No. 19-CV-8647 (JPO), 2019 WL 6619493, at *1 (S.D.N.Y. Dec. 5, 2019) (citation omitted). This determination "need not be as complete as would a similar determination for the purpose of class certification." *Sarepta Therapeutics*, 2019 WL 6873807, at *3 (citation omitted).

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 80 (S.D.N.Y. 2018). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.* (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (noting a lead plaintiff's claims "need not be identical to the claims of the class to satisfy the typicality requirement").

Farah's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Farah alleges that Defendants' violated the Exchange Act during the Class Period. Farah, like all members of the Class, purchased or otherwise acquired Romeo securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,* No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered

damages as a result"). Accordingly, because Farah's interests and claims are "typical" of the interests and claims of the Class, Farah satisfies the Rule 23 typicality requirement.

In order to satisfy the Rule 23 adequacy requirement, the movant must show that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at \*6 (S.D.N.Y. Mar. 7, 2016) (citation omitted). Farah has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action. *See infra*, Section III. Further, Farah's financial interest ensures that he will provide vigorous advocacy in representing the Class. *See* McConville Decl., Ex. B; *Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at \*3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would "vigorously" prosecute claims on behalf of the class). Finally, Farah is not aware that any conflict exists between his claims and those asserted on behalf of the Class. As such, Farah has satisfied the adequacy requirement.

As detailed in his Declaration, Farah is a sophisticated investor committed to fulfilling the fiduciary role of Lead Plaintiff should he be appointed. *See* Declaration, McConville Decl. Ex. D. Farah resides in San Antonio, Texas, and has been investing for approximately 13 years. *See id.* ¶¶ 3, 4. Farah serves as an operations manager at a parking facility and also earns income through rental properties. *See id.* In connection with these rental properties, Farah routinely oversees attorneys. *Id.* Farah determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors and raises significant corporate governance concerns. *Id.* ¶¶ 2, 4. Farah is aware of the

fiduciary duties he will assume if appointed as Lead Plaintiff, including the selection and continued oversight of counsel. *Id.* ¶ 6. Farah has already taken steps in directing his selection of counsel, including through the negotiation of a retainer agreement should the Actions settle. *Id.* ¶ 7.

Accordingly, as the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, Farah is the "most adequate plaintiff." As no competing movant will be able to submit the requisite proof that Farah is atypical, inadequate, or subject to unique defenses, he is entitled to appointment as Lead Plaintiff.

## III.    FARAH'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Farah has selected Labaton Sucharow to pursue this litigation on his behalf and has retained the firm as his proposed Lead Counsel. Labaton Sucharow has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation,* No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation,* No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation,* No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow

presently serves as lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. E.

Accordingly, the Court may be assured that, by granting Farah's motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the foregoing reasons, Farah respectfully requests the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing Farah as Lead Plaintiff, (3) approving Farah's selection of Labaton Sucharow as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

DATED:  June 15, 2021                                      Respectfully submitted,

*/s/ Francis P. McConville*
**LABATON SUCHAROW LLP**
Francis P. McConville
David J. Schwartz
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff*
*Anthony Farah and Proposed Lead Counsel*
*for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Anthony Farah*