# Exhibit C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVIS NICHOLS, on behalf of himself and all others similarly situated, <br><br>            Plaintiff, <br><br>      v. <br><br> ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, <br><br>            Defendants. | Honorable Lorna G. Schofield <br><br> Case No. 1:21-cv-03362 (LGS) (SN) |
| VICTOR J. TONER, on behalf of himself and all others similarly situated, <br><br>            Plaintiff, <br><br>      v. <br><br> ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, <br><br>            Defendants. | Honorable Lorna G. Schofield <br><br> Case No. 1:21-cv-04058 (LGS) (SN) |

## JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We, Travis Nichols, Sion Sung, and Daniel Theriault, respectfully submit this Joint Declaration in support of our motion for appointment as co-lead plaintiffs (the RMG-Romeo Investor Group) and approval of our selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as lead counsel in the instant class action on behalf of investors in the securities of Romeo Power Inc.("Romeo" or the "Company") (f/k/a RMG Acquisition Corp.) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration.

2.      I, Travis Nichols, live in Kronenwetter, Wisconsin. I am 38 years old and have been investing in the securities markets for several years. I am currently employed as a bridge manager for Canadian National Railway Company.  As reflected in my Certification, I purchased Romeo securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in the above-captioned actions (the "Action").  I retained Kaplan Fox to file the initial complaint that was filed in the Action.

3.      I, Sion Sung, live in Gaithersburg, Maryland.  I graduated from Georgetown University with a bachelor's degree in business and entrepreneurship.  I am the owner of Zust Group LLC, which provides online marketing services and sells consumer beauty products through online marketplaces.  I am 26 years old and have been investing in the securities markets for approximately three years. As reflected in my Certification, I purchased Romeo securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in the Action.

4.      I, Daniel Theriault, live in Bristol, Connecticut.  I graduated from Bentley University have a degree in Accountancy. I am a manger of internal audit at Raytheon

2

Technologies.  I am 54 years old and have been investing in the securities markets for over 25 years. As reflected in my Certification, I purchased Romeo securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in the Action.

5.      We have discussed this case with Kaplan Fox, and conferred with each other by email and telephone. Accordingly, each of us is aware of the current status of the Action. We understand that in addition to ourselves, other investors in Romeo securities may file motions seeking appointment as Lead Plaintiff in the Action.

6.      On April 16, 2021, Kaplan Fox filed a securities class action on behalf of Travis Nichols in the U.S. District Court for the Southern District of New York captioned *Travis Nichols v. Romeo Power, Inc. et al.*, Case No. 21-cv-3362 (the "*Nichols* Action") alleging a Class Period of October 5, 2020 through March 30, 2021, inclusive.  We understand that a second complaint was filed on behalf of a Romeo investor and the proposed class.

7.      We decided to retain Kaplan Fox as our counsel after reviewing the complaint filed in the *Nichols* Action, discussing the merits of the allegations, and expressing our interest in recovering the losses we suffered. We also understand that our efforts as lead plaintiff, if successful, would benefit members of the class who suffered in the same way we did.

8.      We understand that on June 15, 2021, Kaplan Fox will file a memorandum of law in support of our lead plaintiff motion on our behalf. We understand that this Joint Declaration and other supporting submissions prepared by Kaplan Fox will be filed concurrently with the memorandum of law.

9.      We understand that the lead plaintiff role includes evaluating the strengths and weaknesses of the case and prospects for resolution of this matter. We understand that it is the lead

3

plaintiff's responsibility to direct and oversee counsel with respect to this litigation, after receiving the benefit of counsel's advice.

10.     We have discussed with one another and counsel the progress of the Action to date, the lead plaintiff motion, and plans for directing and overseeing the Action should we be appointed co-lead plaintiffs. We have one another's contact information, and approved the filing of a motion on our behalf seeking appointment jointly as co-lead plaintiffs.

11.     We attest to, among other things, our shared belief in the merits of the Action; our shared desire to achieve the best possible result for the Class; our shared interest in prosecuting the case in a collaborative and likeminded manner; our understanding of the fiduciary obligations of lead plaintiffs; and our preparedness to supervise counsel and undertake all actions necessary to ensure that the Class's claims will be zealously and efficiently litigated.

12.     Given our significant financial interest in the claims against the defendants in the Action, we are strongly motivated to recover the significant losses that we and the Class suffered as a result of defendants' violations of the federal securities laws. Our principal goal in seeking to serve as co-lead plaintiffs in this case is to achieve the best possible recovery for the Class from all culpable parties. We are committed to ensuring the Action is litigated as zealously and efficiently as possible, in accordance with our duties under the PSLRA.

13.     If appointed co-lead plaintiffs, we will satisfy our fiduciary obligations to the Class by, among other steps, conferring with each other and with Kaplan Fox regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the Action will be vigorously prosecuted

4

consistent with the obligations of lead plaintiffs under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

14. We each determined that we could maximize the Class's recovery by pooling our respective resources and experience by jointly seeking appointment as co-lead plaintiffs. After reviewing the allegations in *Nichols* Action, and consulting with Kaplan Fox, we each independently determined to seek joint appointment as co-lead plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as co-lead Plaintiffs. We agree that our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case.

15. We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our losses incurred in connection with our Class Period purchases of Romeo securities, calculated in terms of U.S. dollars. We recognize that even in the event of such a disagreement, our ultimate decision will necessarily be informed by consulting one another and obtaining advice from Kaplan Fox.

16. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of investors to serve as co-lead plaintiffs when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner.

17.    We also understand and appreciate the lead plaintiff's obligation under the PSLRA to select lead counsel and to monitor the Action to ensure it is prosecuted efficiently. We have fulfilled this responsibility by selecting and retaining Kaplan Fox.

18.    We selected Kaplan Fox to serve as lead counsel based on Kaplan Fox's experience in achieving substantial recoveries in securities class actions and that it filed the complaint on behalf of Travis Nichols who initiated the Action.  We believe that the firm is well-qualified to represent us and the Class.  Kaplan Fox has been directed to prosecute the Action in an efficient, cost-effective manner while obtaining the best possible result for the Class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

6/15/2021

Executed on this ___ day of June 2021.

Travis Nichols
TRAVIS NICHOLS

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

6/14/2021

Executed on this ___ day of June 2021.

Sion Sung
SION SUNG

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true and correct to the best of my knowledge.

6

6/15/2021

Executed on this ___ day of June 2021.

DANIEL THERIAULT