**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVIS NICHOLS, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK,<br><br>     Defendants. | Case No.: 1:21-cv-03362-LGS<br><br>Hon. Lorna G. Schofield |
| VICTOR J. TONER, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK,<br><br>     Defendants. | Case No.: 1:21-cv-04058-LGS<br><br>Hon. Lorna G. Schofield |

**MEMORANDUM OF LAW IN SUPPORT OF CAMERON LONGAN, ANH NGUYEN, AND XIANKANG YAO'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   PROCEDURAL HISTORY ............................................................................................... 4

III.  ARGUMENT .................................................................................................................... 5

    A.   Consolidation of the Actions Is Appropriate ...................................................... 5

    B.   Appointing Movants as Co-Lead Plaintiffs Is Appropriate .............................. 6

        1.   Movants Filed a Timely Motion. .................................................................. 7

        2.   Movants Have the Largest Financial Interest in the Relief Sought. ........... 8

        3.   Movants Satisfy the Relevant Requirements of Rule 23. ............................. 8

            a.   Movants' Claims Are Typical. ............................................................. 9

            b.   Movants Are Adequate Representatives. ........................................... 10

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................... 10

IV.   CONCLUSION .............................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
    324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 7, 8

*In re Cendant Corp.,*
    264 F.3d 201 (3d Cir. 2001) ................................................................................................... 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................... 10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
    2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .............................................................. 11

*Deinnocentis v. Dropbox, Inc.,*
    2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ...................................................... 11

*Ferrari v. Impath, Inc.,*
    2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ........................................................ 5

*Ford v. VOXX Int'l Corp.,*
    No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ............... 9

*In re Gentiva Sec. Litig.,*
    281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................. 9

*In re Hebron Tech. Co. Sec. Litig.,*
    C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 7

*Johnson v. Celotex Corp.,*
    899 F.2d 1281 (2d Cir. 1990) ............................................................................................... 5, 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
    No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................... 9

*Martingano v. Am. Int'l Grp., Inc.,*
    Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 5

*Nickerson v. American Electric Power Company, Inc., et al.,*
    No. 2:20-cv-04243-SDM-EPD  (S.D. Ohio Nov. 24, 2020) ................................................... 11

*Snyder v. Baozun Inc.,*
    2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020) ..................................................... 11

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ................... 9

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................... 5

*White Pine Invs. v. CVR Ref.,*
    2021 U.S. Dist. LEXIS 119 (S.D.N.Y. Jan. 5, 2021)............................................................ 11

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................ passim

**Rules**

FED. R. CIV. P. 23................................................................................................... 1, 7, 8, 9

Fed. R. Civ. P. 42(a) ............................................................................................................ 5, 6

Cameron Longan, Anh Nguyen, and Xiankang Yao ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint them as co-lead plaintiffs, and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons and entities who purchased Romeo Power Inc. ("Romeo" or the "Company") (f/k/a RMG Acquisition Corp.) securities from October 5, 2020 through March 30, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants Romeo, Lionel E. Selwood, Jr. ("Selwood"), Lauren Webb ("Webb"), Robert S. Mancini ("Mancini"), Philip Kassin ("Kassin"), D. James Carpenter ("Carpenter"), Steven P. Buffone ("Buffone"), W. Grant Gregory ("Gregory"), W. Thaddeus Miller ("Miller"), and Craig Broderick ("Broderick") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and

they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[1]

On February 12, 2019, RMG Acquisition Corp. ("RMG"), a New York City based special purpose acquisition company, or SPAC, announced that it closed its initial public offering of 20 million units at $10 per share, resulting in gross proceeds of $200 million. ¶ 2. The units began trading on the New York Stock Exchange ("NYSE") under the ticker symbol "RMG.U". *Id.* Each unit consisted of one share of the Company's Class A common stock and one third of one warrant, with each whole warrant enabling the holder thereof to purchase one share of Class A common stock at a price of $11.50 per share. *Id.* When the shares of Class A common stock and warrants began separate trading, they traded on the NYSE under the symbols "RMG" and "RMG.WS." *Id.*

RMG was formed by Defendants Carpenter, Mancini and Kassin for the purpose of entering into a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses in the diversified resources and industrial materials sectors. ¶ 3.

RMG announced on October 5, 2020 a definitive agreement for a business combination with Romeo that would result in Romeo becoming a publicly listed company. ¶ 4. Romeo was founded in 2016, and purports to be an industry leading energy technology company focused on

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Nichols* Complaint") filed in the action styled *Nichols v. Romeo Power Inc., et. al.,* Case No. 1:21-cv-03362-LGS (the "*Nichols* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Nichols* Complaint. The facts set forth in the *Nichols* Complaint are incorporated herein by reference.

designing and manufacturing lithium-ion battery modules and packs for commercial electric vehicles according to its SEC filings. *Id.* Upon closing of the transaction, the combined entity would be named Romeo Power, Inc. and would remain listed on the NYSE and trade under the new ticker symbol "RMO" and its warrants would trade under the new symbol "RMO.WT". ¶¶ 5, 7.

