# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVIS NICHOLS, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:21-cv-03362-LGS |
| ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, | Hon. Lorna G. Schofield |
| Defendants. | |
| VICTOR J. TONER, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:21-cv-04058-LGS |
| ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, | Hon. Lorna G. Schofield |
| Defendants. | |

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF CAMERON LONGAN, ANH NGUYEN, AND XIANKANG YAO FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We, Cameron Longan, Anh Nguyen, and Xiankang Yao ("Movants"), respectfully submit this Joint Declaration in support of our Motion for Consolidation of the above-captioned actions (the "Actions"), Appointment as Co-Lead Plaintiffs, and Approval of Selection of Counsel (the "Joint Declaration"). We each have personal knowledge about the information contained in this Joint Declaration as to ourselves.

2.     We are each informed of and understand the requirements of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We understand that each of us could have chosen to pursue individual actions, individual motions for appointment as lead plaintiff, or taken no action and remained absent class members. However, we have decided to move for lead plaintiff in this case jointly because we believe combining our collective resources and knowledge will best serve the Class.[1]

3.     I, Cameron Longan, as reflected in my Certification, purchased Romeo securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Actions. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I currently reside in Dixon, Illinois. I have a Bachelor's degree in Accounting and am currently employed as an accountant for Bradford Victor Adams Mutual Insurance Co. . I consider myself to be a sophisticated investor and have been investing for ten years. I decided to seek appointment as lead plaintiff with Anh Nguyen and Xiankang Yao after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

---

[1] The "Class" consists of all purchasers of Romeo Power Inc. ("Romeo" or the "Company") securities between October 5, 2020 through March 30, 2021, inclusive (the "Class Period").

4.      I, Anh Nguyen, as reflected in my Certification, purchased Romeo securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Actions. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.   I currently reside in Hockessin, Delaware. I have a high school diploma and am the owner of La Nails of Hockessin Inc., where I work as a Nail Art Technician. I consider myself to be a sophisticated investor and have been investing for one year. I decided to seek appointment as lead plaintiff with Cameron Longan and Xiankang Yao after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

5.      I, Xiankang Yao, as reflected in my Certification, purchased Romeo securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in the Actions.  I am motivated to recover this loss for my own benefit and the benefit of all members of the Class.  I currently reside in Freemont, California.  I am the owner and CEO of Hong Fa Construction, Inc. since 2013.  I consider myself to be a sophisticated investor and have been investing for 13 years. I decided to seek appointment as lead plaintiff with Cameron Longan and Anh Nguyen after learning of their motivation to recover on behalf of investors and that we were each in discussions with our counsel to pursue claims on behalf of the Class.

6.      We, Cameron Longan, Anh Nguyen, and Xiankang Yao, believe that the allegations against Romeo are meritorious and that the Class will benefit from having highly motivated investors with substantial financial interests at stake like ourselves control the class action.  We believe that our combined efforts, knowledge, and diverse background will better serve the Class.  If appointed lead plaintiff, our primary goal will be to ensure that the Class achieves the largest possible recovery.

3

7.      On April 16, 2021, Travis Nichols filed a putative class action in this District, Case No. 1:21-cv-03362-LGS (the "*Nichols* Action"), on behalf of all purchasers of Romeo securities during the Class Period.  The action seeks relief against Romeo and certain of its senior officers for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission.

8.      On May 6, 2021, Victor J. Toner commenced a nearly identical action in this District on behalf of the same Class, asserting the same claims against the same defendants as the *Toner* Action, Case No. 1:21-cv-04058-LGS.

9.      We are like-minded investors who contacted and retained Levi & Korsinsky, LLP ("Levi & Korsinsky") to represent us in the Actions as Lead Counsel. After discussing the allegations against Romeo, the procedural background of the Actions, the process of appointing a lead plaintiff in cases such as this, and attorneys' fees, we learned of each other's existence and similar willingness to litigate the claims of the Class.

