UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| TRAVIS NICHOLS, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-03362-LGS |
| Plaintiff, | CLASS ACTION |
| vs. | |
| ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, | |
| Defendants. | |

---

|  |  |
|---|---|
| VICTOR J. TONER, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-04058-LGS |
| Plaintiff, | CLASS ACTION |
| vs. | |
| ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, | |
| Defendants. | |

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4823-8214-3470.v1

## I.    INTRODUCTION

Presently pending before this Court are two securities class action lawsuits (the "Related Actions") brought on behalf of purchasers of Romeo Power Inc.'s ("Romeo" or the "Company") (f/k/a RMG Acquisition Corp.) securities between October 5, 2020 through March 30, 2021, inclusive, seeking to pursue remedies under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") against the Company and certain senior executives and board members.[1] Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

After deciding consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Mr. Humam Bianouni is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition to timely filing this motion, Mr. Bianouni has a significant financial interest and meets the Rule 23 typicality and adequacy requirements.  Finally, Mr. Bianouni has selected Robbins Geller Rudman & Dowd LLP, a firm with extensive experience prosecuting complex securities class actions, to serve as lead counsel for the putative class in the event his motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

Because Mr. Bianouni satisfies the PSLRA criteria, his motion should be granted.

---

[1]    The Related Actions are: (1) *Nichols v. Romeo Power, Inc.*, No. 1:21-cv-03362, filed on April 16, 2021; and (2) *Toner v. Romeo Power, Inc.*, No. 1:21-cv-04058, filed on May 6, 2021.

- 1 -

## II.   SUMMARY OF THE ACTION

Romeo was founded in 2016 and purports to be an industry-leading energy technology company focused on designing and manufacturing lithium-ion battery modules and packs for commercial electric vehicles.  Romeo asserts that through its industry leading energy dense battery modules and packs, it enables large-scale sustainable transportation by delivering safe, longer lasting batteries with shorter charge times.

On February 12, 2019, RMG Acquisition Corp., a New York City-based special purpose acquisition company, or SPAC, announced that it closed its initial public offering of 20 million units at $10 per share, resulting in gross proceeds of $200 million.  RMG was formed  for the purpose of entering into a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses in the diversified resources and industrial materials sectors.  On October 5, 2020, RMG announced a definitive agreement for a business combination with Romeo that would result in the Company becoming a publicly listed company. Upon closing of the transaction, the combined entity would be named Romeo Power Inc. and would receive approximately $340 million in cash, which was a combination of RMG cash and cash from a PIPE (private investment in public entity) investment.

The complaints allege that, throughout the Class Period, Romeo was suffering from an acute shortage of high quality battery cells, which are key raw materials for the Company's battery packs and modules, due to supply constraints. Specifically, and contrary to defendants' representations: (i) Romeo had only two battery cell suppliers, not four; (ii) the future potential risks that defendants warned of concerning supply disruption or shortage had already occurred and were already negatively affecting Romeo's business, operations, and prospects; (iii) Romeo did not have the battery cell inventory to accommodate end-user demand and ramp up production in 2021; (iv)

- 2 -

4823-8214-3470.v1

Romeo's supply constraint was a material hindrance to the Company's revenue growth; and (v) Romeo's supply chain for battery cells was not hedged, but in fact, was totally at risk and beholden to just two battery cell suppliers and the spot market for their 2021 inventory. The complaints further allege that given the supply constraint that Romeo was experiencing during the Class Period, defendants had no reasonable basis to represent that the Company had the ability to meet customer demand and that it would support growth in revenue in 2021.

On March 30, 2021, Romeo disclosed that the Company's production had been hampered by a shortage in supply of battery cells and that its estimated 2021 revenue would therefore be reduced by approximately 71-87%. On this news, the price of Romeo's shares declined almost 20%, damaging investors.

As a result of defendants' alleged violations of the federal securities laws, Mr. Bianouni and other putative class members have suffered significant damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

4823-8214-3470.v1

Here, the Related Actions present nearly identical factual and legal issues, allege identical claims, identical class periods, and name identical defendants. *See generally Nichols*, ECF No. 1; *Toner*, ECF No. 1. Accordingly, consolidation is appropriate here.

### B.    Mr. Bianouni Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Bianouni meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    Mr. Bianouni's Motion Is Timely

On April 16, 2021, notice of the first-filed *Nichols* action was published on *Globe Newswire* advising class members of the pendency of the action, its alleged claims, its class definition, and the right to move the Court to be appointed as lead plaintiff by June 15, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

- 4 -

Because Mr. Bianouni's motion was timely filed by the statutory deadline, Mr. Bianouni is entitled to be considered for appointment as lead plaintiff.

### 2.   Mr. Bianouni Possesses a Substantial Financial Interest

During the Class Period, Mr. Bianouni purchased 11,000 shares of Romeo and suffered approximately $96,738 in losses as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B-C. To the best of his counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, Mr. Bianouni satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   Mr. Bianouni Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" "only the last two factors – typicality and adequacy – are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (cleaned up). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Here, Mr. Bianouni satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of Romeo securities and suffered a loss as a result of defendants' alleged misconduct. Consistent with the PSLRA, Mr. Bianouni's Certification sets forth his transactions in Romeo securities during the Class Period. Mr. Bianouni has not conflated his own

financial interest with the Romeo transactions of any third-party entities in which he may have invested.  As such, Mr. Bianouni has a significant direct interest in the outcome of this Action.  In addition, Mr. Bianouni has submitted a Declaration affirming that he is ready, willing, and able to assume the responsibilities of lead plaintiff.  *See* Rosenfeld Decl., Ex. D.  Further, as described more fully below, Mr. Bianouni has retained experienced counsel to prosecute these claims.

Thus, Mr. Bianouni's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm his satisfaction of the Rule 23 requirements.

### C.    Mr. Bianouni's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Mr. Bianouni has selected Robbins Geller to serve as lead counsel for the proposed class.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

4823-8214-3470.v1

were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  And, in 2021, Robbins Geller has secured final approval of a $1.21 billion recovery for investors in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*,

- 7 -

4823-8214-3470.v1

Mr. Bianouni's selection of Robbins Geller as proposed lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Related Actions are nearly identical and should be consolidated for all purposes. Additionally, Mr. Bianouni has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Bianouni respectfully requests that the Court consolidate the Related Actions, appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

DATED:  June 15, 2021                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD


                                                *s/ David A. Rosenfeld*
                                         DAVID A. ROSENFELD

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com
                                         drosenfeld@rgrdlaw.com

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         DANIELLE S. MYERS
                                         JUAN CARLOS SANCHEZ
                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         dmyers@rgrdlaw.com
                                         jsanchez@rgrdlaw.com

---

No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4823-8214-3470.v1

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 15, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4823-8214-3470.v1

## Mailing Information for a Case 1:21-cv-03362-LGS Nichols v. Romeo Power Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Philip Campisi**
  jcampisi@kaplanfox.com

- **Jeff G. Hammel**
  jeff.hammel@lw.com,NY-CourtMail@lw.com,jeff-hammel-1442@ecf.pacerpro.com,new-york-ma-2860@ecf.pacerpro.com

- **Jason Craig Hegt**
  jason.hegt@lw.com,NY-CourtMail@lw.com,jason-hegt-2094@ecf.pacerpro.com,new-york-ma-2860@ecf.pacerpro.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Kristin N Murphy**
  kristin.murphy@lw.com

- **Nathaniel A. Tarnor**
  NathanT@hbsslaw.com,lisal@hbsslaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)