UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVIS NICHOLS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK,<br><br>Defendants. | Case No.  1:21-CV-03362-LGS [rel. 1:21-cv-04058-LGS]<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MOTASSEM YOUSEF AND MOATH MAJED YOUSEF FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |
| VICTOR J. TONER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK,<br><br>Defendants. | Case No.  1:21-cv-04058-LGS [rel. 1:21-cv-03362-LGS] |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 4

    I.       The Yousef Brothers Should Be Appointed Lead Plaintiffs .................................. 4

           A.     The Yousef Brothers Have the Largest Financial Interest in the Relief Sought by the Class ................................................................................................................ 5

           B.     The Yousef Brothers Satisfy the Requirements Of Rule 23 ................................ 6

    II.      The Yao Group Is Inadequate Within the Meaning of Rule 23 ............................ 8

    III.    The Yousef Brothers' Selection Of Counsel Should Be Approved ..................... 10

CONCLUSION ................................................................................................................ 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
  2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)......................................................3, 5, 6

*Beckerman v. Ener1 Inc.*, No. 11 Civ. 5794 (PAC),
  2012 U.S. Dist. LEXIS 19972 (S.D.N.Y. Feb. 15, 2012).........................................................7

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
  2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018).....................................................2, 5

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018)...............................................................................................................3

*Cohen v. Luckin Coffee Inc.*, 1:20-cv-01293-LJL,
  2020 U.S. Dist. LEXIS 103647 (S.D.N.Y. June 12, 2020).......................................................8

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
  2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).........................................................6

*Elstein v. Net 1 UEPS Techs., Inc.*, 13 Civ. 9100 (ER),
  2014 U.S. Dist. LEXIS 100574 (S.D.N.Y. July 23, 2014) .......................................................8

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................5, 6

*Galmi v. Teva Pharm. Indus. Ltd.*,
  302 F. Supp. 3d 485 (D. Conn. 2017)........................................................................................8

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825,
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..............................................................................5

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ...............................................................................................8

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
  2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ...........................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 421 (E.D. Pa. 2005).................................................................................................5

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ...............................................................................................6

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................5, 6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................10

*McDermott Int'l, Inc. Secs. Litig.*, 08 Civ. 9943 (DC),
   2009 U.S. Dist. LEXIS 21539 (S.D.N.Y. Mar. 6, 2009) ........................................3, 7

*Nakamura v. BRF S.A.*, 18-cv-2213 (PKC),
   2018 U.S. Dist. LEXIS 110187 (S.D.N.Y. July 2, 2018) ........................................4, 8

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
   2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017)........................................5

*Takara Trust v. Molex, Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005)................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc*,
   589 F. Supp. 2d 388 (S.D.N.Y. Dec. 10, 2008) ..............................................4, 8, 10

## Statutes

15 U.S.C. § 78u-4 ......................................................................................1, 5, 8, 10

PSLRA .......................................................................................................3, 4, 7, 8

## Rules

Fed.  R. Civ. P. 23............................................................................................ *passim*

iii

Movants the Yousef Brothers[1] respectfully submit this memorandum of law in further support of their motion for consolidation of the Related Actions, appointment as Lead Plaintiffs, and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 40); and in opposition to the competing motions of (i) Xiankang Yao, Cameron Longan, and Anh Nguyen (collectively, the "Yao Group") (Dkt. No. 37); (ii) Dale Davison ("Davison") (Dkt. No. 34); (iii) Sion Sung, Travis Nichols, and Daniel Theriault (collectively, the "Sung Group") (Dkt. No. 30); (iv) Mike Castleberg ("Castleberg") (Dkt. No. 25); (v) Anthony Farah ("Farah") (Dkt. No. 24); and (vi) Humam Bianouni ("Bianouni") (Dkt. No. 45).

