**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVIS NICHOLS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, <br><br> Defendants. | Case No.: 1:21-cv-03362-LGS <br><br> Hon. Lorna G. Schofield |
| VICTOR J. TONER, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK, <br><br> Defendants. | Case No.: 1:21-cv-04058-LGS <br><br> Hon. Lorna G. Schofield |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF CAMERON LONGAN, ANH NGUYEN, AND XIANKANG YAO'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS**

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     ARGUMENT............................................................................................................. 3

    A.    The PSLRA Process for Selecting a Lead Plaintiff. ......................................... 3

    B.    Movants Possess the Largest Financial Interest................................................ 5

    C.    Movants Satisfy the Typicality and Adequacy Requirements. ........................ 6

    D.    No Proof Exists to Rebut the Presumption in Favor of Movants' Appointment as
Co-Lead Plaintiffs. ......................................................................................... 9

    E.    Messrs. Yao, Longan, and Nguyen's Choice of Counsel Should be Approved. ........... 10

III.    CONCLUSION........................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atanasio v. Tenaris S.A.*,
    331 F.R.D. 21 (E.D.N.Y. 2019) ............................................................................................... 5

*Bhojwani v. Pistiolis,*
    2007 U.S. Dist. LEXIS 96246 (S.D.N.Y. July 30, 2007) ...................................................... 5

*Burnham v. Qutoutiao Inc.*,
    20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020)...................... 7

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ................................................................................................. 6

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)................................................................................................... 8

*Chahal v. Credit Suisse Grp. AG*,
    No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)..... 10

*China Agritech, Inc. v. Resh*,
    138 S. Ct. 1800 (2018)............................................................................................................ 8

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992)................................................................................................... 4

*In re eSpeed, Inc. Securities Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ..................................................................................... 2, 3, 5

*In re Facebook, Inc.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................. 9

*Goldstein v. Puda Coal, Inc.*,
    827 F. Supp. 2d 348 (S.D.N.Y. 2011)................................................................................... 2

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................ 4

*Kasilingam v. Tilray, Inc.*,
    1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020)................... 3

*Maliarov v. Eros Int'l PLC*,
    No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082 (S.D.N.Y. Apr. 5, 2016)............... 10

*Marsch v. Feng,*
    No. 12 Civ. 9456 (JSR), 2013 U.S. Dist. LEXIS 89853 (S.D.N.Y. June 12, 2013)................. 7

*Mustafin v. Greensky, Inc.*,
   No. 18 Civ. 11071 (PAE), 2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Oct. 30, 2019) ...... 8

*Omdahl v. Farfetch Ltd.*,
   No. 19-cv-8657-AJN, 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020)................... 4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................... 4

*Plaut v. Goldman Sachs Grp., Inc.*,
   2019 U.S. Dist. LEXIS 160255 (S.D.N.Y. Sept. 19, 2019)...................................... 5

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)................................................................ 7, 8

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ...................................................................... 6

*Rosi v. Alcaris Therapeutics, Inc.*,
   No. 19-CV-7118 (LTS) (JLC), 2019 U.S. Dist. LEXIS 192910 (S.D.N.Y. Nov. 6, 2019).. 3, 9

*Salinger v. Sarepta Therapeutics, Inc.*,
   No. 19-CV-8122-VSB, 2019 U.S. Dist. LEXIS 218248 (S.D.N.Y. Dec. 17, 2019) ................ 4

*In re Sequans Commun. S.A. Securities Litig.*,
   289 F. Supp. 3d 416 (E.D.N.Y. 2018) .............................................................. 8

*Simco v. Aegean Marine Petroleum Network Inc.*,
   18-CV-4993-NRB, 2018 U.S. Dist. LEXIS 241261 (S.D.N.Y. Oct. 30, 2018) ....................... 3

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ..................................................................... 7

*Stitt v. On Deck Capital, Inc.*,
   No. 15 Civ. 6126 (AT), 2016 U.S. Dist. LEXIS 30507 (S.D.N.Y. Feb. 17, 2016) ................ 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)............................................................... 8

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006) .............. 3, 6

*White Pine Investments v. CVR Refining, LP*,
   20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)............................ 8

*Xu v. Gridsum Holding, LLC*,
   No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497 (S.D.N.Y. Sep. 17, 2018) ................ 7

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... passim

**Rules**

FED. R. CIV. P. 23.................................................................................................... passim

Cameron Longan, Anh Nguyen, and Xiankang Yao ("Movants" or "Messrs. Yao, Longan, and Nguyen")) respectfully submit this memorandum of law in further support of their motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint them as co-lead plaintiffs, and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and in opposition to the competing motions.

