## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVIS NICHOLS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO POWER INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK,<br><br>Defendants. | Case No. 1:21-cv-03362-LGS |
| VICTOR J. TONER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO POWER, INC. (f/k/a RMG ACQUISITION CORP.), LIONEL E. SELWOOD, JR., LAUREN WEBB, ROBERT S. MANCINI, PHILIP KASSIN, D. JAMES CARPENTER, STEVEN P. BUFFONE, W. GRANT GREGORY, W. THADDEUS MILLER, and CRAIG BRODERICK,<br><br>Defendants. | Case No. 1:21-cv-04058-LGS |

**MIKE CASTLEBERG'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>**

TABLE OF CONTENTS

I. INTRODUCTION ......................................................................................................1

II. THE PSLRA MANDATED PROCEDURE FOR APPOINTING A LEAD PLAINTIFF .3

III. THE TWO GROUPS OF UNRELATED INVESTORS SHOULD BE DISQUALIFIED BECAUSE THEY ARE COBBLED TOGETHER BY THEIR LAWYERS .....................3

IV. THE YOUSEF BROTHERS SHOULD BE DISQUALIFIED BECAUSE THEY ARE SUBJECT TO UNIQUE LOSS CAUSATION DEFENSES ...............................................5

V. DAVISON SHOULD BE DISQUALIFIED BECAUSE HE SUBMITTED A FALSE CERTIFICATION ...................................................................................................6

VI. CASTLEBERG IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF.............7

VII. THE PRESUMPTION THAT CASTLEBERG IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED.......................................................................................9

VIII. CASTLEBERG'S SELECTION OF COUNSEL SHOULD BE APPROVED ................10

IX. CONCLUSION .....................................................................................................10

**<u>CASES</u>**

*Bensley v. FalconStor Software, Inc.*,
  277 F.R.D. 231 (E.D.N.Y. 2011)......................................................................................5

*Chauhan v. Intercept Pharms.*,
  No. 21-cv-00036, 2021 WL 235890 (S.D.N.Y. Jan. 25, 2021)......................................4

*Cohen v. Luckin Coffee Inc.*,
  No. 20-cv-01293, 2020 WL 3127808 (S.D.N.Y. June 12, 2020)...................................4

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) ......................................................................................................5

*Hung v. iDreamSky Tech. Ltd.*,
  No. 15-cv-2514, 2016 WL 299034 (S.D.N.Y. Jan. 25, 2016)......................................10

*IBEW Local 90 Pension Fund v. Deutsche Bank AG*,
  No. 11 Civ. 4209(KBF), 2013 WL 5815472 (S.D.N.Y. Oct. 29, 2013)........................5

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ..........................................................................................4

*In re Donnkenny Inc. Sec. Litig.*,
  171 F.R.D. 156 (S.D.N.Y. 1997)...................................................................................4

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005).....................................................................................8

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  574 F.3d 29 (2d Cir. 2009) ............................................................................................5

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008)...................................................................................8

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
  No. 14-cv-10020, 2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) .................................7

*In re Hebron Tech. Co., Ltd. Sec. Litig.*,
  20-cv-4420-PAE, 2020 WL 5548856 (S.D.N.Y. Sept. 16, 2020) .................................6

*Jakobsen v. Aphria, Inc.*,
  No. 18-cv-11376, 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) .................................4

*Karp v. Diebold Nixdorf, Inc.*,
  No. 19-cv-6180, 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ................................................7

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ....................................................................................4

*Micholle v. Ophthotech Corporation*,
  No. 17-cv-210, 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ................................................6

*Nager v. Websecure, Inc.*,
  No. 97-cv-10662, 1997 WL 773717 (D. Mass. Nov. 26, 1997)...............................................7

*Sallustro v. CannaVest Corp.*,
  93 F. Supp. 3d 265 (S.D.N.Y. 2015) ......................................................................................8

*Takara Tr. v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005) .............................................................................................8

*Tomaszewski v. Trevena, Inc.*,
  383 F. Supp. 3d 409 (E.D. Pa. 2019).....................................................................................7

*Topping v. Deloitte Touche Tohmatsu CPA*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015) ....................................................................................10

*Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009).............................................................................................9

## <u>STATUTES</u>

15 U.S.C. § 78u-4(a)(3)(B)...................................................................................*passim*

## <u>RULES</u>

Fed. R. Civ. P. 23.................................................................................................3, 5

