L7FsNICc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

TRAVIS NICHOLS, et al.,

                Plaintiffs,

            v.                        21 Civ. 3362 (LGS)

ROMEO POWER, INC., et al.,

                Defendants.

------------------------------x
                                    New York, N.Y.
                                    July 15, 2021
                                    11:30 a.m.

Before:

                HON. LORNA G. SCHOFIELD,

                                    District Judge

                        APPEARANCES

KAPLAN FOX & KILSHEIMER LLP
     Attorneys for Plaintiff Travis Nichols
BY:  JEFFREY P. CAMPISI

POMERANTZ LLP
     Attorneys for Plaintiff Victor J. Toner
BY:  JOSEPH A. HOOD II

LATHAM & WATKINS
     Attorneys for Defendant Romeo Power, et al.
BY:  JASON C. HEGT

GLANCY PRONGAY & MURRAY LLP
     Attorneys for Defendant Mike Castleberg
BY:  CHARLES H. LINEHAN
     GREGORY B. LINKH

HAGENS BERMAN SOBOL SHAPIRO LLP
     Attorneys for Defendant Dale Davison
BY:  NATHANIEL TARNOR

L7FsNICc

(The Court and all parties appearing telephonically)

THE COURT:  Good morning.  Apologies for the delay. Prior matters went a little longer than I anticipated.

I have your various motions.  I have motions for consolidation and motions for appointment of lead plaintiff and lead counsel.  I'm prepared to rule on them and I am not planning to hear any argument.  I certainly hope, if you heard the last case, that you do not take that as precedent or example for how counsel should behave in court, whether remotely or otherwise.

Let me give you my ruling.  We are here, as I said, in two matters.  One is Nichols v. Romeo Power, Inc.  That's 21 CV 3362 and the other is Toner v. Romeo Power, Inc., 21 CV 4058.  And as I mentioned, what I'm ruling on is the issue of consolidation of those two actions and appointment of lead plaintiff and lead counsel for the consolidated action.

What I'm just going to ask my deputy is, if you could please provide the court reporter, if you haven't already, with notes of my ruling just to help with case citations and names.

THE DEPUTY CLERK:  Yes, your Honor.

THE COURT:  I have motions for consolidation from four individual movants and three groups of movants.

I have motions for appointment of lead plaintiff and lead counsel from the same four individuals and three groups. One of the four has withdrawn their motion, and that is Humam

L7FsNICc

Bianouni, and one of the four individuals and one group have filed notices of non-opposition.  That is Anthony Farah and the group Travis Nichols, Sion Sung and Daniel Theriault.

Finally, I've received additional replies from Dale Davison, the Yousef brothers, and Mike Castleberg, which I have reviewed, but I would note that the briefing schedule I entered did not provide for any replies.

Based on those submissions, I make my rulings.

First on consolidation.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "if actions before the court involve a common question of law or fact, the court may ... consolidate the actions."  Both cases arise out of the same core alleged facts. Both involve questions of law and fact that are substantially similar, and for that reason, I grant the parties' motions for consolidation.  They will be consolidated under the first filed case number, which is 21 CV 3362.  I will close, if I am permitted to do that, the second case number.  And the caption in the consolidated case will be restyled as In Re Romeo Power, Inc. Securities Litigation.

Turning next to the issue of lead plaintiff.  Under the PSLRA, I may consider a motion to appoint a party as lead plaintiff no later than 90 days after the date of publication from the class action notice or as soon as practicable after ruling on a motion to consolidate, whichever is later.  That is

L7FsNICc

in 15 U.S.C. Section 78u-4(a)(3)(B)(i) and (ii).  The lead plaintiff will be "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C Section 78u-4(a)(30(B)(i).

There exists a rebuttal presumption that the most adequate plaintiff (1) is either a named plaintiff or a proper movant in response to a class action units; (2) who, in my determination, has the largest financial interest in the action; and (3) who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  That is from Section 78u-4(a)(3)(B)(iii).

Movants Mike Castleberg, Dale Davison, and the groups consisting of, one, first Cameron Longan, Anh Nguyen, Xiankang Yao, and second, Moatassem Yousef, Mouath Majed Yousef, each claim to satisfy the criteria for most adequate plaintiff.  All are proper movants.

As a threshold matter, I am considering whether the members of the group consisting of Cameron Longeran, Anh Nguyen and Xiankang Yao should be considered collectively or individually.  While groups may in certain circumstances present a single motion for appointment as lead plaintiff, I conclude that this proposed group does not meet the standard for grouping plaintiffs because there is no indication in the record that they had a preexisting relationship before the

L7FsNICc

litigation.  See <u>Cohen v. Luckin Coffee, Inc.</u>, 20 Civ. 1293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020); and Khunt v. Alibaba Group Holdings Limited, 102 F. Supp. 3d 532, 533 (S.D.N.Y. 2015).  I will consider the members of that group individually in my further analysis.

Next, I consider the challenge to the adequacy of movant Davison.  Davison's signed certification with his original motion papers listed two transactions in Romeo Power's securities and the date for one of those two transactions contained the incorrect day and year.  This error causes me "to doubt whether Davison possesses the necessary adequacy and sophistication to be the lead plaintiff," although I did substitute Mr. Davison's name in the quote.  That is from <u>Plaut v. Goldman Sachs Group, Inc</u>., 18 Civ. 12084, 2019 WL 4512774; at *5 (S.D.N.Y. September 19, 2019).

