**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel: +1.212.906.1200
Fax: +1.212.751.4864
Email: jeff.hammel@lw.com
Email: jason.hegt@lw.com

Kristin N. Murphy *(pro hac vice)*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: +1.714.540.1235
Fax: +1.714.755.8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., Lauren Webb, Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick*

Defendants Romeo Power, Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., Lauren Webb, Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick (the "Defendants"), respectfully request that the Court take judicial notice of Exhibits 1-15 attached to the Declaration of Jason C. Hegt filed herewith, pursuant to Federal Rule of Evidence 201 and/or under the incorporation by reference doctrine and other applicable law.

**DISCUSSION**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b), the Court may consider "the complaint, any documents attached to the complaint or incorporated into it by reference, any documents that are 'integral' to the plaintiff's allegations, even if not explicitly incorporated by reference, and facts of which the Court may take judicial notice." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013) (citation omitted); *Gerard v. City of N.Y.*, No. 17-cv-8076, 2018 U.S. Dist. LEXIS 93636, at *2 (S.D.N.Y. June 1, 2018) (Schofield, J.); *see also Carter v. JPMorgan Chasebank, N.A.*, No. 17-4244 (GBD) (SN), 2018 WL 1083966, at *2 n.4 (S.D.N.Y. Feb. 26, 2018) ("[A] complaint is also deemed to include (1) 'any written instrument attached to it as an exhibit,' (2) 'materials incorporated in it by reference,' and (3) 'documents that, although not incorporated by reference, are 'integral' to the complaint.'") (citation omitted). The Court is not bound by Plaintiffs' selective references to or quotations from documents cited in the Amended Complaint. *See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 808-09 (2d Cir. 1996) (district court properly considered the full text of documents partially quoted in complaint in dismissing the complaint); *see also In re Express Scripts Holding Co. Sec. Litig.*, No. 16-3338 (ER), 2017 WL 3278930, at *8-10 (S.D.N.Y. Aug. 1, 2017) (considering SEC filings and earnings call transcripts). The Court may also judicially notice any fact "not subject to reasonable dispute because it: (1) is generally known

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannotreasonably be questioned." Fed. R. Evid. 201(b).

Here, the Court may take judicial notice of, and/or consider the entirety of, the foregoing exhibits for the following reasons:

*First*, the Court may appropriately consider the entirety of Exhibits 2, 4-5, 7-8, 10, and 13 because they are cited and quoted numerous times in the Amended Complaint, and are thus incorporated by reference:

| Exhibit No. | Document | Referenced in AC |
|---|---|---|
| 2 | Proxy Statement filed with the SEC by RMG Acquisition Corp., dated December 10, 2020 | *Passim* |
| 4 | Press release titled "Romeo Power Technology, Leading Provider of Battery Technology to the Commercial EV Market, to List on NYSE Through Merger with RMG Acquisition Corp.," filed with the SEC by RMG Acquisition Corp. as Exhibit 99.1 to a Form 8-K, dated October 5, 2020 | ¶¶ 65, 71, 108 |
| 5 | Press release titled "Romeo Power and RMG Acquisition Corp. Announce Closing of Business Combination; Romeo Power to Trade on NYSE Under Ticker 'RMO' as of December 30, 2020 filed with the SEC by Romeo Power, Inc. as Exhibit 99.1 to a Form 8-K, dated December 29, 2020 | ¶ 62 |
| 7 | Form S-4 Registration Statement filed with the SEC by RMG Acquisition Corp., dated October 15, 2020 | ¶¶ 55, 111 |
| 8 | Transcript of Romeo Power, Inc.'s Q4 2020 Earnings Call | ¶¶ 87, 146 |
| 10 | Cowen analyst report entitled "4Q Recap: Tough Start on Cell Shortage; LT Supply Agreements in the Works," dated March 31, 2021 | ¶ 92 |
| 13 | Romeo Power Technology and RMG Acquisition Corp.'s Investor Call transcript, held on October 5, 2020, and as filed with the SEC by RMG Acquisition Corp. as Exhibit 99.2 to a Form 8-K, dated October 5, 2020 | ¶¶ 108-09 |

*Second*, the Court may also take judicial notice of Exhibits 1-9, 11, and 13-15 because they are "documents filed with the SEC," "transcripts of companies' earnings calls," "press releases" or related "presentations."    *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp.3d 196, 205-210 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019); *see also Kramer v. Time Warner Inc.*, 937 F. 2d 767, 774 (2d Cir. 1991); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 500-01 (E.D.N.Y. 2008); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010).    Defendants request judicial notice of these documents not for the truth of the matters asserted therein, but to reflect what was publicly stated.  *E.g. Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 786 n.9 (S.D.N.Y. 2020).

*Third*, the Court may also take judicial notice of news articles (Exhibit 12).  *See In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *10-12 (S.D.N.Y. June 10, 2010); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming district court's judicial notice of news articles and acknowledging that "other courts in this Circuit have taken judicial notice of substantially similar documents," including "website disclosures" and "media reports").

Dated: November 5, 2021
      New York, New York

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ *Jeff G. Hammel*
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel: +1.212.906.1200
Fax: +1.212.751.4864
Email: jeff.hammel@lw.com
Email: jason.hegt@lw.com

Kristin N. Murphy *(pro hac vice)*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: +1.714.540.1235
Fax: +1.714.755.8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., Lauren Webb, Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick*