**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ROMEO POWER INC.
SECURITIES LITIGATION

Case No. 1:21-cv-03362-LGS

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Lead Plaintiff Mike Castleberg and additional plaintiff Joshua Cante ("Plaintiffs") respectfully submit this opposition to Defendants' request for judicial notice (ECF No. 93) of certain Exhibits attached to the Declaration of Jason C. Hegt (ECF No. 92, the "Hegt Decl.") in support of Defendants' motion to dismiss (ECF No. 91, the "MTD").[1]

## I.    INTRODUCTION

On a motion to dismiss, Defendants are limited to arguing from the facts alleged, with certain limited exceptions for documents that are integral to a plaintiff's claims and not reasonably subject to dispute, such as a defendant company's SEC filings, or documents that are incorporated by reference into the complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Despite this well-established rule, Defendants request that the Court take judicial notice of extraneous documents for facts beyond what is allowable at this stage, including documents that are neither referenced by nor integral to the AC, and for purposes beyond those permitted by the doctrine of judicial notice.

In particular, Defendants present Exhibits 9 through 12 (ECF No. 92-9 through ECF No. 92-12, the "Extraneous Documents") to improperly argue the truth of the matters asserted within those documents—to wit, that *other* companies faced a battery cell shortage in early 2021—in an attempt to counter the AC's well-pled allegations and prove Romeo was *also* "caught by surprise" by a cell shortage in March 2021. Not only are these extraneous documents not the proper subject of judicial notice and thus not properly considered on this motion, whether *other* companies experienced a shortage in early 2021 is irrelevant to Plaintiffs' claims that *Romeo* was experiencing a cell shortage since at least the beginning of the Class Period, in October 2020.

For the reasons detailed below, the Court should deny Defendants' request for judicial notice and strike the Extraneous Documents in their entirety.

---

[1] Defendants are Romeo Power, Inc. (f/k/a RMG Acquisition Corp.) ("Romeo" or the "Company), Lionel E. Selwood, Jr., Lauren Webb, Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick (collectively, "Defendants"). All "¶__" citations are to Plaintiffs' Amended Class Action Complaint (ECF No. 82, the "AC").

## II.     ARGUMENT

### A.     The Extraneous Documents Are Improper To Consider On Defendants' Rule 12(b)(6) Motion

It is well established in the Second Circuit that, on a motion to dismiss, defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *See, e.g.*, *Roth*, 489 F.3d at 509.[2] A motion to dismiss may only draw on the complaint's allegations, documents the complaint attaches or incorporates by reference, or documents "upon which [the complaint] *solely* relies and which [are] *integral to the complaint*." *Id.* (emphasis in original). A district court may also consider "legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *See City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013). Outside these categories, it is inappropriate to consider information or documents extrinsic to the complaint. *See id.*; *see also Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006) (vacating dismissal where district court "erred by considering matters outside the pleadings"). Moreover, it is black letter law that even if a document is properly subject to judicial notice, it may *not* be considered "for the truth of the matters asserted" within the document. *Roth*, 489 F.3d at 509.

The Ninth Circuit has called attention to "a concerning pattern" in securities cases, through which defendants "exploit[] [the procedures of incorporation-by-reference and judicial notice] to defeat what would otherwise constitute adequately stated claims at the pleading stage." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit held that the district court abused its discretion by improperly taking judicial notice of certain facts and misapplying the doctrine of incorporation by reference. The court noted:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring

---

[2] Unless otherwise indicated, all emphasis is added and all quotations and citations omitted.

> temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

*Id*.

Further, the Ninth Circuit recognized the heightened danger of such premature dismissals given the procedural imbalance in securities fraud cases,

> where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.*

The Extraneous Documents submitted by Defendants do not fall within the limited exceptions for judicial notice and/or Defendants attempt to rely on them for an improper purpose (*see* MTD at 6):

- **Exhibit 9** purports to be a stock price chart and earnings call transcript from Lightning eMotors, Inc. It was neither referenced in, nor integral to, the AC and not otherwise the proper subject of judicial notice, and Defendants attempt to improperly use it to argue that *Lightning's* suppliers were not meeting *its* committed delivery dates.

- **Exhibit 10** is a March 31, 2021 Cowen research report that is incorporated by reference in the AC (¶92), but Defendants attempt to improperly use it to argue the truth about a matter asserted therein relating to a separate company, Nikola, lowering its guidance.

- **Exhibit 11** purports to be a Nikola Corporation Form 8-K dated February 25, 2021. It was neither referenced in, nor integral to, the AC and, as an extraneous company's filing, is not otherwise the proper subject of judicial notice. Moreover, Defendants attempt to improperly use it to argue that the pandemic caused a cell supply disruption that was impacting *Nikola* in February 2021.

- **Exhibit 12** purports to be a Reuters article dated March 30, 2021. It was neither referenced in, nor integral to, the AC and not otherwise the proper subject of judicial notice, and Defendants attempt to improperly use it to argue the truth of something Elon Musk purportedly said about near-term cell supply for Tesla.

