**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Lead Plaintiff Mike Castleberg and additional plaintiff Joshua Cante ("Plaintiffs") hereby respectfully request that the Court take judicial notice of Exhibits 1-10 attached to the Declaration of Kara M. Wolke filed herewith, in support of Plaintiffs' opposition to the motion to dismiss filed by Defendants Romeo Power, Inc. (f/k/a RMG Acquisition Corp.) ("Romeo" or the "Company"), Lionel E. Selwood, Jr. ("Selwood"), Lauren Webb ("Webb"), Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick. For the reasons set forth below, judicial notice of Exhibits 1-10 is appropriate.[1]

## I.    ARGUMENT

In considering a Rule 12(b)(6) motion, a court may examine documents incorporated into the complaint by reference and the matters of which a court may take judicial notice. *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Second Circuit has held that a defendant company's Securities and Exchange Commission ("SEC") filings may properly be considered at the motion to dismiss stage in a securities fraud case. *See Kramer v. Time Warner Inc*, 937 F.2d 767, 774 (2d Cir. 1991).

Here, Plaintiffs submit the following excerpted documents, which are all either incorporated by reference into the AC or public filings submitted to the SEC by either Romeo or its predecessor, RMG Acquisition Corp., and therefore the proper subject of judicial notice:

- Exhibit 1 – Form S-4 Registration Statement by RMG Acquisition Corp., dated October 15, 2020;

- Exhibit 2 – Form 8-K dated November 18, 2020, attaching November 2020 Investor Presentation;

- Exhibit 3 – FreightWaves website printout of link to the February 25, 2021 interview with Selwood, which is quoted in the AC (¶¶85, 144, 171);

- Exhibit 4 – Form S-4/A Registration Statement by RMG Acquisition Corp., dated November 20, 2020;

---

[1] All "¶_" citations herein are to the AC, and all capitalized terms, if not otherwise defined, have the meanings stated in the AC.

- Exhibit 5 – Romeo's Form 10-K dated April 15, 2021;

- Exhibit 6 – Form 8-K dated December 29, 2020, attaching Romeo's Amended and Restated Registration Rights Agreement;

- Exhibit 7 – Form 8-K dated October 25, 2021, announcing termination of BorgWarner JV. The BorgWarner JV is referenced numerous times in the AC (*see* ¶¶64-66, 71, 78, 149);

- Exhibit 8 – Form 8-K dated March 30, 2021, attaching Romeo's Press Release;

- Exhibit 9 – Romeo's Form 10-Q for the period ending March 31, 2021 dated May 17, 2021; and

- Exhibit 10 – Romeo's Form 10-Q for the period ending July 31, 2021 dated August 16, 2021.

With the exception of Exhibit 3, all of the foregoing are SEC filings by Romeo or RMG. Moreover, Exhibits 1, 5, 8, 9, and 10 are explicitly cited by Plaintiffs in the AC. ¶¶73,111-120, 168 (Exhibit 1); ¶¶93-97, 101, 149-153, 163 (Exhibit 5); ¶¶8, 86 (Exhibit 8); ¶¶99, 101, 157-60 (Exhibit 9); ¶¶100-01 (Exhibit 10). While Exhibits 2, 4, 6, and 7 are not explicitly referenced in the AC, they are Company SEC filings properly subject to judicial notice. *Kramer*, 937 F.2d at 773-74 (affirming propriety of judicial notice of documents required to be filed with the SEC).

Moreover, Exhibit 3 is properly considered as a document incorporated by reference. *C.M. v. Fletcher Allen Health Care, Inc.*, 2013 WL 4453754, at *3 (D. Vt. Apr. 30, 2013) ("Because the referenced websites are incorporated by reference in the Complaint, they may be considered on a motion to dismiss).[2] Exhibit 3 is a printout of the FreightWaves website link to the interview conducted with Lionel Selwood on February 25, 2021, which interview is quoted extensively in the AC. ¶¶5, 85, 144, 166. Judicial notice of information publicly available on a website is proper "as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Stephens v. Trump Org. LLC*, 205 F. Supp. 3d 305, 311 n. 7 (E.D.N.Y. 2016). Screenshots are proper ways of presenting websites before a court for the

---

[2] *Cf.  Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (explaining that the doctrine of incorporation by reference is distinct from the doctrine of judicial notice and permits the court to consider the content of documents incorporated by reference in the complaint).

purposes of judicial notice. *Id.*[3] *See also Vox Amplification Ltd. v. Meussdorffer*, 2014 WL 558866, at *8 (E.D.N.Y. Feb. 11, 2014), *report and recommendation adopted*, 50 F. Supp. 3d 355 (E.D.N.Y. 2014) (taking judicial notice of certain web searches).

## II.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their request for judicial notice.

Dated:  December 3, 2021                          GLANCY PRONGAY & MURRAY LLP


By: */s/ Kara M. Wolke*
Kara M. Wolke (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150
Email: kwolke@glancylaw.com
       mwright@glancylaw.com

*Attorneys for Plaintiffs and the Putative Class*

---

[3] Here, as noted in the Wolke Declaration, the screenshot represents the search results obtained from the URL, https://www.freightwaves.com/?s=romeo, which can be readily used to verify that Exhibit 3 is accurate and therefore not in dispute.

3

**PROOF OF SERVICE**

I, the undersigned say: I am not a party to the above case and am over eighteen years old. On December 3, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 3, 2021.

*s/ Kara M. Wolke*
Kara M. Wolke

4