**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel: +1.212.906.1200
Fax: +1.212.751.4864
Email: jeff.hammel@lw.com
Email: jason.hegt@lw.com

Kristin N. Murphy *(pro hac vice)*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: +1.714.540.1235
Fax: +1.714.755.8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., Lauren Webb, Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick*

Defendants' Request for Judicial Notice (ECF 93) should be granted in its entirety. Plaintiffs agree that Exhibits 1-8 to the Declaration of Jason C. Hegt (ECF 92) are incorporated by reference or properly subject to judicial notice.  ECF 97 ("Opp.") at 1.  With respect to Exhibits 9-12 (ECF 92-9 through 92-12) (the "Disputed Exhibits"), Plaintiffs provide no sound basis for the Court to reject Defendants' request.

**DISCUSSION**

### A.    The Court May Consider The Disputed Exhibits On Defendants' Rule 12(b)(6) Motion

Plaintiffs do not dispute that the Disputed Exhibits are the type of documents that are typically subject to judicial notice and/or incorporated by reference.  It is well established that the Court may consider *at the motion to dismiss stage*, documents that are "incorporated by reference" into the Plaintiffs' Complaint, and "facts of which the Court may take judicial notice."  *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013) (citation omitted); *Gerard v. City of N.Y.*, 2018 U.S. Dist. LEXIS 93636, at *2 (S.D.N.Y. June 1, 2018) (Schofield, J.).  The Disputed Exhibits are either incorporated by reference into the Plaintiffs' Amended Complaint (Ex. 10) or are properly subject to judicial notice (Exs. 9, 11, 12).

**Exhibit 9** contains true and correct excerpts of Lightning eMotors, Inc.'s FQ2 2021 presentation and earnings call transcript.  Courts may take judicial notice of transcripts of companies' earnings call presentations (*In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010)) and transcripts (*Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205-210 (S.D.N.Y. 2018), *aff'd sub nom. Kapitalforeningen Lægernes Invest v. United Techs. Corp.*, 779  F. App'x 69 (2d Cir. 2019)).

**Exhibit 10** contains true and correct excerpts of a Cowen analyst report entitled "4Q Recap: Tough Start on Cell Shortage; LT Supply Agreements in the Works," dated March 31,

1

2021.  Plaintiffs agree that this exhibit is "incorporated by reference in the AC[.]"  Opp. at 3; *see* AC ¶ 92.  The Court is not bound by Plaintiffs' selective references to or quotations from documents cited in the Amended Complaint, and may consider the full text of documents incorporated by reference.  *See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 808-09 (2d Cir. 1996) (district court properly considered the full text of documents partially quoted in complaint in dismissing the complaint).

Exhibit 11 contains true and correct excerpts of a press release titled "Nikola Corporation Reports Fourth Quarter and Full Year 2020 Results," filed with the SEC by Nikola Corporation as Exhibit 99.1 to a Form 8-K, dated February 25, 2021 ("Nikola Q4 2020 Press Release").  Courts may take judicial notice of documents filed with the SEC.  *Kramer v. Time Warner Inc.*, 937 F. 2d 767, 774 (2d Cir. 1991); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 500-01 (E.D.N.Y. 2008).

Exhibit 12 is a news article by Reuters titled, "Musk says battery cell constraints impact production of Tesla Semi," published on March 30, 2021.  Courts may take judicial notice of news articles.  *See In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *10-12 (S.D.N.Y. June 10, 2010); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming district court's judicial notice of news articles and acknowledging that "other courts in this Circuit have taken judicial notice of substantially similar documents," including "website disclosures" and "media reports").

**B.      The Defendants Offer The Disputed Exhibits For A Proper Purpose**

Plaintiffs note that the Court may not consider the Disputed Exhibits for the truth of their contents.  Opp. at 4.  Defendants do not do so.  Rather, Defendants offer the Disputed Exhibits to show what information was being provided to the market at particular times, not for the literal truth

of that information.  This is a proper purpose for taking judicial notice. *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *3 (S.D.N.Y. Sept. 3, 2019) ("A court may take judicial notice of certain publicly available documents for their existence, or the fact that they contain public information[.].") (emphasis in original); *see also In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 526 n.4 (S.D.N.Y. 2012) (taking judicial notice of news articles "to the limited extent they are offered for the purpose of demonstrating the existence of information on the market and not for the truth of the matters asserted therein").

### C.      The Disputed Exhibits Are Relevant To Plaintiffs' Claims

Plaintiffs contend that the Court should "strike" the Disputed Exhibits because they "are irrelevant" to Plaintiffs' claims.  Opp. at 5-6.  Plaintiffs do not cite a single case for this "argument."  *Id.*  The Disputed Exhibits are relevant because they show that several other electric vehicle companies announced supply chain challenges at roughly the same time as Romeo.  This flurry of announcements is inconsistent with Plaintiffs' allegation that Romeo could have disclosed its inability to secure adequate battery cell supplies sooner than it did.

### CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice (ECF 93) in its entirety.

Dated: December 17, 2021

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ *Jeff G. Hammel*

Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel: +1.212.906.1200
Fax: +1.212.751.4864
Email: jeff.hammel@lw.com
Email: jason.hegt@lw.com

Kristin N. Murphy *(pro hac vice)*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: +1.714.540.1235
Fax: +1.714.755.8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., Lauren Webb, Robert S. Mancini, Philip Kassin, D. James Carpenter, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick*