**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS<br><br>Honorable Lorna G. Schofield |

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

The parties to this Stipulated Confidentiality Order ("Order") are engaged in proprietary activities, and could be harmed if certain non-public personal, business, or other sensitive confidential information or documents were disclosed publicly.[1]  The parties have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**  All materials produced or adduced in the course of discovery, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material given or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Court's Individual Rules and Practices in Civil Cases, the Local Rules of this District, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the Producing Party.  Any Producing Party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order.  This includes, but is not limited to, material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the ESI Protocol by and between Plaintiff and Defendants in this Action.

personal financial information such as trading records; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records or portions thereof that reveal private information.  Information or documents that are available to the public should not be designated as Confidential Information.

      **3.**      **Designation.**

      **a**.      Each party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material and on all copies in a manner that will not interfere with the legibility of the document.  For documents produced in native format, the Producing Party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the Confidential Information (*e.g.*, CD-ROM, DVD).  To avoid undue burden and expense, the designating party may choose to designate as Confidential an entire document or family of documents, deposition, transcript, or other material that contains Confidential Information.  For information produced in some form other than documentary and for any other tangible items, the Producing Party may designate the item as containing Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

      **b**.      As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

       **c**.      Within three (3) days prior to filing any Document that has been designated as Confidential Information by opposing counsel, the Parties must meet and confer in good faith to determine whether the Document should be filed under seal.

    **4.**      **Depositions.**  All depositions and other pretrial testimony shall be treated as Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph.  Depositions and other pre-trial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness.  The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

    The court reporter must affix on each page containing protected material the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

To the extent that testimony is sought concerning Confidential Information during any deposition or in any other pre-trial venue, any party may exclude any person from the deposition or other venue during such testimony if the Confidential Information may not be disclosed to such person under the terms of this Order.

**5.      Protection of Confidential Material.**

**a.      General Protections.**  Confidential Information and information derived therefrom shall be used solely for purposes of this litigation, including any appeal thereof, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

**b.      Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(12).  Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information only to the extent reasonably necessary:

1.      Counsel. Counsel for the parties and employees (and/or independent contractors) of counsel who have responsibility for the Action;

2.      Parties. Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in

4

which the information is disclosed. Confidential Information may be disclosed only to the named plaintiffs or proposed class representatives and not to any other member of the putative class unless and until a class including the putative member has been certified;

3.     The Court and its personnel;

4.     A court of competent jurisdiction in a proceeding by a party made in connection with this Action (*e.g.*, a subpoena or similar discovery request made to obtain discovery material for use in this Action), provided that the disclosing party submits same under seal.

5.     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

6.     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

7.     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation, litigation, and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

8.      Witnesses at depositions. During their depositions, witnesses, and attorneys for witnesses in this Action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

9.      Author or recipient.  Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information;

10.      Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

11.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement

discussions; and

12.     Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**c.**     This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Information for any purpose.  Nothing in this Order shall prevent a Producing Party from disclosing its own Confidential Information.

**d.     Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6.     Inadvertent Failure to Designate.**   An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document.  A Producing Party may designate as Confidential any discovery material that has already been produced, including discovery material that the Producing Party inadvertently failed to designate as Confidential, by notifying in writing the party to whom the production has been made that the material constitutes confidential information.  If a party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  The Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential

Information.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.  **Filing of Confidential Information.**  All Confidential Information shall be filed with the Court only to the extent necessary to establish a claim or defense or support a motion or opposition.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures for filing under seal set forth in the Southern District of New York Local Rules and ECF Rules, and the Court's Individual Rules (see ¶ 18, *infra*).  Where a party seeks to file a document designated as Confidential Information, the party shall file a motion with the Court seeking to maintain such Confidential Information under seal.

8.  **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.  **Challenges by a Party to Designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information.  The following procedure shall apply to any such challenge.

    a.  **Meet and Confer.**  A party challenging the designation of Confidential

Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within fifteen (15) business days.