Throughout the Class Period, Defendants represented that Romeo estimated revenue of $11 million for 2020, and for 2021 Romeo estimated revenue of $140 million. ¶ 6. Defendants further represented that Romeo had "key partnerships" and close relationships with LG Chem, Samsung, Murata and SK Innovation, which manufacture battery cells, a key component in Romeo's battery modules and packs and that they were supplying Romeo with battery cells. *Id.* In addition, Defendants represented that Romeo had the capacity and supply to meet end-user demand for Romeo's products, that Romeo was not beholden "to any level of the value chain", that it did not see any material challenges that would hamper growth, and its supply was hedged. *Id.*

Unknown to investors, Romeo was suffering from an acute shortage of high-quality battery cells due to supply constraints. ¶ 8. Contrary to Defendants' representations, (i) Romeo had only two battery cell suppliers, not four, (ii) the future potential risks that Defendants warned of concerning supply disruption or shortage had already occurred and were already negatively affecting Romeo's business, operations and prospects, (iii) Romeo did not have the battery cell inventory to accommodate end-user demand and ramp up production in 2021, (iv) Romeo's supply constraint was a material hindrance to Romeo's revenue growth, and (v) Romeo's supply chain for battery cells was not hedged, but in fact, was totally at risk and beholden to just two battery cell suppliers and the spot market for their 2021 inventory. *Id.*

The truth emerged on March 30, 2021 after the market closed. ¶ 9. Romeo issued a press

3

release and filed a report with the SEC on Form 8-K that disclosed its financial results for the quarter and year ended December 31, 2020, and conducted a conference call with investors and analysts. *Id.* Defendants shocked investors by disclosing that the Company's production had been hampered by a shortage in supply of battery cells and that its estimated 2021 revenue would therefore be reduced by approximately 71-87%. *Id.*

The next day, March 31, 2021, Morgan Stanley issued a research report on in which it downgraded Romeo's target price per share from $12 to $7 and in pertinent part stated

> When we initiated on RMO at UW on February 12th our concerns around the battery pack business centered mainly on competition. While we have expressed concerns around potential industry-wide battery shortages in the next few years, we had not contemplated this risk to hit RMO in its very first quarter as a public company. Following management guidance on revenue, opex/R&D/capex and other items, we have made material downward revisions to our forecasts and price target and reiterate our UW rating. . . . *Id.*

> While the company says it is aggressively pursuing paths to achieve long term supply contracts with key cell providers, given the risks in doing so we believe investors should allow for a high degree of margin of safety and should have a significantly better risk/reward before investing in the shares. *Id.*

In response to the news, Romeo shares plummeted from a closing price of $10.37 per share on March 30, 2021 to close of $8.33 per share, a drop of almost 20%, or $2.04 per share, on heavier than usual volume of over 20 million shares. ¶ 12.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Nichols* Action against the Defendants. Plaintiff Travis Nichols ("Nichols") commenced the first-filed action on April 16, 2021. On that same day, counsel acting on Nichols' behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins

Decl.").

On May 6, 2021, a substantially similar action was filed against Romero in this Court, entitled *Toner v. Romeo Power Inc., et. al.,* Case No. 1:21-cv-04058-LGS (S.D.N.Y.) (the "*Toner* Action"). Movant has requested consolidation of the *Nichols* and *Toner* Actions.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and

5

misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Appointing Movants as Co-Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed co-lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having collectively lost $444,793.64 as a result of their transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed as co-lead plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movants Filed a Timely Motion.

On April 16, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Nichols* published the Press Release on *Globe Newswire* —a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Romeo securities that they had 60 days from the publication of the April 16, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movants timely filed their motion within the 60-day period following publication of the April 16, 2021 Press Release and submitted herewith sworn certifications attaching their transactions in Romeo securities and attesting that they are willing to serve as representatives of

the Class. *See* PSLRA Certifications, Ex. A to Hopkins Decl. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as co-lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movants Have the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiff."

Movants acquired Romeo securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $444,793.64. *See* Hopkins Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as co-lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a. Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Romeo's business, operations and prospects violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Romeo securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants

9

purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.      Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movants' financial losses evidence that they have sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Hopkins Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a co-lead plaintiffs, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D to Hopkins Decl. Therefore, Movants will prosecute the Consolidated Action vigorously on behalf of the Class.

Accordingly, Movants meet the adequacy requirement of Rule 23.

### C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201,

274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class' Lead Counsel in the event they are appointed as co-lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movants as Co-Lead Plaintiffs,

(3) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting

such other relief as the Court may deem just and proper.

Dated: June 15, 2021                                    Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Lead Counsel for Cameron Longan, Anh
Nguyen, and Xiankang Yao, and [Proposed]
Lead Counsel for the Class*

12