10.     Upon learning of each other's interest in seeking appointment of lead plaintiff in this matter through our counsel, we communicated with one another and our counsel on Tuesday, June 15, 2020, at approximately 3:45 PM EST, where we discussed among other things: the allegations and the strength of the claims against defendants; a strategy for prosecuting the Actions; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the class would receive from the leadership of three like-minded investors like us; a shared desire to achieve the best possible result for the class; our interests in prosecuting the case in a collaborative, likeminded manner; attorney's fees, and the actions that we will take to continue to ensure that the claims will be zealously and efficiently litigated.

11.     We believe that the Class will benefit from having three highly motivated investors

4

with substantial financial interests at stake as lead plaintiff. We feel that our combined efforts and knowledge will better represent the Class as a whole, which is likely made up of the same composition. We each decided to work together in order to collaborate and exercise joint decision-making. We agree to work collaboratively to represent all Romeo shareholders who suffered damages during the Class Period and to ensure that the Class achieves the largest recovery possible.

12.     We each understand that, if appointed, we would owe a fiduciary duty to the Class to provide effective representation and to ensure that Lead Counsel effectively litigates the Actions. Each of us understand that if we are appointed as lead plaintiff, we will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy. Each of us will do our best to maximize the recovery for the Class.

13.     If appointed as co-lead plaintiffs, we agree to actively manage the prosecution of the Actions including reviewing documents, having joint calls, discussing through email any developments, participating in discovery, and exercising joint decision-making to execute a strategy to maximize the recovery of the entire Class. We are confident in our ability to reach joint decisions regarding litigation matters and will use consensus decision making to maximize the recovery for the Class. We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation.

14.     Given our obligations to the Class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions. However, in the unlikely event that a disagreement arises, we agree to abide by a simple majority vote where each of us possess one vote.

15.     We select Levi & Korsinsky to serve as Lead Counsel on behalf of the Class and believe Levi & Korsinsky has the experience and ability to effectively and expeditiously bring the Actions to a close and achieve a strong recovery on behalf of the Class.  We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Levi & Korsinsky. We are well aware that Levi & Korsinsky is an accomplished law firm with a history of achieving significant settlements and corporate governance reforms with defendants.  Indeed, we believe that the firm's prior experience of effectively litigating complex class action lawsuits will provide comfort that the proposed Class will receive the best possible representation.  We also believe that Levi & Korsinsky will vigorously prosecute the Actions in a cost-effective manner and in the best interests of all members of the putative Class.

16.     It is our goal to resolve the Actions in an expeditious manner that is fair to all members of the Class.  Through supervision of our chosen counsel, Levi & Korsinsky, we will ensure that the Actions are prosecuted for the benefit of the Class in an efficient and effective manner.  In that regard, we will direct Levi & Korsinsky to prosecute the Actions in such a way to achieve a fair result for all members of the Class. We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice.  We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary.   We understand that meetings, conference calls, and communications may be conducted without counsel.  We agree to contact one another when necessary to facilitate the best interests of the Class and to prosecute the Actions.  We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation.

17.     We have also directed counsel to keep us informed of any developments in the

6

Actions—including any developments in the lead plaintiff proceedings. To this end, we will continue to direct Lead Counsel and oversee the prosecution of the Actions for the benefit of the Class by reviewing pleadings, orders, and motion papers and conferring amongst ourselves. Further, we agreed that we will make ourselves available to personally travel for any appearances, depositions, settlement hearings, and other necessary meetings to facilitate the prosecution of the Actions.

16.    We, Cameron Longan, Anh Nguyen, and Xiankang Yao, hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including conferring with counsel regarding litigation strategy, attending court proceedings and depositions, if necessary, and reviewing documents, pleadings, and motions in the Actions. Our main goal is obtaining the largest recovery possible for the Class.

7

I, Cameron Longan, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June, 2021.

DocuSigned by:

5F6DDB99C1B64CA

Cameron Longan

I, Anh Nguyen, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June, 2021.

DocuSigned by:

9D89EADCD44240C...

Anh Nguyen

9

I, Xiankang Yao, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June, 2021.

DocuSigned by:

595F1DE4F7E5471...

Xiankang Yao