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Romeo and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are the Yousef Brothers, a cohesive group consisting of two brothers, Motassem and Moath Majed Yousef, who together suffered over $434,939 in losses in connection with their purchases of Romeo securities as a result of the alleged fraud at issue in the Related Actions, a greater financial interest in this litigation than any competing movant eligible for appointment. The table below sets forth the losses of the Yousef Brothers compared to those of the other movants:

---

[1] All capitalized terms herein are defined in the Yousef Brothers' moving brief, unless otherwise indicated. *See* Dkt. No. 42.

| Movant | Loss |
|---|---|
| Yousef Brothers | $434,939 |
| *Moath Majed Yousef* | *$313,041* |
| *Moatassem Yousef* | *$121,898* |
| Davison | $339,653 |
| Castleberg | $204,476 |
| Farah | $197,152 |
| Bianouni | $96,776 |
| ~~Yao Group~~ | ~~$444,848~~ |
| *~~Xiankang Yao~~* | *~~$184,880~~* |
| *~~Cameron Longan~~* | *~~$176,535~~* |
| *~~Anh Nguyen~~* | *~~$83,433~~* |
| ~~Theriault Group~~ | ~~$237,265~~ |
| *~~Sion Sung~~* | *~~$98,545~~* |
| *~~Travis Nichols~~* | *~~$78,202~~* |
| *~~Daniel Theriault~~* | *~~$60,518~~* |

The Yousef Brothers' loss is significantly larger than that of any competing eligible movant. The eligible movant with the next largest loss, Davison, incurred a loss of only $339,653—nearly $100,000 less than the Yousef Brothers. As such, the Yousef Brothers have the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

Although one competing movant, the Yao Group, alleges a slightly larger loss of $444,848, the Yao Group is clearly a group of unrelated investors assembled by counsel, and as such it is ineligible for appointment because its fails to satisfy the adequacy requirement of Rule 23 (as discussed in greater detail below).

In addition to their significant financial interest, the Yousef Brothers also satisfy the adequacy and typicality requirements of Rule 23. The Yousef Brothers, like all members of the Class, purchased Romeo securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations or omissions.

These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). As siblings, the Yousef Brothers obviously have a meaningful relationship with one another that pre-dates this litigation. As such, they constitute exactly the kind of cohesive group consisting of related individuals that the PSLRA expressly permits and courts in this Judicial District routinely appoint to serve as lead plaintiffs in securities class actions. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *McDermott Int'l, Inc. Secs. Litig.*, 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *11-*12 (S.D.N.Y. Mar. 6, 2009) (approving family members as co-lead plaintiffs, noting presumed ability "to function cohesively"). The Yousef Brothers have further demonstrated their adequacy by submitting a detailed Joint Declaration, attesting to, *inter alia*, their backgrounds, their understanding of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, and their readiness to shoulder these responsibilities, including by overseeing the efforts of counsel. *See generally* Dkt. No. 43-4. Accordingly, the Yousef Brothers are highly qualified to serve as class representatives and to supervise Pomerantz, their chosen counsel, to prosecute this action vigorously on behalf of Romeo investors.

By contrast, the Yao Group is inadequate within the meaning of Rule 23 because it is a group of ***unrelated*** investors whose members appear to have been assembled by counsel purely in order to aggregate their financial interests in an eleventh-hour effort to secure a leadership role in this litigation. The boilerplate Joint Declaration (Dkt. No. 39-4) that the group submitted ostensibly to illustrate the group's adequacy only illustrates the group's ***inadequacy***. Residing in

3

three different states, dispersed across three different time zones, and having attested to no prelitigation relationship whatsoever, the Yao Group's members were obviously introduced by counsel. *See id.* ¶¶ 3-5. The Yao Group's members attest to having first communicated at approximately 3:45 p.m. on June 15—just hours before the expiration of the statutory lead plaintiff motion deadline on that date. *Id.* ¶ 10. Moreover, the group's members attest to having spoken on June 15, 20*20*, not June 15, 20*21*—an obvious error that highlights the slapdash nature of the group's last-minute assemblage and calls into question the group members' diligence in reviewing filings on their behalf. *Id.* None of the Yao Group's individual members has incurred a larger loss than Moath Majed Yousef alone, and even considered in the aggregate, the losses of these three unrelated individuals just barely surpass the losses of the Yousef Brothers, meaning that the group's claim to possessing the "largest financial interest" in this litigation relies entirely upon the artificial aggregation of its unrelated members' losses. Courts in this Judicial District generally decline to assign leadership of PSLRA actions to such groups. *See*, *e.g.*, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008); *Nakamura v. BRF S.A.*, 18-cv-2213 (PKC), 2018 U.S. Dist. LEXIS 110187, at \*6 (S.D.N.Y. July 2, 2018).[2]