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    PRELIMINARY STATEMENT

The Court should grant Messrs. Yao, Longan, and Nguyen's motion for lead plaintiff. With losses over $444,793, they possess the largest financial interest in the litigation relative to the other competing movants currently before the Court. Moreover, Messrs. Yao, Longan, and Nguyen satisfy the typicality and adequacy requirements of Rule 23 and the PSLRA by virtue of having suffered losses in the same way as the members of the Class, having no conflicts of interest with

Class members, and having retained experienced and competent counsel to litigate the Actions. Accordingly, Movants are the statutorily presumed lead plaintiffs for this matter and no indicia— let alone proof—of inadequacy exists, belying any argument to the contrary.

Specifically, Movants have the largest financial interest pursuant to the "last-in-first-out" ("LIFO") accounting methodology preferred in this Circuit and as specified by this Court to provide in this memorandum. *See* ECF No. 50; *In re eSpeed, Inc. Securities Litig.,* 232 F.R.D. 95, 101 (S.D.N.Y. 2005) ("more recently, courts have preferred LIFO"). Movants are likewise adequate because they are a small, cohesive group of like-minded and sophisticated investors whose interests are perfectly aligned with the proposed Class's interests to maximize a recovery as a result of the alleged fraud. The PSLRA expressly allows small, cohesive groups of this very kind to serve as lead plaintiffs. *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (holding that the PSLRA expressly permits a group of persons to be appointed lead plaintiff "so long as the group is relatively small and therefore presumptively cohesive.") With their motion, Movants submitted sworn declarations demonstrating the level of sophistication of each of its three members, and each member's understanding and commitment to work together to undertake the responsibilities of Lead Plaintiff, which includes managing and overseeing counsel to ensure the efficient and effective prosecution of these Actions.  ECF No. 39-1 at ¶¶ 4-8.

For these reasons, Movants are entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); This strong presumption can only be rebutted with "proof" that Movants are somehow inadequate or atypical. No such proof exists here.

Accordingly, the Court should grant Messrs. Yao, Longan, and Nguyen's motion in its entirety and deny all other competing lead plaintiff motions.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff.

The PSLRA creates a strong presumption that the lead plaintiff is the "person or ***group of persons***" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added); *see also Rosi v. Alcaris Therapeutics, Inc.,* No. 19-CV-7118 (LTS) (JLC), 2019 U.S. Dist. LEXIS 192910, at \*6 (S.D.N.Y. Nov. 6, 2019). Accordingly, in assessing the competing movants here, the Court must first look to each movant's financial interest. The predominant method for calculating financial interest in this Circuit is to calculate each movant's approximate losses under the LIFO accounting methodology. *eSpeed,* 232 F.R.D. at 101; *Simco v. Aegean Marine Petroleum Network Inc.*, 18-CV-4993-NRB, 2018 U.S. Dist. LEXIS 241261, at \*9 (S.D.N.Y. Oct. 30, 2018) ("[i]n calculating losses, courts in this district have a "very strong preference" for the "last-in, first-out" ("LIFO") method"). A movants approximate loss is the most important factor and should be used to determine a lead plaintiff movant's financial interest. *See Weiss v. Friedman, Billings, Ramsey Grp., Inc.,* No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at \*13 (S.D.N.Y. Jan. 24, 2006).

Once the movant with the largest financial interest has been established, the Court must next look to whether that movant, and that movant alone, satisfies *prima facie* adequacy and typicality under Rule 23. *Kasilingam v. Tilray, Inc*., 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at \*6 (S.D.N.Y. Aug. 6, 2020) ("[o]nce ... the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."). Only a preliminary showing of the typicality and adequacy requirements are needed at the lead plaintiff stage. *Varghese v.*

*China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008) ("At this stage in the litigation, a *prima facie* showing that the requirements of Rule 23 are met is sufficient").

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122-VSB, 2019 U.S. Dist. LEXIS 218248, at *7 (S.D.N.Y. Dec. 17, 2019)*; In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

A lead plaintiff satisfies the adequacy requirement of Rule 23 by showing that: (1) his chosen counsel is qualified to represent the class; (2) there is no conflict between the lead plaintiff and the class they seek to represent; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *Omdahl v. Farfetch Ltd.,* No. 19-cv-8657-AJN, 2020 U.S. Dist. LEXIS 103935, at *9 (S.D.N.Y. June 10, 2020); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).