Lead Plaintiff Movant Mike Castleberg ("Castleberg") submits this memorandum of law in opposition to the six competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 24, 30, 34, 37, 40, 45).[1]

## I. INTRODUCTION

Four individuals and three groups filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Castleberg (Dkt. No. 25); Moatassem Yousef and Moath Majed Yousef (the "Yousef Brothers") (Dkt. No. 43); Dale Davison ("Davison") (Dkt. No. 34); Cameron Longan, Anh Nguyen, and Xiankang Yao, an unrelated group of individuals (the "Longan/Nguyen/Xiankang Group") (Dkt. No. 37); Travis Nichols, Sion Sung, and Daniel Theriaul, another unrelated group of individuals, self-styled the "RMG-Romeo Investor Group" (Dkt. No. 30); Anthony Farah ("Farah") (Dkt. No. 24); and Humam Bianouni ("Bianouni") (Dkt. No. 45).

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified.

---

[1] No movant opposes consolidation. As such only appointment of lead plaintiff and approval of lead counsel are addressed herein.

Here, the Longan/Nguyen/Xiankang Group, the RMG-Romeo Investor Group, the Yousef Brothers, and Davison all claim to have a larger loss (and therefore a larger financial interest) than Castleberg. However, each of these movants has fatal flaws. First, the Longan/Nguyen/Xiankang Group and the RMG-Romeo Investor Group are groups of unrelated investors, cobbled together by their counsel. Numerous courts have disqualified similar groups from consideration on the basis that they would be inadequate class representatives. The same result is warranted here. Second, while the Yousef brothers are a proper "group," they sold all but one of their shares before the end of the class period. As such, they are "in-and-out purchasers," subject to the unique defense that the fraud alleged in this action did not "cause" their losses. This issue will become a distraction at class certification and trial. As such, the Yousef brothers should be disqualified from consideration. Third, Davison should be disqualified from consideration because he submitted a false certification. Courts routinely disqualify movants on this basis. For these reasons, and because Castleberg has a larger loss than the two remaining movants,[2] Castleberg is the presumptively most adequate plaintiff.

Since Castleberg is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Castleberg should be appointed lead plaintiff, and his selection of lead counsel should be approved.[3]

---

[2] In fact, the two other movants have thrown in the towel. Farah filed a notice informing the Court that he does not oppose the competing motions, and Bianouni withdrew his motion. *See* Dkt. Nos. 51, 52.

[3] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II. THE PSLRA MANDATED PROCEDURE FOR APPOINTING A LEAD PLAINTIFF

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as explained below, Castleberg is the presumptively most adequate plaintiff because Castleberg filed a lead plaintiff motion in response to a notice, has a larger financial interest than the competing *bona fide* lead plaintiff movants, and satisfies the requirements of Rule 23. Since no other movant can rebut this presumption, Castleberg should be appointed as lead plaintiff.

## III. THE TWO GROUPS OF UNRELATED INVESTORS SHOULD BE DISQUALIFIED BECAUSE THEY ARE COBBLED TOGETHER BY THEIR LAWYERS

The members of the Longan/Nguyen/Xiankang Group and the RMG-Romeo Investor Group appear to have, respectively, no pre-existing relationship, and have been cobbled together by their lawyers. *See* Dkt. No. 39 (Joint Declaration of the Longan/Nguyen/Xiankang Group, not identifying a pre-litigation relationship); Dkt. No. 33-3 (Joint Declaration of the RMG-Romeo Investor Group, not identifying a pre-litigation relationship).

Courts routinely disqualify such groups from consideration on the basis that they would be inadequate class representatives. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If . . . a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner."); *Cohen v. Luckin Coffee Inc.*, No. 20-cv-01293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (rejecting a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not even know of one another before counsel introduced them"); *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) ("A proposed plaintiff group cannot be appointed lead plaintiff if it was assembled as makeshift by attorneys to claim the greatest financial interest in the litigation."). Courts will even disqualify such groups irrespective of the losses of the individual members. *See, e.g.*, *Chauhan v. Intercept Pharms.*, No. 21-cv-00036, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021) (disqualifying a group of two even when "each of them ha[d] a larger loss than the other movants" because "at the time they decided to form the group and submit their application . . . they had no idea who the other movants would be or the size of their losses").