Of the remaining movants, Plaintiff Mike Castleberg has the largest financial interest in the action.  While neither the PSLRA, the Supreme Court, nor the Second Circuit has specified a method for calculating which plaintiff has the largest financial interest, most courts agree that the largest loss is the critical ingredient in determining the largest financial interest.  See e.g. <u>Luca v. U.S. Oil Fund LP</u>, 20 Civ. 4740, 2020 WL 5549719, at *3 (S.D.N.Y. September 16, 2020); and <u>Richman v. Goldman Sachs Group, Inc.</u>, 2704 F.R.D. 473, 479 (S.D.N.Y. 2011).  Two common accounting methods for determining

L7FsNICc

a plaintiff's approximate losses are first in first out FIFO method and last in first out for the LIFO method.  And that is from Khunt, 102 F. Supp. 3d 531."  Courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases." *Id.*; accord Chun Huang v. Canntrust Holdings, Inc., 19 Civ. 6396, 2020 WL 9077513, at *2 (S.D.N.Y. April 16, 2020).

Applying the LIFO method, Castleberg suffered losses of $204,476.36.  This amount is the highest of the remaining movants.  The group consisting of the Yousef Brothers claims a greater loss.  But the Yousef Brothers sold a significant number of their shares before the corrective disclosure alleged in the complaint.  Loss from those transactions are not considered for purposes of determining the Yousef Brothers' financial interest.  See Africa v. Jianpu Tech, Inc., 2021 WL 1999467, at *2-3 (S.D.N.Y. May 19, 2021).  Relying on Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005).

Castleberg also satisfies the typicality Rule 23 requirements of typicality and adequacy.  And these are the only two Rule 23 requirements that directly address the personal characteristics of the class representative.  All that is required is a preliminary showing of adequacy and typicality.  In re Fuwei Films Security Litigation, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); accord Husson v. Garrett Motion, Inc., 20 Civ. 7992, 2021 WL 211541, at *3 (S.D.N.Y. January 21,

L7FsNICc

2021).  So turning first to typicality.  That required is satisfied if "each class members' claims arises from the same course of events, and each class member makes similar arguments to prove the defendant's liability." <u>Brown v. Kelly</u>, 609 F.3d 467, 475 (2d Cir. 2010); the adequacy requirement of Rule 23(a) "Entails inquiry as to whether:  (1) Plaintiff's interests are antagonistic in the interests of other members of class and (2) Plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  <u>In re Flag Telecom Holdings Limited Security Litigation,</u> 574 F.3d 29, 35 (2d Cir. 2009); <u>accord Lawrence v. NYC Medical Practice, P.C</u>., 18 Civ. 8649, 2021 WL 202 6229, at *9 (S.D.N.Y. May 20, 2021).  In conclusion, based on the submissions, I conclude that Castleberg satisfies the requirements of Rule 23 for purposes of the PSLRA.

Because Castleberg satisfies all three factors, a rebuttable presumption exists that he is the most adequate plaintiff.  No party has offered evidence sufficient to rebut that presumption.  Further, I find that Castleberg has the ability and desire to fairly and adequately represent the putative class and, therefore, I am appointing Castleberg to serve as lead plaintiff.

Finally, as to the appointment of lead counsel.  The PSLRA provides that the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to

L7FsNICc

represent the class." 510 U.S.C. Section 78u-4(a)(3)(B)(v). Castleberg's chosen counsel has ample experience in securities fraud actions and is otherwise qualified to conduct the litigation.  So accordingly, I appoint Glancy Prongay & Murray LLP to seven as lead counsel.

Let me ask, let's see who is here from Glancy Prongay & Murray?

MR. LINKH:  Your Honor, Greg Linkh and Charles Linehan.

THE COURT:  OK.  This is Mr. Linkh?

MR. LINKH:  This is Mr. Linkh.  I'm Mr. Linehan's co-counsel.

THE COURT:  OK.  Mr. Linkh, I know you didn't necessarily know the outcome of the motions when you got on the call, but could you give me a date by when you would like to file a consolidated complaint?

MR. LINKH:  Can your Honor, I could either do that today, or I could meet with defendants and maybe give you an answer in seven days.  If you would prefer the former, I would say, perhaps, 60 days from today.

THE COURT:  OK.  60 days is fine.

Let me ask counsel for defendants, that's Mr. Hegt?

MR. HEGT:  Yes, your Honor.

THE COURT:  I assume that you're planning a motion to dismiss, even though you haven't seen the consolidated

L7FsNICc

complaint, but you have seen the two separate complaints which are very similar.  I assume the consolidated complaint will be as well.

Assuming that, are you likely to move to dismiss?

MR. HEGT:  I think that's a safe assumption, your Honor.

THE COURT:  OK.  So I would just remind you that, obviously, discovery will be stayed, but what I would remind you is that I have a requirement for premotion letters and exchange of premotion letters and in a case like this, the reason is principally so that if the lead plaintiff wants to amend the complaint and, perhaps, albeit some of the argument in the motion to dismiss, they have an opportunity to do that.

I would like you to take a look at my rules and file the required premotion letters before filing any motion.  OK?

Is there anything else we need to deal with today?

Let me ask Mr. Linkh.

MR. LINKH:  Yes.

THE COURT:  Is there anything else we need to address today?

MR. LINKH:  Nothing on my side, your Honor.

THE COURT:  OK.  Mr. Hegt, anything else that we need to discuss from your point of view?

MR. HEGT:  No, your Honor, unless you would like us to set a schedule for letters and to set a conference now, or

L7FsNICc

should we wait until the amended complaint comes in and deal with that at that time in the fall?

THE COURT:  I would wait for the amended complaint. And what I would suggest is that it's possible to try to get the letters in within 21 days, but if it is not, you can certainly ask for an extension.

MR. HEGT:  OK.  Thank you, your Honor.

THE COURT:  All right.  Thank you.

Thank you, and I look forward to working with you.

We are adjourned.

MR. HEGT:  Thank you, your Honor.

MR. LINKH:  Thank you, your Honor.

(Adjourned)