3

**B.** **The Court Should Strike The Extraneous Documents In Their Entirety Because Defendants Offer Them For An Improper Purpose**

Defendants cite to the Extraneous Documents in an apparent (and improper) attempt to rely on *other* manufacturers purportedly experiencing pandemic-related cell supply disruption "in early 2021" as evidence that *Romeo's* cell shortage and attendant production disruption must have *also* only started suddenly, and unexpectedly, in early 2021. MTD. at 6. The Court should reject Defendants' attempt to improperly rely on these extraneous documents to argue that these other companies' experiences *even if true*—a presumption to which Defendants are not entitled on this motion or under the doctrine of judicial notice—must have been shared by Romeo, particularly when Defendants' counter-narrative is not supported by the well-alleged facts of the AC.

This sort of arguing outside the pleadings is improper because extraneous documents may not be introduced for the truth of their contents on a motion to dismiss. *See Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006); *Roth*, 489 F.3d at 509 (a court may consider such documents "'only to determine what the documents stated,' and 'not to prove the truth of their contents.'"); *City of Austin*, 957 F. Supp. 2d at 289 (noting that even if it were appropriate to take judicial notice of rising goldmining costs during 2011 (it did not), it "assuredly could not take notice of the fact (if indeed true) that such costs were what *caused* other companies in this sector to delay large mining projects.") (emphasis in original). Defendants propose that this Court do exactly what is prohibited under the doctrine of judicial notice and what the court rightly declined to do in *City of Austin*—import from these Extraneous Documents an explanation for the cause and timing of Romeo's supply shortage that is contrary to, and completely outside of, the AC's well-pled factual allegations. This is clearly an improper leap for this Court to make at the pleading stage.

Moreover, not only is such arguing the facts improper on a motion to dismiss, but for the Court to even *consider* the Extraneous Documents at the pleading stage, Plaintiffs must have *relied* on them in the AC, which they did not. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147,153 (2d Cir. 2002). In fact, with the exception of a single mention of Nikola Corporation as one of Romeo's

customers (¶58), the AC is devoid of any reference to these other companies. Accordingly, the Court should not consider them in ruling on Defendants' motion.

### C. The Court Should Strike The Extraneous Documents In Their Entirety Because They Are Irrelevant To Plaintiffs' Claims

Even if Defendants *could* rely on the Extraneous Documents to advance their counter-narrative, which they cannot, the documents still would not support dismissal. What other companies may have experienced in early 2021 is irrelevant to Plaintiffs' allegations that Romeo was *already* experiencing a cell shortage when the Class Period began in October 2020.

Defendants' reliance on statements by Lightning eMotors (Defs. Ex. 9) that some suppliers were "not meeting [Lightning's] committed delivery dates" due, in part, "to cell shortages" is particularly misplaced. Unlike the "committed delivery dates" that Defendants would have this Court believe Lightning had, nothing in the record here suggests that *Romeo* had such delivery commitments prior to August 2021; in fact, Romeo's end of Class Period admissions suggests that it did *not* have such commitments until Romeo signed a long term agreement with LG in August 2021. ¶¶102-07. That Romeo's cell shortage happened earlier than its peers, who apparently *did* have committed delivery dates, is further supported by CW1's allegation that Romeo's inconsistent purchase patterns hurt its ability to obtain cells, and that suppliers tended to fill orders of more consistent customers with long-term supply agreements first. ¶167. In this regard, Romeo was at an even *higher* cell supply risk than its industry peers (such as Lightning) because Romeo's supply was *already* strained before the pandemic apparently exacerbated the shortage in early 2021.

Moreover, regarding the Nikola Corporation announcement (Defs. Ex. 11), it is notable that on the very day Defendants would have this Court accept that Nikola Corporation was warning *its* investors of pandemic-related supply interruptions (February 25, 2021), Selwood participated in an interview in which he disclosed *nothing* about Romeo's then-existing supply shortage (whether pandemic-related or otherwise), and instead assured investors that Operation Hedge Fund had succeeded in stocking Romeo's shelves with excess supply. ¶144.

Finally, Defendants' reliance on the March 31, 2021 statement in a Cowen analyst report about Nikola Corporation does not support Defendants' narrative about the timing of Romeo's cell shortage, which Selwood claimed only arose unexpectedly and suddenly for Romeo in March 2021. MTD at 6. The Cowen report noted that Nikola "represents 39% of RMO's backlog and lowered its guidance [for 2021 vehicle deliveries]…***last month***" (Defs. Ex. 10)—*i.e.*, more than a month before Romeo disclosed anything about the shortage to its investors. First, Nikola has had a whole host of problems that may have caused it to reduce its 2021 guidance, none of which are at issue on this motion. But Defendants apparently want the Court to draw the conclusion that Nikola—a very large Romeo customer—was forced to reduce its guidance ***in February 2021*** because it was unable to obtain the battery products it ordered from Romeo needed to complete Nikola's vehicles. If true, that would only tend to *support* Plaintiffs' allegation that Romeo was failing to deliver on its order commitments *long* before Selwood claimed the cell shortage suddenly arose March 2021.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice of the Extraneous Documents and strike them in their entirety.

Dated: December 3, 2021                    GLANCY PRONGAY & MURRAY LLP


By: */s/ Kara M. Wolke*
Kara M. Wolke (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150
Email: kwolke@glancylaw.com
          mwright@glancylaw.com

*Attorneys for Plaintiffs and the Putative Class*

## PROOF OF SERVICE

I, the undersigned say: I am not a party to the above case and am over eighteen years old.

On December 3, 2021, I served true and correct copies of the foregoing document, by posting the

document electronically to the ECF website of the United States District Court for the Southern

District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on December 3, 2021.

*s/ Kara M. Wolke*
Kara M. Wolke

7