        **b.**        **Judicial Intervention.**  Pursuant to Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases, a party that elects to challenge a confidentiality designation may file and serve a letter motion for a pre-motion discovery conference with the Court that identifies the challenged material and sets forth in detail the basis for the challenge. Each such letter motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure in good faith.  The burden of production and persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

        **10.**     **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made consistent with the Court's Individual Rules.  Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as Confidential Information.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

        **11.**     **Use of Confidential Documents or Information at Trial.**  Nothing in this Order

shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a.      If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Action as Confidential Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.      The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.

d.      The designating party shall bear the burden and the expense of seeking

protection in that court of its Confidential Information.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  Compliance by a Receiving Party with a court order directing production will not constitute a violation of this Order.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13.     Disclosure of Privileged Material.**  The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and other applicable rules; the disclosure, inadvertent or otherwise,  of any document or information subject to an applicable privilege in this Action or in any other proceeding (including state or federal government or agency investigations), shall not be deemed to waive – in this Action or in any other federal or state proceeding, government or agency investigations,– any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

**a.**     Pursuant to Federal Rule of Evidence 502(d), if a Producing Party at any time notifies any Receiving Party that the Producing Party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this Action or in any other proceeding (including state or federal), government or agency investigations, of the applicable privilege or protection.

**b.**     The Receiving Party shall, upon request, (i) refrain from disclosure of the privileged or protected material and refrain from examining the materials any more than is

essential to ascertain if the materials may be privileged, (ii) within three (3) business days, return to the Producing Party, sequester or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court.  The Producing Party shall produce or supplement a privilege log as appropriate with respect to the disclosed materials within a reasonable period of time after the request to return or destroy such documents.  The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the Receiving Party that the claimed documents or information is in fact privileged or entitled to protections of immunity.

       **c.**     The return of any discovery material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged, however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that the Producing Party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing.  Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.  If such a sealed filing is made or is being promptly prepared, the Receiving Party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity.  The Producing Party must preserve the information until the claim is resolved.

       **d.**     If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the Producing Party claims that such information, document, or thing filed under seal

12

or in redacted form was inadvertently or otherwise produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the Producing Party, within ten (10) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the inadvertently or otherwise disclosed material and simultaneously produce to all parties a privilege log specifically identifying the inadvertently or otherwise disclosed material and a basis for the claim of privilege or work-product immunity.  Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue.  If, after the parties meet and confer, they cannot reach agreement, the Producing Party shall, within ten (10) business days of the meet and confer, present the dispute to the Court, by means of a letter motion for a pre-motion discovery conference with the Court pursuant to Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases.  Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved.  Nothing in this Protective Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege.  Nothing in this Protective Order shall prevent the Producing Party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim.  If the inadvertently disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be pursuant to Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases so that it may be heard by the Court before or

13

simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

**14.    Obligations on Conclusion of Litigation.**

**a.    Order Continues in Force.**   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**b.    Obligations at Conclusion of Litigation.**

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Confidential Materials shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact.  The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential Material from (i) disaster recovery or business continuity backups, (ii)  data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Material, but such retained information shall continue to be treated in accordance with the Order.   Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential Materials, provided that such counsel and employees of such counsel shall not disclose such Confidential Material to any person, except pursuant to court order.  Nothing

shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

        **c.**      **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, provided that such counsel maintain the confidentiality thereof.  Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      **15.**     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      **16.**     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      **17.**     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18.     **Provisions Required By The Court's Rules.**  Documents may be filed under

seal only as provided in Rule I.D.3 of Judge Schofield's Individual Rules And Procedures For

Civil Cases.  The parties acknowledge that the Court retains discretion as to whether, in Orders

and Opinions, to afford confidential treatment to information that the parties have redacted,

sealed or designated as confidential.

**So Ordered.**

**Dated:** July 22, 2022

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

WE SO MOVE and agree to abide by the terms of this Order.

16

GLANCY PRONGAY & MURRAY LLP

LATHAM & WATKINS LLP

/s/ Kara M. Wolke

Kara M. Wolke (*pro hac vice*)
Melissa C. Wright (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 201-9150
Email: kwolke@glancylaw.com
　　　　 mwright@glancylaw.com

Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
(212) 682-5340
Email: glinkh@glancylaw.com

/s/ Jeff G. Hammel

Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
jeff.hammel@lw.com
jason.hegt@lw.com

Kristin N. Murphy (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235
kristin.murphy@lw.com

*Attorneys for Plaintiffs and the Putative Class*

*Attorneys for Defendants*

17

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS<br><br>Honorable Lorna G. Schofield |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated_____in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name (print):_____          Job Title: _____

Signature:_____          Employer: _____

Date:_____          Business Address:

_____

_____