For the reasons set forth herein, the Yousef Brothers respectfully submit that their motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### I.   The Yousef Brothers Should Be Appointed Lead Plaintiffs

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise

---

[2] The Sung Group is subject to the same defects as the Yao Group in this respect. However, unlike the Yao Group, the Sung Group does not claim to possess the largest financial interest in this litigation, and this fact alone mandates denial of the Sung Group's motion.

satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representatives are the Yousef Brothers.

> **A.** **The Yousef Brothers Have the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229

F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

No movant seeking appointment as lead plaintiff in the Related Actions has a larger financial interest in the litigation than the Yousef Brothers.  As the chart at p. 2 illustrates, the Yousef Brothers suffered a loss of nearly $435,000 in connection with their Class Period purchases of Romeo securities.  Davison, the movant with the next largest loss, incurred a loss almost $100,000 smaller than that of the Yousef Brothers.  As discussed in detail *infra* at Section II, the Yao Group, the only movant alleging a greater financial interest than the Yousef Brothers, is ineligible for consideration because it is a group of unrelated investors, hastily assembled by counsel for the purposes of aggregating their losses, and thus inadequate under Rule 23.

**B.      The Yousef Brothers Satisfy the Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, the Yousef Brothers have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23.  *See Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94.  First, the Yousef Brothers' claims satisfy the typicality requirement of Rule 23(a)(3) because their claims against Romeo and the other Defendants are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See*, *e.g.*, *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010).  Second, the Yousef Brothers satisfy the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Foley*, 272 F.R.D. at 131; *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at

*6 (S.D.N.Y. Apr. 12, 2018) (same).    Moreover, as family members, the Yousef Brothers constitute exactly the kind of group that courts in this Judicial District routinely appoint as lead plaintiffs. *See*, *e.g.*, *McDermott Int'l*, 2009 U.S. Dist. LEXIS 21539, at *11-*12 ("The members of the Adams Family are not 'unrelated investors' grouped together by their lawyer for purposes of aggregating their losses and obtaining appointment as lead plaintiff.    Thus there is no need for the Adams Family to 'proffer an evidentiary showing that unrelated members of a group will be able to function cohesively.'") (quoting *Varghese*, 589 F. Supp. 2d at 392) (internal citations omitted); *Beckerman v. Ener1 Inc.*, No. 11 Civ. 5794 (PAC), 2012 U.S. Dist. LEXIS 19972, at *12 (S.D.N.Y. Feb. 15, 2012) (finding that lead plaintiff movant groups "composed solely of family members[] present none of the concerns" raised by the appointment of groups consisting of unrelated individuals).

Further demonstrating their adequacy, the Yousef Brothers have submitted a detailed Joint Declaration, in which the two brothers attest to, *inter alia*, their respective backgrounds, their understanding of the significance of their motion, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, and their readiness to undertake those responsibilities on behalf of the Class, including by supervising Pomerantz, their chosen counsel in this action. *See generally* Dkt. No. 43-4.

Finally, as discussed in greater detail below, the Yousef Brothers have further demonstrated their adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

* * * *

Because the Yousef Brothers have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, they are the presumptive "most adequate plaintiffs" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling the Yousef Brothers to appointment as Lead Plaintiffs, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.  The Yao Group Is Inadequate Within the Meaning of Rule 23