The "strong presumption" in favor of appointing the movant with the largest financial interest can only be rebutted by actual proof that the presumptive lead plaintiff is somehow atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Omdahl,* 2020 U.S. Dist. LEXIS 103935, at *6 ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

### B.   Movants Possess the Largest Financial Interest.

Movants have the largest financial interest of any competing movant in the Actions by over $9,854.64. In determining the movant, or group of movants, with the largest financial interest the most important factor is approximate losses, which courts in this Circuit prefer to calculate using the LIFO methodology. *See* 15 U.S.C. § 78u-4; *eSpeed*, 232 F.R.D at 101; *see also Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019). Movants indisputably have the largest financial interest using the LIFO accounting methodology:

| Movant | LIFO Loss[1] |
|---|---|
| Xiankang Yao | $184,826.23 |
| Cameron Longan | $176,534.69 |
| Anh Nguyen | $83,432.72 |
| **Movants Total Losses** | **$444,793.64** |
|  |  |
| Moath Majed Yousef | $313,041 |
| Moatassem Yousef | $121,898 |
| **Yousefs' Total Losses** | **$434,939.00** |
|  |  |
| **Dale Davison** | **$339,653.08[2]** |
|  |  |

---

[1] Losses in this chart are from the respective lead plaintiff movants filed calculation charts provided in their opening motions. Not all movants specified the calculation method used to calculate their loss.

[2] Movants are unable to confirm Davison's loss calculation as he included in both his certification and loss analysis, a purchase of 11,000 RMO shares on ***December 22, 2021***, a date that has yet occurred. *See* ECF Nos. 36-1, 36-2. This is a clear oversight and reflects "a certain carelessness about detail that undermines [Davison's] adequacy". *Bhojwani v. Pistiolis,* 2007 U.S. Dist. LEXIS 96246, at *13 (S.D.N.Y. July 30, 2007) (McMahon, J.); *see also Plaut v. Goldman Sachs Grp., Inc.,* 2019 U.S. Dist. LEXIS 160255, at *15 (S.D.N.Y. Sept. 19, 2019) (rejecting movant claiming the largest financial interest due to, *inter alia*, incorrect certification).

| | |
|---|---|
| Sion Sung | $98,541.45 |
| Travis Nichols | $78,192.31 |
| Daniel Theriault | $60,511.69 |
| **RMG-Romeo Investor Group** | **$237,245.43** |
| | |
| **Mike Castleberg** | **$204,476.36** |
| | |
| **Anthony Farah** | **$197,627.14** |
| | |
| **Humana Blanouni** | **$96,738.65** |

Courts in this circuit and around the country, universally acknowledge that loss suffered is the most important factor in determining the "largest financial interest" under the PSLRA and the $9.854.64 difference between Movants and the Yousefs is determinative. *See, e.g., Stitt v. On Deck Capital, Inc.,* No. 15 Civ. 6126 (AT), 2016 U.S. Dist. LEXIS 30507, at *7 (S.D.N.Y. Feb. 17, 2016) (concluding that "the movant's approximate loss" should determine financial interest); *Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest"). "[T]he best yardstick by which to judge 'largest financial interest' is the *amount of loss, period*." *Weiss,* 2006 U.S. Dist. LEXIS 3028, at *13 (internal citations omitted).

The financial interest inquiry starts and ends with the Movants. Accordingly, Movants are entitled to the presumption of the "most adequate plaintiff".

### C.    Movants Satisfy the Typicality and Adequacy Requirements.

Once the movant with the largest financial interest has been established – here, Movants – the Court must next assess whether that movant, and that movant alone, has satisfied *prima facie* Rule 23 typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[s]o long

6

as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."). Moreover, it is well established that the district court's consideration of adequacy and typicality is not a "beauty contest" amongst the movants. *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("[o]nce the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'")

Movants easily satisfy the typicality requirement of Rule 23. Their claims are typical of those of other Class members because, like other Class members, Movants purchased Romeo securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Actions. The Movants suffered substantial losses as a result of the alleged fraud in the Actions. Moreover, the Movants' claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *Reitan v. China Mobile Games & Entm't Grp., Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *11 (S.D.N.Y. Sep. 17, 2018) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

Movants have also demonstrated their adequacy to serve as Co-Lead Plaintiffs in the Actions. First, Movants have the largest financial interest in the Actions. This will ensure their vigorous and adequate prosecution of the Class's claims. *Burnham v. Qutoutiao Inc.*, 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *7-8 (S.D.N.Y. Nov. 4, 2020); *see also Marsch v. Feng,* No. 12 Civ. 9456 (JSR), 2013 U.S. Dist. LEXIS 89853, at *5 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the

class."). Second, Movants have no conflicts with other Class Members. Indeed, their interests are perfectly aligned with the Class's interests of maximizing a recovery for the Class due to the alleged fraud in the Actions. *Reitan,* 68 F. Supp. 3d at 400.