For these reasons, the Longan/Nguyen/Xiankang Group and the RMG-Romeo Investor Group should be disqualified from consideration as inadequate.[4]

---

[4] At the very least, such groups should not be permitted to aggregate their losses to leapfrog over other more qualified lead plaintiff candidates. *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation. Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 534 (S.D.N.Y. 2015) (declining to aggregate a group's losses because "[n]othing before this Court indicates that these random cumulations of plaintiffs are anything more than an effort to achieve the highest possible 'financial interest' figure") (citation omitted).

**IV.    THE YOUSEF BROTHERS SHOULD BE DISQUALIFIED BECAUSE THEY ARE SUBJECT TO UNIQUE LOSS CAUSATION DEFENSES**

It appears that the Yousef Brothers sold all but one of their shares before the March 30, 2021 corrective disclosure at the end of the class period. *See* Dkt. No. 12 ¶ 50. Moath Majed sold all his shares except for one on March 25, 2021, five days before the end of the class period, and Moatassem sold all his shares on the last day of the class period, March 30, 2021. *See* Dkt. No. 43-1 (Yousef Brothers' Loss Chart).

The Supreme Court has held that damages associated with shares purchased and sold before a corrective disclosure are not recoverable for want of loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) ("Shares are normally purchased with an eye toward a later sale. But if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."). On this basis, courts have disqualified "in-and-out" traders from consideration. *See IBEW Local 90 Pension Fund v. Deutsche Bank AG*, No. 11 Civ. 4209(KBF), 2013 WL 5815472, at *19 (S.D.N.Y. Oct. 29, 2013) (proposed class representatives can fail to meet "the typicality requirement for Rule 23" if "they [are] subject to unique defenses as a result of having been 'in and out' purchasers") (collecting cases); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) ("[I]n-and-out traders will [not] even 'conceivably' be able to prove loss causation as a matter of law . . . therefore [they] should not have been included in the certified class."); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("the Fund has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation").

The defendants in this action are sure to raise this loss causation defense against the Yousef Brothers at class certification and trial. To disqualify the Yousef Brothers at this stage, "the Court need not conclude that [this] defense is likely to or will succeed." *In re Hebron Tech. Co., Ltd.*

*Sec. Litig.*, No. 20-cv-4420-PAE, 2020 WL 5548856, at \*7 (S.D.N.Y. Sept. 16, 2020) (citation omitted). Only the "potential" that the Yousef Brothers are "subject to unique defenses" is necessary to disqualify them. *Id.* (citation omitted).

Since the Yousef Brothers are subject to unique loss causation defenses, they should be disqualified from consideration.[5]

## V.      DAVISON SHOULD BE DISQUALIFIED BECAUSE HE SUBMITTED A FALSE CERTIFICATION

Davison submitted a false certification with his lead plaintiff motion. *See* Dkt. No. 63-1 (Davison's PSLRA Certification). Davison certified, under penalty of perjury, only two transactions—one of which was a purchase of 11,000 shares for $21.2482 per share on ***December 22, 2021***, a date approximately six months in the future. It is unclear when this transaction took place. If Davison simply entered "2021" rather than "2020," that too would not make sense. The daily low trading price on December 22, 2020, was $24.75, which is approximately $3.50 more than Davison paid.[6]

Courts routinely deny the lead plaintiff motions of movants that submit erroneous certifications. *See Micholle v. Ophthotech Corporation*, No. 17-cv-210, 2018 WL 1307285, at \*9

---

[5] While Moatassem Yousef might try to claim his sales on March 30, 2021 occurred after the corrective disclosure, this does not appear to be the case and he is subject to unique defenses regardless. The corrective disclosure in this action occurred after the market closed on March 30, 2021. *See* Dkt. No. 12 ¶ 50. Moatassem claims his sales on March 30, 2021, were made "after hours" for $10.00 per share. *See* Dkt. No. 43-1 (footnote "\*\*"). It appears based on this price that the shares were sold before the corrective disclosure. *See* Dkt. No. 12 ¶ 52 (alleging a price decline to $8.33 following the disclosure). However, the Court need not resolve this factual issue at this stage since the issue itself demonstrates that the Yousef Brothers are subject to unique defenses. *See Hebron*, 2020 WL 5548856, at \*8 (disqualifying movant in part because there was a "dispute" as to "whether [he] made his purchase before or after the [corrective disclosure]" and the issue would "'divert attention from the substance of the basic claim' and needlessly imperil the claims of the class") (citation omitted).

[6] Historical price data is available at https://finance.yahoo.com/quote/RMO/history (last visited June 28, 2021).