Irrespective of its financial interest, the Yao Group cannot trigger the "most adequate plaintiff" presumption because it consists of unrelated investors who appear to have been introduced by counsel merely to aggregate their losses in an effort to secure leadership roles in this litigation.  Courts in this Judicial District routinely deny motions by investor groups that were "assembled as a makeshift by attorneys for the purpose of [securing lead plaintiff appointment]." *Varghese*, 589 F. Supp. 2d at 392.  *See also In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 120 (E.D.N.Y. 2012) ("[o]ne of the primary concerns in adopting the PSLRA was preventing 'the manipulation by class action lawyers of the clients whom they purportedly represent'"); *Galmi v. Teva Pharm. Indus. Ltd.*, 302 F. Supp. 3d 485, 493 (D. Conn. 2017) ("courts look skeptically at whether the grouping operates to circumvent the purposes of the PSLRA.").  As such, a "proposed plaintiff group has the burden of showing that aggregation is appropriate." *Nakamura*, 2018 U.S. Dist. LEXIS 110187, at *6.  *See also Cohen v. Luckin Coffee Inc.*, 1:20-cv-01293-LJL, 2020 U.S. Dist. LEXIS 103647, at *9-*10 (S.D.N.Y. June 12, 2020) (denying motion by a "self-titled 'Group' [that] is in fact a random assemblage of unlike individuals and a company that . . . not only had no pre-existing relationship but apparently did not even know of one another before counsel introduced them."); *Elstein v. Net 1 UEPS Techs., Inc.*, 13 Civ. 9100 (ER), 2014 U.S. Dist. LEXIS

8

100574, at *18 (S.D.N.Y. July 23, 2014) (denying motion by group "despite [movants'] assurances that they are united in their goals and objectives and are willing and able to serve the Class", citing "concern that this group has simply been 'cobbled together' for the purposes of achieving the lead plaintiff designation.").

Here, the Yao Group fails to pass muster. To justify its assemblage, the group submitted a *pro forma* Joint Declaration containing rote recitations to the general effect that their members understand this litigation and are willing to serve together as lead plaintiffs (*see generally* Dkt. No. 39-4), yet rather than demonstrating the group's adequacy, the Joint Declaration only illustrates the group's ***inadequacy***, for the following reasons:

- The Yao Group's Joint Declaration does not describe any pre-litigation relationship between the group's members, who respectively reside in Delaware, Illinois, and California—three different states, each in a different time zone. *Id.* ¶¶ 3-5. The Joint Declaration refers to the group's members "learning of each other" only after contacting counsel (*see id.* ¶¶ 9-10), the only reasonable inference being that the group's members only "learned of each other" because their counsel introduced them to one another.

- The Yao Group's members attest to having communicated with one another "on Tuesday, June 15, 2020, at approximately 3:45 PM EST." *Id.* ¶ 10. This communication—presumably the group members' first and only communication, considering that the Joint Declaration describes no others—occurred just hours before the deadline to seek appointment as Lead Plaintiff in this litigation. Moreover, the attestation that this communication occurred on June 15, 20*20*, rather than 20*21*, is obviously in error. This further highlights the messiness of the group's last-minute orchestration. Moreover, the fact that all three of the group's members signed the Joint Declaration apparently without catching this obvious error raises concerns about the group's capacity to diligently review submissions made on their behalf, despite their attestation to being prepared "to actively manage [this litigation] including reviewing documents." *Id.* ¶ 13.

- The Yao Group's claim to having the "largest financial interest" in this litigation depends entirely upon their artificial aggregation. Collectively, the three group members have alleged a loss that exceeds that of the Yousef Brothers by less than $10,000. Considered separately, none of the group's members has alleged a larger loss than Moath Majed Yousef.

In short, the Yao Group consists of unrelated individuals, hastily assembled by counsel just hours before the expiration of the lead plaintiff motion deadline for the sole purpose of assembling the "largest financial interest" in this litigation.  This is precisely the type of attorney-orchestrated assemblage that courts in the Second Circuit decline to appoint to lead securities class actions, finding that doing so would undermine the PSLRA's goal of curbing lawyer-driven litigation, and as such it is inadequate under Rule 23.

### III.    The Yousef Brothers' Selection Of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese*, 589 F. Supp. 2d at 398).

Here, the Yousef Brothers have selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  In 2018 alone, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade—and an $80 million settlement on behalf of Yahoo Inc. investors.  *See* Dkt. No. 43-5.  More recently, Pomerantz, as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, reached a $110 million settlement with the company.  *Id.*  Thus, the Court may be assured that by approving the selection of counsel by the Yousef Brothers, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Yousef Brothers respectfully request that the Court grant their motion in its entirety and deny the competing motions.

Dated:  June 28, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Moatassem Yousef and Moath Majed Yousef and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Moatassem Yousef and Moath Majed Yousef*

11