Third, Movants are a permissible group of shareholders who will adequately represent the Class. "The majority of courts permit unrelated investors to join together as a group, and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class." *In re Sequans Commun. S.A. Securities Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018) (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)); *Mustafin v. Greensky, Inc.,* No. 18 Civ. 11071 (PAE), 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Oct. 30, 2019) (group of three investors that submitted a joint declaration was "presumptively cohesive" due to its small size); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff.").

Movants have demonstrated their adequacy by submitting a joint declaration attesting that each movant is a sophisticated investor, knowledgeable about the litigation, and committed to working together as Co-Lead Plaintiffs to protect the interests of the Class. *See White Pine Investments v. CVR Refining, LP*, 20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *3 (S.D.N.Y. Jan. 5, 2021). As set forth in the Joint Declaration submitted with their motion, Movants acknowledge that each movant understands the obligations of a lead plaintiff under the PSLRA and plans to prosecute these Actions efficiently. *See* ECF No. 39-4 ¶¶ 10-12. Movants' Joint Declaration makes clear that Mr. Yao, Mr. Longan, and Mr. Nguyen are all educated investors with collective investing experience of more than 24 years. *Id*. at ¶¶ 3-5. The Joint Declaration

8

also informs the court that this is the first time that any of the Movants pursued a lead plaintiff position and as such they wanted to collaborate with other Romeo investors who suffered large losses in pursuing the claims alleged in the Actions. *Id*. at ¶ 6.

Moreover, Movants communicated with one another prior to the filing of their Motion regarding the (i) facts and the merits of the claims alleged in these Actions; (ii) the strategy for the prosecution of these Actions; (iii) mechanisms to efficiently and effectively oversee counsel and manage these Actions; (iv) the losses each movant suffered as a result of the alleged fraud; (v) their different backgrounds; (vi) their commitment to and interest in serving as Co-Lead Plaintiffs; and (iv) strategies to stay in communication with one another throughout the litigation.  *Id.* at ¶ 10. Movants also established methods to communicate with one another and a robust decision-making procedure. *Id.* at ¶¶ 13-14.

Finally, Movants have demonstrated their adequacy by selecting qualified counsel with substantial experience litigating securities class actions. *See* ECF No. 37; *Rosi,* 2019 U.S. Dist. LEXIS 192910, at *9-10 (the adequacy requirement is satisfied where "class counsel is qualified, experienced, and generally able to conduct the litigation.")

### D.      No Proof Exists to Rebut the Presumption in Favor of Movants' Appointment as Co-Lead Plaintiffs.

Having demonstrated that Movants are the presumptive Lead Plaintiff in the Actions, that strong presumption can be rebutted only with ***proof*** that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., 288* F.R.D. 26, 40 (S.D.N.Y. 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). Movants have no conflicts with the members of the class and are motivated to recover the heavy losses they suffered. Moreover, as a

small and cohesive group of only three sophisticated investors, the presumption in favor of Movants cannot be rebutted. *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at \*18 (S.D.N.Y. June 21, 2018) (presumption not rebutted where group members are sophisticated, where group chose counsel and not vice versa, and where joint declaration shows commitment to litigation and plans to cooperate).

> **E.     Messrs. Yao, Longan, and Nguyen's Choice of Counsel Should be Approved.**

The Court should also approve Movants' selection of Levi & Korsinsky as lead counsel for the putative class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). There is a strong presumption in favor of approving "a properly-selected lead plaintiff's decision as to counsel." *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082, at \*20 (S.D.N.Y. Apr. 5, 2016) (internal citations omitted). The attorneys at Levi & Korsinsky are highly experienced in securities and class action litigation and will prosecute the Actions effectively and expeditiously.

## III.     CONCLUSION

Based on the foregoing, Messrs. Yao, Longan, and Nguyen respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movants as Co-Lead Plaintiffs, (3) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: June 28, 2021                          Respectfully Submitted,

                                              **LEVI & KORSINSKY, LLP**

                                              By:  /s/ *Shannon L. Hopkins*
                                              Shannon L. Hopkins (SH-1887)
                                              Nicholas I. Porritt
                                              Adam M. Apton
                                              55 Broadway, 10th Floor
                                              New York, NY 10006
                                              Tel: (212) 363-7500
                                              Fax: (212) 363-7171
                                              Email: shopkins@zlk.com
                                              Email: nporritt@zlk.com
                                              Email: aapton@zlk.com

                                              *Lead Counsel for Cameron Longan, Anh*
                                              *Nguyen, and Xiankang Yao, and [Proposed]*
                                              *Lead Counsel for the Class*

11