(S.D.N.Y. Mar. 13, 2018) (holding date and pricing errors in a movant's submission "militate against appointment and render him inadequate to serve as lead plaintiff"); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14-cv-10020, 2015 WL 1345931, at \*3 (S.D.N.Y. Mar. 19, 2015) (rejecting a movant in part because "publicly available trading data confirms the discrepancies" in the movant's submission); *Karp v. Diebold Nixdorf, Inc.*, No. 19-cv-6180, 2019 WL 5587148, at \*6 (S.D.N.Y. Oct. 30, 2019) ("The Court thus finds that the errors in the Aroras' submissions further militate against appointment and render them inadequate to serve as lead plaintiff.") (internal quotation marks and brackets omitted); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) ("[E]rrors in Erenoglu's sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class."); *Nager v. Websecure, Inc.*, No. 97-cv-10662, 1997 WL 773717, at \*1 (D. Mass. Nov. 26, 1997) ("The inaccuracy may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff."). The same result is warranted with respect to Davison, here.

## VI. CASTLEBERG IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

Since the Longan/Nguyen/Xiankang Group, the RMG-Romeo Investor Group, the Yousef Brothers, and Davison are all eliminated from consideration, Castleberg is the presumptively most adequate plaintiff. Castleberg satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Castleberg filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 25. Castleberg also demonstrated that he satisfies the typicality and adequacy requirements of Rule 23 in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 26 at 7-8. Further, as explained *infra*, Castleberg has the largest financial interest of the *bona fide* movants.

To assess financial interest, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008); *see also Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015) (collecting cases). Losses suffered is the most important factor. *See Fuwei Films*, 247 F.R.D. at 437. In fact, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Most courts use the last-in, first-out ("LIFO") method to calculate losses, and this Court has adopted the LIFO method, here. *See* Dkt. No. 50; *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005). LIFO is preferred because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id*. at 101.

Castleberg has the largest LIFO loss of the *bona fide* movants:[7]

[Chart on Next Page]

---

[7] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions. The loss figures in this chart may differ slightly from the figures provided in the movants' loss charts because the figures in this chart are normalized using the same 90-day average price (March 31, 2021, to June 14, 2021) to value losses on retained shares.

| Movant | LIFO Loss |
|---|---|
| ~~Longan/Nguyen/Xiankang Group~~ | ~~$483,933.23~~ |
| ~~*Ahn Nguyen*~~ | ~~*$83,432.72*~~ |
| ~~*Xiankang Yao*~~ | ~~*$223,965.82*~~ |
| ~~*Cameron Longan*~~ | ~~*$176,534.69*~~ |
| ~~Yousef Brothers~~ | ~~$434,939.31~~ |
| ~~*Moatassem Yousef*~~ | ~~*$121,898.29*~~ |
| ~~*Moath Majed Yousef*~~ | ~~*$313,041.02*~~ |
| ~~Dale Davison~~ | ~~$339,653.08~~ |
| ~~RMG-Romeo Investor Group~~ | ~~$235,948.04~~ |
| ~~*Daniel Theriault*~~ | ~~*$60,518.30*~~ |
| ~~*Sion Sung*~~ | ~~*$97,227.81*~~ |
| ~~*Travis Nichols*~~ | ~~*$78,201.93*~~ |
| Mike Castleberg | $204,476.36 |
| Anthony Farah | $197,151.91 |
| Humam Bianouni | $96,776.38 |

Accordingly, Castleberg has the largest financial interest in the relief sought by the class of the remaining movants. Since Castleberg also filed a timely motion and made the required preliminary showing of his adequacy and typicality, Castleberg is the presumptively most adequate plaintiff.

**VII.  THE PRESUMPTION THAT CASTLEBERG IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Castleberg would be inadequate or subject to unique defenses. As such, Castleberg should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

**VIII.  CASTLEBERG'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, Castleberg's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 28-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Castleberg's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. *See Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514, 2016 WL 299034, at *6 (S.D.N.Y. Jan. 25, 2016) (approving Glancy Prongay & Murray LLP as lead counsel). Accordingly, Castleberg's selection of lead counsel for the class should be approved.

**IX.  CONCLUSION**

For the foregoing reasons, Castleberg respectfully requests that the Court grant his motion and enter an Order: (1) appointing Castleberg as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: June 28, 2021                    **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Mike Castleberg and Proposed Lead
Counsel for the Class*


**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On June 28, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 28, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh