**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION |

Case No. 1:21-cv-03362-LGS

## DEFENDANTS' ANSWER AND JURY DEMAND

LATHAM & WATKINS LLP
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: jeff.hammel@lw.com
　　　 jason.hegt@lw.com

Kristin N. Murphy *(pro hac vice)*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., and Lauren Webb*

Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.) ("Romeo" or the "Company"), Lionel E. Selwood, Jr., and Lauren Webb (collectively "Defendants"), through counsel, unless expressly stated otherwise, answer the allegations of the Second Amended Consolidated Class Action Complaint, dated January 17, 2023 (the "SAC"). To the extent not explicitly admitted, all other allegations of the SAC are denied.

This Answer is made as of the date it is signed. However, many of the allegations in the SAC repeat verbatim the allegations in the First Amended Consolidated Class Action Complaint, filed September 15, 2021, and refer to Romeo and/or its business without reference to the fact that Romeo was acquired by a subsidiary of Nikola Corporation on October 14, 2022. *See, e.g.* ¶ 39 (noting that Romeo's stock trades on the NYSE under the symbol RMO even though it ceased to do so as a result of this transaction). Accordingly, Defendants interpret the SAC to be making all allegations in the SAC as of the purported Class Period and not as of the date of the SAC. For the avoidance of doubt, Defendants have endeavored to update their responses to certain allegations in the SAC concerning Romeo's organizational structure to clarify that information which may have been accurate (or partially accurate) during the Class Period is no longer accurate as of the date of the SAC in light of this transaction. With respect to other allegations that refer to Romeo and/or its business in the present tense (*e.g.* ¶ 67), Defendants have responded on the understanding that such allegations refer only to the putative Class Period. To the extent these allegations refer to Romeo and/or its business as of the date of the SAC, then all such allegations are denied because, among other reasons, the nature and structure of Romeo's business changed following the October 14, 2022 transaction when it began transitioning to become primarily a sub-assembly plant for components of products being sold by Nikola Corporation and/or its subsidiaries while continuing to fulfil certain legacy Romeo obligations.

Finally, Defendants herein answer all of the allegations that are potentially remaining in this lawsuit without conceding that that is the case.

*　　　*　　　*

## I.    NATURE OF THE ACTION

Defendants deny that the preliminary statement requires a response.  To the extent a response is required, Defendants deny any allegations that Plaintiffs contend are embedded or implied by the preliminary statement.

Defendants respond to the specifically numbered allegations in the Second Amended Complaint as follows:

1.    Defendants admit that this is an action that purports to assert claims under the federal securities laws on behalf of persons and entities that purchased or otherwise acquired Romeo securities between October 5, 2020 and August 16, 2021 (the "purported Class Period").  SAC Paragraph 1 otherwise alleges legal conclusions, to which no response is required.

2.    Defendants admit that the allegations in SAC Paragraph 2 describe aspects of Romeo's business as of the purported Class Period, but deny that SAC Paragraph 2 is a complete or accurate summary of its business either during the purported Class Period or as of the date of the SAC because subsequent to the purported Class Period, on October 14, 2022, Romeo was acquired by a subsidiary of Nikola Corporation and the nature of its business began to change in connection with that acquisition.

3.    Defendants admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing the phrases quoted in SAC Paragraph 3, but deny that these excerpted phrases are a complete and accurate recitation of the relevant

2

statements in that document.  Defendants deny the remaining allegations in SAC Paragraph 3 and incorporate by reference the full text of this document as if attached hereto.

4.     The allegations in SAC Paragraph 4 appear to quote statements allegedly made in connection with the business combination between RMG Acquisition Corp. ("RMG") and Romeo Systems, Inc. (the "Business Combination"), but do not reference any specific statements. Defendants admit that public statements were made regarding Romeo's business prior to, and in connection with, the Business Combination, but deny that SAC Paragraph 4 provides a complete and accurate recitation of the relevant statements.  Defendants refer to those statements for a complete and accurate recitation of their contents.  Defendants also state that the statements referenced and quoted in SAC Paragraph 4 were accompanied by, and must be read with, risk factors and other explanatory language in Romeo's SEC filings, including its October 15, 2020 Form S-4 (the "Registration Statement") and December 10, 2020 Proxy Statement on Form 424(b)(3) (the "Proxy Statement"), each of which Defendants incorporate by reference as if attached hereto.  Defendants deny the remaining allegations in SAC Paragraph 4.

5.     Defendants admit that on December 15, 2020, an article was published by Acuris Capital Intelligence regarding an interview with Mr. Selwood containing the phrases quoted in SAC Paragraph 5, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.  Defendants also admit that on February 25, 2021, Mr. Selwood participated in an interview with Alan Adler of FreightWaves containing the phrases quoted in SAC Paragraph 5, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.  Defendants also state that the phrases quoted in SAC Paragraph 5 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining

3

allegations in SAC Paragraph 5 and incorporate by reference the full contents of the Acuris Capital Intelligence and FreightWaves interviews.

6. Defendants admit that Romeo's stock price closed at $34.00 per share on December 24, 2020 and traded at $38.90 per share on December 28, 2020. The remaining language in SAC Paragraph 6 appears to be legal argument to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in SAC Paragraph 6.

7. Defendants deny the allegations in SAC Paragraph 7.

8. Defendants admit that on March 30, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted in SAC Paragraph 8, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 8 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 8 and incorporate by reference the full contents of the March 30, 2021 press release as if attached hereto.

9. Defendants admit that on March 30, 2021, Romeo held an earnings call during which the phrases quoted in SAC Paragraph 9 were spoken, but deny that these phrases are a complete and accurate recitation of the relevant statements made during that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 9 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the

remaining allegations in SAC Paragraph 9 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

10.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 10, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 10 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 10 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

11.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 11, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 11 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 11 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

12.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 12, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 12 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 12 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

13.     Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 13, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 13 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 13 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

14.     SAC Paragraph 14 purports to quote a Morgan Stanley research report that Defendants did not author and which speaks for itself. Defendants refer to that report for a complete and accurate statement of its contents. Defendants deny the remaining allegations in SAC Paragraph 14.

15.     Defendants state that Romeo's stock price is a matter of public record and speaks for itself. Defendants deny the remaining allegations in SAC Paragraph 15.

16.     Defendants admit that on May 13, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing some of the information mentioned in SAC Paragraph 16, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the information paraphrased in SAC Paragraph 16 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 16 and incorporate by reference the full contents of the May 13, 2021 press release as if attached hereto.

17.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in SAC Paragraph 17 and on that basis deny the allegations.

18.    Defendants admit that on May 13, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 18, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 18 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 18 and incorporate by reference the full contents of the May 13, 2021 earnings call transcript as if attached hereto.

19.    Defendants admit that on May 13, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 19, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 19 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 19 and incorporate by reference the full contents of the May 13, 2021 earnings call transcript as if attached hereto.

20.    SAC Paragraph 20 purports to quote a Cowen research report that Defendants did not author and which speaks for itself.  Defendants refer to that report for a complete and accurate statement of its contents.  Romeo's stock price is a matter of public record and speaks for itself. Defendants deny the remaining allegations in SAC Paragraph 20.

21.    SAC Paragraph 21 purports to quote a Morgan Stanley research report that Defendants did not author and which speaks for itself.  Defendants refer to that report for a

complete and accurate statement of its contents.  Defendants deny the remaining allegations in SAC Paragraph 21.

22.     Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 22, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also admit that Susan Brennan became Romeo's CEO in August 2021. Defendants also state that the phrases quoted in SAC Paragraph 22 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 22 and incorporate by reference the full contents of the August 16, 2021 earnings call as if attached hereto.

23.     Defendants admit that on June 16, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing some of the information mentioned in SAC Paragraph 23, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document.  Defendants also admit that Kerry Shiba became Romeo's CFO in July 2021.   Defendants also state that the information paraphrased in SAC Paragraph 23 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.   Defendants deny the remaining allegations in SAC Paragraph 23 and incorporate by reference the full contents of the June 16, 2021 press release as if attached hereto.

24.     Defendants admit that on August 16, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing some of the information quoted in SAC

Paragraph 24, but deny that the paraphrased language in this paragraph is a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the information paraphrased in SAC Paragraph 24 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 24 and incorporate by reference the full contents of the August 16, 2021 press release as if attached hereto.

25. SAC Paragraph 25 purports to quote a Cowen research report that Defendants did not author and which speaks for itself. Defendants refer to that report for a complete and accurate statement of its contents. Defendants deny the remaining allegations in SAC Paragraph 25.

26. SAC Paragraph 26 purports to quote a Cowen research report that Defendants did not author and which speaks for itself. Defendants refer to that report for a complete and accurate statement of its contents. Defendants deny the remaining allegations in SAC Paragraph 26.

27. Defendants state that Romeo's stock price is a matter of public record and speaks for itself. Defendants deny the remaining allegations in SAC Paragraph 27.

28. SAC Paragraph 28 purports to quote a Morgan Stanley research report that Defendants did not author and which speaks for itself. Defendants refer to that report for a complete and accurate statement of its contents. Romeo's stock price is a matter of public record and speaks for itself. Defendants deny the remaining allegations in SAC Paragraph 28.

29. Defendants deny the allegations in SAC Paragraph 29.

## II. JURISDICTION AND VENUE

30. SAC Paragraph 30 alleges legal conclusions, to which no response is required. Defendants deny the remaining allegations in SAC Paragraph 30.

31.     SAC Paragraph 31 alleges legal conclusions, to which no response is required.  Defendants deny the remaining allegations in SAC Paragraph 31.

32.     SAC Paragraph 32 alleges legal conclusions, to which no response is required.  Defendants deny the remaining allegations in SAC Paragraph 32.

33.     SAC Paragraph 33 alleges legal conclusions, to which no response is required.  Defendants deny the remaining allegations in SAC Paragraph 33.

## III.    PARTIES

34.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in SAC Paragraph 34 and on that basis deny the allegations.

35.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in SAC Paragraph 35 and on that basis deny the allegations.

36.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in SAC Paragraph 36 and on that basis deny the allegations.

37.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in SAC Paragraph 36 and on that basis deny the allegations.

38.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in SAC Paragraph 36 and on that basis deny the allegations.

39.     Defendants admit that, as of the purported Class Period, Romeo was incorporated in Delaware, that its principal executive offices were located at 4380 Ayers Avenue in Vernon, California, and that its common stock traded on the NYSE under the symbol "RMO."  Defendants also admit that, as of the purported Class Period, Romeo's principal manufacturing facility was located at 4380 Ayers Avenue in Vernon, California, but deny that most of the information in SAC Paragraph 39 is accurate as of the date of filing of the SAC, and because Romeo was acquired by a subsidiary of Nikola Corporation on October 14, 2022, its principal manufacturing facility is currently located at 5560 Katella Avenue Cypress, California, 90630, and its stock no longer trades on the NYSE at all.

40.     Defendants admit that on October 15, 2020, Romeo filed the Registration Statement with the SEC containing a description of Mr. Selwood's employment history and other professional qualifications, but deny that SAC Paragraph 40 provides a complete and accurate recitation of Mr. Selwood's employment history and professional qualifications.

41.     Defendants admit that Mr. Selwood signed the Registration Statement, the January 2021 Shelf Registration Statement, the 2020 Form 10-K, and the 1Q 2021 Form 10-Q, as those terms are defined in the SAC.  The remainder of SAC Paragraph 41 alleges legal conclusions, to which no response is required.

42.     Defendants admit that on October 15, 2020, Romeo filed the Registration Statement with the SEC containing a description of Ms. Webb's employment history and other professional qualifications, but deny that SAC Paragraph 42 provides a complete and accurate recitation of Ms. Webb's employment history and professional qualifications.

43.     Defendants admit that Ms. Webb signed the Registration Statement, the January 2021 Shelf Registration Statement, the 2020 Form 10-K, and the 1Q 2021 Form 10-Q, as those

11

terms are defined in the SAC.  The remainder of SAC Paragraph 43 alleges legal conclusions, to which no response is required.

44.    SAC Paragraph 41 alleges legal conclusions, to which no response is required.  Defendants deny the remaining allegations in SAC Paragraph 44.

45.    SAC Paragraph 45 alleges legal conclusions, to which no response is required.

46.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 46.

47.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 47.

48.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 48.

49.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 49.

50.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 50.

51.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 51.

52.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 52.

53.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 53.

54.    SAC Paragraph 54 alleges legal conclusions, to which no response is required.

## IV.    SUBSTANTIVE ALLEGATIONS

55.    Defendants admit the allegations in SAC Paragraph 55.

56.    Defendants admit the allegations in SAC Paragraph 56.

57.    Defendants admit the allegations in SAC Paragraph 57.

58.    Defendants admit that RMG filed the Registration Statement on October 15, 2020, and that it was amended on November 20, 2020 and December 4, 2020 on Form S-4/A.

59.    Defendants admit that RMG filed the Proxy Statement on December 10, 2020, and that the SEC declared the Registration Statement effective on the same date.

60.    Defendants admit that on December 10, 2020, Romeo filed a Proxy Statement and Prospectus on Form 424(b)(3) with the SEC containing the figures quoted in SAC Paragraph 60, but deny that these figures are a complete and accurate recitation of the relevant statements made in that document.  Defendants deny the remaining allegations in SAC Paragraph 60 and incorporate

13

by reference the full contents of the December 10, 2020 Proxy Statement and Prospectus as if attached hereto.

61.    Defendants admit that on December 10, 2020, Romeo filed a Proxy Statement and Prospectus on Form 424(b)(3) with the SEC containing some of the information mentioned in SAC Paragraph 61, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the information paraphrased in SAC Paragraph 61 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.    Defendants deny the remaining allegations in SAC Paragraph 61 and incorporate by reference the full contents of the December 10, 2020 Proxy Statement and Prospectus as if attached hereto.

62.    Defendants admit that on December 10, 2020, Romeo filed a Proxy Statement and Prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 62, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.    Defendants also state that the phrases quoted in SAC Paragraph 62 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 62 and incorporate by reference the full contents of the December 10, 2020 Proxy Statement and Prospectus as if attached hereto.

63.    Defendants admit the allegations in SAC Paragraph 63.

64.    Defendants admit the allegations in SAC Paragraph 64.

65.    Defendants admit the allegations in SAC Paragraph 65.

66.     The allegations in SAC Paragraph 66 appear to quote statements Defendants allegedly made in connection with the Business Combination, but do not reference any specific statements.  Defendants admit that public statements were made regarding Romeo's business prior to and in connection with the Business Combination.  Defendants refer to those statements for a complete and accurate statement of their contents.  Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 66 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 66.

67.     Defendants admit that the allegations in SAC Paragraph 67 were correct as of October 5, 2020.

68.     Defendants admit that on October 5, 2020, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted in SAC Paragraph 68, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 68 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 68 and incorporate by reference the full contents of the October 5, 2020 press release as if attached hereto.

69.     Defendants admit that the allegations in SAC Paragraph 69 were correct as of December 10, 2020.

70.     Defendants admit that on December 10, 2020, Romeo filed a Proxy Statement and Prospectus on Form 424(b)(3) with the SEC containing some of the information mentioned in SAC Paragraph 70, but deny that the paraphrased language is a complete and accurate recitation of the

15

relevant statements made in that document.  Defendants also state that the information paraphrased in SAC Paragraph 70 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 70 and incorporate by reference the full contents of the December 10, 2020 Proxy Statement and Prospectus as if attached hereto.

71.    Defendants admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing some of the information mentioned in SAC Paragraph 71, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document.  Defendants deny the remaining allegations in SAC Paragraph 71 and incorporate by reference the full contents of the January 19, 2021 Registration Statement as if attached hereto.  Defendants also state that the information paraphrased in SAC Paragraph 71 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The SAC claims that certain of the language mentioned in this paragraph appeared in October 15, 2020 Registration Statement filed on S-4 with the SEC.  That is incorrect and Defendants further deny this SAC Paragraph 71 on that basis.

72.    Defendants admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing the phrases quoted in SAC Paragraph 72, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants deny the remaining allegations in SAC Paragraph 72 and incorporate by reference the full contents of the January 19, 2021 Registration

Statement as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 72 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The SAC claims that certain of the language quoted in this paragraph appeared in October 15, 2020 Registration Statement filed on S-4 with the SEC.  That is incorrect and Defendants further deny this SAC Paragraph 72 on that basis.

73.    Defendants deny the allegations in SAC Paragraph 73.

74.    Defendants admit that on October 5, 2020, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted in SAC Paragraph 74, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 74 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 74 and incorporate by reference the full contents of the October 5, 2020 press release as if attached hereto.

75.    Defendants admit that on October 5, 2020, Romeo held an investor call containing the phrases quoted in SAC Paragraph 75, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that investor call.  Defendants also state that the phrases quoted in SAC Paragraph 75 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 75 and incorporate by reference the full contents of the October 5, 2020 investor call transcript as if attached hereto.

17

76.     Defendants admit that on December 10, 2020, Romeo filed a Proxy Statement and Prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 76, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing the phrases quoted in SAC Paragraph 76, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 76 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 76 and incorporate the reference the full contents of the December 10, 2020 Proxy Statement and Prospectus and the January 19, 2021 Registration Statement as if attached hereto.

77.     Defendants admit that on December 13, 2020, Mr. Selwood participated in an interview on Fox Business containing the phrases quoted in SAC Paragraph 77, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.  Defendants also state that the phrases quoted in SAC Paragraph 77 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 77 and incorporate by reference the full contents of the Fox Business interview as if attached hereto.

78.     Defendants admit that on December 10, 2020, Romeo filed a Proxy Statement and Prospectus on Form 424(b)(3) with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 78, but deny that these phrases

18

and the paraphrased language are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted and information paraphrased in SAC Paragraph 78 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 78 and incorporate by reference the full contents of the December 10, 2020 Proxy Statement and Prospectus as if attached hereto.

79.    Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Bob Mancini, and Phil Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 79, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 79 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 79 and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

80.    Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 80, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 80 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 80 and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

19

81.     Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 81, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 81 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 81 and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

82.     Defendants admit that on December 15, 2020, an article was published by Acuris Capital Intelligence containing the phrases quoted in SAC Paragraph 82, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 82 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 82 and incorporate by reference the full contents of the Acuris Capital Intelligence article as if attached hereto.

83.     Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 83, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 83 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the

remaining allegations in SAC Paragraph 83 and incorporate by reference the full contents of the January 26, 2021 Prospectus as if attached hereto.

84.    Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 84, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 81 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 84 and incorporate by reference the full contents of the January 26, 2021 Prospectus as if attached hereto.

85.    Defendants admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing the phrases quoted in SAC Paragraph 85, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 85 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 85 and incorporate by reference the full contents of the January 19, 2021 Registration Statement as if attached hereto.

86.    SAC Paragraph 86 purports to quote a Bezinga article that Defendants did not author and which speaks for itself. Defendants refer to that article for a complete and accurate statement of its contents. Defendants deny the remaining allegations in SAC Paragraph 86.

87.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of "the market." Defendants admit that on

January 26, 2021, February 16, 2021, and March 11, 2021, Romeo filed with the SEC a prospectus and prospectus supplements containing the phrases quoted and some of the information mentioned in SAC Paragraph 87, but deny that these phrases are a complete and accurate recitation of the relevant statements made in these documents. Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 87 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 87 and incorporate by reference the full contents of these documents as if attached hereto.

88.    Defendants admit that on February 25, 2021, Mr. Selwood participated in an interview with Alan Adler of FreightWaves containing the phrases quoted in SAC Paragraph 88, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 88 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 88 and incorporate by reference the full contents of the FreightWaves interview as if attached hereto.

89.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted and some of the information mentioned in SAC Paragraph 89, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 89 were accompanied by, and must be read with, risk factors and other explanatory

22

language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 89 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

90.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 90, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 90 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 90 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

91.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 91, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 91 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 91 and incorporate by reference the full contents of the earnings call transcript as if attached hereto.

92.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 92, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 92 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.

Defendants deny the remaining allegations in SAC Paragraph 92 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

93.     Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 93, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 93 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 93 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

94.     SAC Paragraph 94 purports to quote a Morgan Stanley research report that Defendants did not author and which speaks for itself.  Defendants refer to that report for a complete and accurate statement of its contents.  Defendants deny the remaining allegations in SAC Paragraph 94.

95.     SAC Paragraph 95 purports to quote a Cowen research report that Defendants did not author and which speaks for itself.   Defendants refer to that report for a complete and accurate statement of its contents.  Defendants deny the remaining allegations in SAC Paragraph 95.

96.     Defendants admit that on March 31, 2021, Romeo filed a Notification of Late Filing on Form 12b-25 with the SEC and refer to that filing for a complete and accurate statement of its contents.  Defendants deny the remaining allegations in SAC

Paragraph 96 and reference the full contents of the March 31, 2021 Notification of Late Filing as if attached hereto.

97.    Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing the phrases quoted in SAC Paragraph 97, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 97 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 97 and incorporate by reference the full contents of the April 15, 2021 Form 10-K as if attached hereto.

98.    Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing the phrases quoted in SAC Paragraph 98, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 98 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 98 and incorporate by reference the full contents of the April 15, 2021 10-K as if attached hereto.

99.    Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing some of the information mentioned in SAC Paragraph 99, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 99 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the

remaining allegations in SAC Paragraph 99 and incorporate by reference the full contents of the April 15, 2021 Form 10-K as if attached hereto.

100.    Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing the phrases quoted in SAC Paragraph 100, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted in SAC Paragraph 100 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 100 and incorporate by reference the full contents of the April 15, 2021 Form 10-K as if attached hereto.

101.    Defendants admit that on June 16, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing some of the information mentioned in SAC Paragraph 101, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the information paraphrased in SAC Paragraph 101 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 101 and incorporate by reference the full contents of the June 16, 2021 Form 8-K as if attached hereto.

102.    Defendants admit that on August 6, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 102, but deny that these phrases and the paraphrased language are a complete and accurate recitation of the relevant statements made in that

26

document.  Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 102 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 102 and incorporate by reference the full contents of the August 6, 2021 press release as if attached hereto.

103.    Defendants admit that on August 16, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing some of the information mentioned in SAC Paragraph 103, but deny that the paraphrased language is a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the information paraphrased in SAC Paragraph 103 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 103 and incorporate by reference the full contents of the August 16, 2021 press release as if attached hereto.

104.    Defendants admit that Romeo filed the following documents with the SEC: on April 15, 2021 an annual report on Form 10-K, on May 17, 2021 a Form 10-Q, and on August 16, 2021 a Form 10-Q, containing the information tabulated in SAC Paragraph 104, but deny that this tabulated information provides a complete and accurate recitation of the relevant information on these subjects presented in these documents.  Defendants also state that the information presented in SAC Paragraph 104 was accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 104 and incorporate by reference the full contents of these documents as if attached hereto.

105.     Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted and some of the information mentioned in SAC Paragraph 105, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted and information paraphrased in SAC Paragraph 105 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 105 and incorporate by reference the full contents of the August 16, 2021 earnings call transcript as if attached hereto.

106.     Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 106, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 106 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 106 and incorporate by reference the full contents of the August 16, 2021 earnings call transcript as if attached hereto.

107.     Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 107, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 107 were accompanied by, and must be read with, risk factors and other explanatory language included in the

28

Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 107 and incorporate by reference the full contents of the August 16, 2021 earnings call transcript as if attached hereto.

108.    Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 108, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 108 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 108 and incorporate by reference the full contents of the August 16, 2021 earnings call transcript as if attached hereto.

109.    Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 109, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 109 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 109 and incorporate by reference the full contents of the August 16, 2021 earnings call transcript as if attached hereto.

110.    SAC Paragraph 110 purports to quote an article from *The Motley Fool* that Defendants did not author and which speaks for itself.  Defendants refer to that article for a complete and accurate statement of its contents.  Defendants deny the remaining allegations in SAC Paragraph 110.

29

## V.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT

111.    Defendants admit that on October 5, 2020, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 111, but deny that these phrases and the paraphrased language are a complete and accurate recitation of the relevant statements made in that document.  Defendants also state that the phrases quoted and information paraphrased in SAC Paragraph 111 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 111 allege legal conclusions, to which no response is required and incorporate by reference the full contents of the October 5, 2020 press release as if attached hereto.

112.    Defendants admit that on October 5, 2020, Romeo held an investor call containing the phrases quoted in SAC Paragraph 111, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 111 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 111 and incorporate by reference the full contents of the October 5, 2020 press release as if attached hereto.

113.    SAC Paragraph 113 alleges legal conclusions, to which no response is required.

114.    Defendants admit that on October 15, 2020, Romeo filed a Registration Statement on Form S-4 with the SEC containing the phrases quoted in SAC Paragraph 114, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the October 15, 2020 Registration Statement as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 114 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 114 allege legal conclusions, to which no response is required

115.    Defendants admit that on October 15, 2020, Romeo filed a Registration Statement on Form S-4 with the SEC containing the phrases quoted in SAC Paragraph 115, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the October 15, 2020 Registration Statement as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 115 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 115 allege legal conclusions, to which no response is required.

116.    SAC Paragraph 116 alleges legal conclusions, to which no response is required.

117.    Defendants admit that on October 15, 2020, Romeo filed a Registration Statement on Form S-4 with the SEC containing the phrases quoted in SAC Paragraph 117, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the October 15, 2020 Registration Statement as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 117 were accompanied by, and must be read with, risk factors and other explanatory

31

language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 117 allege legal conclusions, to which no response is required.

118.    SAC Paragraph 118 alleges legal conclusions, to which no response is required.

119.    Defendants admit that on October 15, 2020, Romeo filed a Registration Statement on Form S-4 with the SEC containing the phrases quoted in SAC Paragraph 119, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the October 15, 2020 Registration Statement as if attached hereto. Defendants also state that the phrases quoted in SAC Paragraph 119 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 119 allege legal conclusions, to which no response is required.

120.    Defendants admit that on October 15, 2020, Romeo filed a Registration Statement on Form S-4 with the SEC containing the phrases quoted in SAC Paragraph 120, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the October 15, 2020 Registration Statement as if attached hereto. Defendants also state that the phrases quoted in SAC Paragraph 120 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 120 allege legal conclusions, to which no response is required.

121.    Defendants admit that on October 15, 2020, Romeo filed a Registration Statement on Form S-4 with the SEC containing the phrases quoted in SAC Paragraph 121, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.    Defendants incorporate by reference the full contents of the October 15, 2020 Registration Statement as if attached hereto.    Defendants also state that the phrases quoted in SAC Paragraph 121 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.    The remaining allegations in SAC Paragraph 121 allege legal conclusions, to which no response is required.

122.    SAC Paragraph 122 alleges legal conclusions, to which no response is required.

123.    SAC Paragraph 123 alleges legal conclusions, to which no response is required.

124.    Defendants admit that on December 13, 2020, Mr. Selwood participated in an interview on Fox Business containing the phrases quoted in SAC Paragraph 124, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.    Defendants also state that the phrases quoted in SAC Paragraph 124 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.    Defendants deny the remaining allegations in SAC Paragraph 124 and incorporate by reference the full contents of the Fox Business interview as if attached hereto.

125.    SAC Paragraph 125 alleges legal conclusions, to which no response is required.

126.    Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood by SPACs Attack containing the phrases quoted in SAC Paragraph 126, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.    Defendants also state that the phrases quoted in SAC

33

Paragraph 126 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 126 allege legal conclusions, to which no response is required and incorporate by reference the full contents of the SPACs Attack interview.

127.    Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood by SPACs Attack containing the phrases quoted in SAC Paragraph 127, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 127 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in Paragraph SAC 127 and incorporate by reference the full contents of the SPACs Attack interview as if attached hereto.

128.    SAC Paragraph 128 alleges legal conclusions, to which no response is required.

129.    Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 129, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 129 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 129 allege legal conclusions, to which no response is required and

34

incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

130.   SAC Paragraph 130 alleges legal conclusions, to which no response is required.

131.   Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 131, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 131 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 131 allege legal conclusions, to which no response is required and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

132.   Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 132, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 132 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 132 allege legal conclusions, to which no response is required and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

133.   Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 133, but deny that these phrases are

a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 133 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 133 allege legal conclusions, to which no response is required and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

134. SAC Paragraph 134 alleges legal conclusions, to which no response is required.

135. Defendants admit that on December 28, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood and Mr. Mancini by *Panic with Friends* containing the phrases quoted in SAC Paragraph 135, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 135 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 135 allege legal conclusions, to which no response is required and incorporate by reference the full contents of the *Panic with Friends* interview as if attached hereto.

136. SAC Paragraph 136 alleges legal conclusions, to which no response is required.

137. Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 137, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the

January 26, 2021 Prospectus as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 137 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 137 allege legal conclusions, to which no response is required.

138.    SAC Paragraph 138 alleges legal conclusions, to which no response is required.

139.    Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 139, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the January 26, 2021 Prospectus as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 139 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 139 allege legal conclusions, to which no response is required.

140.    Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 140, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the January 26, 2021, Prospectus as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 140 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 140 allege legal conclusions, to which no response is required.

141.    SAC Paragraph 141 alleges legal conclusions, to which no response is required.

142.  Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 142, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the January 26, 2021, Prospectus as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 142 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 142 allege legal conclusions, to which no response is required.

143.  Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 143, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the January 26, 2021, Prospectus as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 143 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 143 allege legal conclusions, to which no response is required.

144.  Defendants admit that on January 26, 2021, Romeo filed a prospectus on Form 424(b)(3) with the SEC containing the phrases quoted in SAC Paragraph 144, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the January 26, 2021, Prospectus as if attached hereto.  Defendants also state that the phrases

quoted in SAC Paragraph 144 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 144 allege legal conclusions, to which no response is required.

145.    SAC Paragraph 145 alleges legal conclusions, to which no response is required.

146.    SAC Paragraph 146 alleges legal conclusions, to which no response is required.

147.    Defendants admit that on February 25, 2021, Mr. Selwood participated in an interview with Alan Adler of FreightWaves containing the phrases quoted in SAC Paragraph 147, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.  Defendants also state that the phrases quoted in SAC Paragraph 147 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 147 and incorporate by reference the full contents of the FreightWaves interview as if attached hereto.

148.    SAC Paragraph 148 alleges legal conclusions, to which no response is required.

149.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 149, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 149 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.  The remaining allegations in SAC Paragraph 149 allege legal conclusions, to which no response is required.

150.     Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 150, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 150 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.  The remaining allegations in SAC Paragraph 150 allege legal conclusions, to which no response is required.

151.     SAC Paragraph 151 alleges legal conclusions, to which no response is required.

152.     Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing the phrases quoted in SAC Paragraph 152, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document.  Defendants incorporate by reference the full contents of the April 15, 2021 Form 10-K as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 152 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 152 allege legal conclusions, to which no response is required.

153.     SAC Paragraph 153 alleges legal conclusions, to which no response is required.

154.    Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing the phrases quoted in SAC Paragraph 154, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the April 15, 2021 Form 10-K as if attached hereto.  Defendants also state that the phrases quoted in SAC Paragraph 154 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 154 allege legal conclusions, to which no response is required.

155.    SAC Paragraph 155 alleges legal conclusions, to which no response is required.

156.    SAC Paragraph 156 alleges legal conclusions, to which no response is required.

157.    Defendants admit that on May 13, 2021, Romeo issued a press release, filed a Form 8-K with the SEC, and held an earnings call containing the phrases quoted in SAC Paragraph 157, but deny that these phrases are a complete and accurate recitation of the relevant statements made in these documents and that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 157 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  The remaining allegations in SAC Paragraph 157 allege legal conclusions, to which no response is required.

158.    Defendants admit that on May 13, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 158, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 158 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.

41

Defendants deny the remaining allegations in SAC Paragraph 158 and incorporate by reference the full contents of the May 13, 2021 earnings call transcript as if attached hereto.

159.    SAC Paragraph 159 alleges legal conclusions, to which no response is required.

160.    Defendants admit that on May 17, 2021, Romeo filed a Form 10-Q with the SEC containing the phrases quoted in SAC Paragraph 160, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the May 17, 2021 Form 10-Q as if attached hereto. Defendants also state that the phrases quoted in SAC Paragraph 160 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 160 allege legal conclusions, to which no response is required.

161.    Defendants admit that on May 17, 2021, Romeo filed a Form 10-Q with the SEC containing the phrases quoted in SAC Paragraph 161, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants incorporate by reference the full contents of the May 17, 2021 Form 10-Q as if attached hereto. Defendants also state that the phrases quoted in SAC Paragraph 161 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. The remaining allegations in SAC Paragraph 161 allege legal conclusions, to which no response is required.

162.    SAC Paragraph 162 alleges legal conclusions, to which no response is required.

163.    SAC Paragraph 163 alleges legal conclusions, to which no response is required.

164.    SAC Paragraph 164 alleges legal conclusions, to which no response is required.

## VI.    ADDITIONAL ALLEGATIONS REGARDING DEFENDANTS' SCIENTER

165.    SAC Paragraph 165 alleges legal conclusions, to which no response is required.

166.    Defendants admit that on April 15, 2021, Romeo filed an annual report on Form 10-K with the SEC containing the phrases quoted in SAC Paragraph 166, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 166 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 166 and incorporate by reference the full contents of the April 15, 2021 Form 10-K as if attached hereto.

167.    Defendants admit that on March 30, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 167, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call.  Defendants also state that the phrases quoted in SAC Paragraph 167 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 167 and incorporate by reference the full contents of the March 30, 2021 earnings call transcript as if attached hereto.

168.    Defendants admit that on December 17, 2020 Romeo filed with the SEC on Form 8-K the transcript of an interview of Mr. Selwood, Ms. Webb, Mr. Mancini, and Mr. Kassin by SPACInsider containing the phrases quoted in SAC Paragraph 168, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview.  Defendants

43

also state that the phrases quoted in SAC Paragraph 168 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 168 and incorporate by reference the full contents of the SPACInsider interview as if attached hereto.

169.    Defendants admit that on February 25, 2021, Mr. Selwood participated in an interview with Alan Adler of FreightWaves containing the phrases quoted in SAC Paragraph 169, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 169 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 169 and incorporate by reference the full contents of the FreightWaves interview as if attached hereto.

170.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in SAC Paragraph 170 concerning the statements or beliefs of unidentified individual CW1. Defendants deny the remaining allegations in SAC Paragraph 170.

171.    Defendants admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing the phrases quoted in SAC Paragraph 171, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 171 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny

44

the remaining allegations in SAC Paragraph 171 and incorporate by reference the full contents of the January 19, 2021 Registrations as if attached hereto.

172. SAC Paragraph 172 alleges legal conclusions, to which no response is required.

173. Defendants admit that on August 16, 2021, Romeo held an earnings call containing the phrases quoted in SAC Paragraph 173, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 173 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 173 and incorporate by reference the full contents of the August 16, 2021 earnings call transcript as if attached hereto.

174. Defendants admit that on February 25, 2021, Mr. Selwood participated in an interview with Alan Adler of FreightWaves containing the phrases quoted in SAC Paragraph 174, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that interview. Defendants also state that the phrases quoted in SAC Paragraph 174 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 174 and incorporate by reference the full contents of the FreightWaves interview as if attached hereto.

175. Defendants admit that on January 19, 2021, Romeo filed a Registration Statement on Form S-1 with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 175, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 175

45

were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in SAC Paragraph 175 concerning the statements or beliefs of unidentified individual CW1. Defendants deny the remaining allegations in SAC Paragraph 175 and incorporate by reference the full contents of the January 19, 2021 Registration Statement as if attached hereto.

176.    Defendants admit that on May 13, 2021, Romeo participated in an earnings call containing the phrases quoted in SAC Paragraph 176, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that earnings call. Defendants also state that the phrases quoted in SAC Paragraph 176 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 176 and incorporate by reference the full contents of the May 13, 2021 earnings call transcript as if attached hereto.

177.    Defendants admit that on June 16, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 177, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the relevant statements made in that document.  Defendants also admit that on August 6, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 177, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the

relevant statements made in that document. Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 177 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 177 and incorporate by reference the full contents of these documents as if attached hereto.

178. Defendants admit that on October 5, 2020, Romeo filed a Form 8-K with the SEC containing the phrases quoted in SAC Paragraph 178, but deny that these phrases are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted in SAC Paragraph 178 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. Defendants deny the remaining allegations in SAC Paragraph 178 and incorporate by reference the full contents of the October 5, 2020 Form 8-K as if attached hereto.

179. SAC Paragraph 179 alleges legal conclusions, to which no response is required.

## VII. DEFENDANT' MATERIAL MISSTATEMENT AND OMISSIONS IN THE PROXY STATEMENT IN VIOLATION OF SECTION 14(a) OF THE EXCHANGE ACT

180. Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required. To the extent a response is required, Defendants deny the allegations in SAC Paragraph 180.

181. Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required. To the extent a response is required, Defendants deny the allegations in SAC Paragraph 181.

182.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 182.

183.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 183.

184.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 184.

185.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 185.

186.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 186.

187.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 187.

188.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.   To the extent a response is required, Defendants deny the allegations in SAC Paragraph 188.

189.     Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 189.

190.     Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 190.

## VIII.   LOSS CAUSATION

191.     Defendants deny the allegations in SAC Paragraph 191.

192.     Defendants admit that on March 30, 2020, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted and some of the information mentioned in SAC Paragraph 192, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the relevant statements made in that document. Defendants also admit that on March 30, 2020, Romeo held an earnings call containing the phrases quoted and some of the information mentioned in SAC Paragraph 192, but deny that these phrases and the paraphrased language in this paragraph are a complete and accurate recitation of the relevant statements made in that document.  Romeo's stock price is a matter of public record and speaks for itself.  Defendants also state that the phrases quoted and information paraphrased in SAC Paragraph 192 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement.  Defendants deny the remaining allegations in SAC Paragraph 192 and incorporate by reference the full contents of these documents as if attached hereto.

193.     Defendants admit that on August 16, 2021, Romeo issued a press release and filed a Form 8-K with the SEC containing the phrases quoted and some of the information mentioned

49

in SAC Paragraph 193, but deny that these phrases and the paraphrased information are a complete and accurate recitation of the relevant statements made in that document. Defendants also state that the phrases quoted or information paraphrased in SAC Paragraph 193 were accompanied by, and must be read with, risk factors and other explanatory language included in the Registration Statement and Proxy Statement. SAC Paragraph 193 purports to quote a Cowen research report that Defendants did not author and which speaks for itself. Defendants refer to that report for a complete and accurate statement of its contents. Romeo's stock price is a matter of public record and speaks for itself. Defendants deny the remaining allegations in SAC Paragraph 193 and incorporate by reference the full contents of the August 16, 2021 Form 8-K as if attached hereto.

194.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required. To the extent a response is required, Defendants deny the allegations in SAC Paragraph 194.

195.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required. To the extent a response is required, Defendants deny the allegations in SAC Paragraph 195.

196.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required. To the extent a response is required, Defendants deny the allegations in SAC Paragraph 196.

197.    Defendants state that the claim this allegation supports has been dismissed from the case, thus no response is required. To the extent a response is required, Defendants deny the allegations in SAC Paragraph 197.

## IX.    APPLICABILITY OF THE PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

198.    SAC Paragraph 198 alleges legal conclusions, to which no response is required.

199.    SAC Paragraph 199 alleges legal conclusions, to which no response is required.

200.    SAC Paragraph 200 alleges legal conclusions, to which no response is required.

201.    SAC Paragraph 201 alleges legal conclusions, to which no response is required.

202.    SAC Paragraph 202 alleges legal conclusions, to which no response is required.

## X.    PLAINTIFFS' CLASS ACTION ALLEGATIONS

203.    Defendants admit that this is an action that purports to assert claims under the securities laws on behalf of persons and entities that purchased or otherwise acquired Romeo securities during the period October 5, 2020 through August 16, 2021.  No response is required to the remaining allegations in SAC Paragraph 203 that merely purport to describe the SAC, which speaks for itself.

204.    Defendants are without information or knowledge sufficient to form a belief as to Plaintiffs' beliefs concerning the number of Class Members.  The remaining allegations in SAC Paragraph 204 allege legal conclusions, to which no response is required.

205.    Defendants are without information or knowledge sufficient to form a belief as to Plaintiffs' description of themselves.  The remaining allegations in SAC Paragraph 205 allege legal conclusions, to which no response is required.

206.    SAC Paragraph 206 alleges legal conclusions, to which no response is required.

207.    SAC Paragraph 207 alleges legal conclusions, to which no response is required.

208.    SAC Paragraph 208 alleges legal conclusions, to which no response is required.

51

## XI.   NO SAFE HARBOR

209.   SAC Paragraph 209 alleges legal conclusions, to which no response is required.

210.   SAC Paragraph 210 alleges legal conclusions, to which no response is required.

## XII.   CAUSES OF ACTION

211.   SAC Paragraph 211 alleges legal conclusions, to which no response is required.

212.   SAC Paragraph 212 alleges legal conclusions, to which no response is required.

213.   SAC Paragraph 213 alleges legal conclusions, to which no response is required.

214.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 214 regarding the beliefs of the members of the purported Class.   The remaining allegations in SAC Paragraph 214 allege legal conclusions, to which no response is required.

215.   SAC Paragraph 215 alleges legal conclusions, to which no response is required.

216.   SAC Paragraph 216 alleges legal conclusions, to which no response is required.

217.   SAC Paragraph 217 alleges legal conclusions, to which no response is required.

218.   SAC Paragraph 218 alleges legal conclusions, to which no response is required.

219.    SAC Paragraph 219 alleges legal conclusions, to which no response is required.

220.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 220.

221.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 221.

222.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 222.

223.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 223.

224.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 224.

225.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 225.

226.    Defendants state that this claim has been dismissed from the case, thus no response is required.    To the extent a response is required, Defendants deny the allegations in SAC Paragraph 226.

227.    Defendants state that this claim has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 227.

228.    Defendants state that this claim has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 228.

229.    Defendants state that this claim has been dismissed from the case, thus no response is required.  To the extent a response is required, Defendants deny the allegations in SAC Paragraph 229.

## XIII.  PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief.

## XIV.  DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues triable by jury under applicable law.

### DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses to the Amended Complaint without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiffs and members of the purported Class.  The labeling of a defense below as an "affirmative" defense indicates only that Defendants intend to assert that defense in this matter.  It does not indicate that Defendants contend that they bear the burden of proving any or all of the elements of that particular defense.  Indeed, many of the defenses listed below are best interpreted as anticipated failures of proof by Plaintiffs rather than a defense for which Defendants bear the burden of proof or persuasion.

### FIRST AFFIRMATIVE DEFENSE

The SAC and each purported claim for relief fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs and the members of the putative Class did not suffer any damages, because the purported misstatements or omission alleged in the Complaint did not affect the market price of Romeo securities.  Factors other than the alleged untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct caused their alleged losses.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are not actionable as to the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Defendants that are forward-looking statements and are accompanied by meaningful cautionary statements, such that they fall within the Safe Harbor provision of the Private Securities Litigation Reform Act, as codified at 15 U.S.C. §77z-2(c)(1)(A) or (c)(2).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not actionable as to the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by the Defendants that are forward-looking statements and which Plaintiffs fail to prove were made with actual knowledge that the statement[s] were false or misleading, such that they fall within the Safe Harbor provision of the Private Securities Litigation Reform Act, as codified at 15 U.S.C. §77z-2(c)(1)(B).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported Class failed to act reasonably to mitigate their damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and the members of the putative class's alleged damages are subject to being offset by the amounts they have recovered from other defendants or third parties in connection with the claims alleged in the SAC and by the amounts they received in connection with the sale of their Romeo securities.

## SEVENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs and members of the purported Class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiffs or the purported Class members throughout their investments.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported Class would have acquired Romeo common stock even if, when acquired, Class members had known of the allegedly untrue statements of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

## NINTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and did not directly or induce any act or acts alleged to constitute a violation of law, and every act or omission alleged in the SAC was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

56

## TENTH AFFIRMATIVE DEFENSE

Any damage, loss, or liability sustained by Plaintiffs and members of the purported Class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

Based on Romeo's public disclosures, Plaintiffs and the members of the purported Class knew or should have known the financial condition of Romeo and the risks associated with Romeo's business, and in failing to consider these risks, Plaintiffs and each purported Class member assumed the risk that they might be damaged by acquiring Romeo stock.

## TWELFTH AFFIRMATIVE DEFENSE

If a false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, Plaintiffs and some or all of the members of the purported Class were aware of that misstatement or omission and/or did not rely upon it in acquiring Romeo stock.

## THIRTEENTH AFFIRMATIVE DEFENSE

Romeo's publicly filed documents contained sufficient cautionary language to bespeak caution with respect to the subject matter of each misrepresentation or omission alleged in the SAC.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged

statements made by Defendants were general statements of corporate optimism on which no reasonable investor would rely.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are not actionable because the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Defendants were statements of opinion.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and members of the purported Class's claims against Defendants are barred, in whole or in part, because the purported misstatements or omissions alleged in the SAC that are attributed to Defendants did not affect the market price of Defendant's securities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and members of the purposed Class's claims against Defendants are barred, in whole or in part, because Plaintiff and members of the purported Class lack standing to assert their claims against Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the purported Class are precluded from recovering attorneys' fees or experts' fees from Defendants under applicable provisions of law.

### NINETEENTH AFFIRMATIVE DEFENSE

Under any theory of liability, Plaintiffs and members of the purported Class may not recover damages based on depreciation in the value of Romeo securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business, which are cited in the SAC.

### TWENTIETH AFFIRMATIVE DEFENSE

Other parties not named in the SAC may be indispensable parties to this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and members of the purported Class's claims against Defendants are barred in whole or in part because of the comparative and/or contributory negligence of Plaintiffs, members of the purported Class, or other persons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This action is not properly maintainable as a class action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and members of the purported Class's claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are barred, in whole or in part, because any misrepresentations or omissions alleged in the SAC were not material.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are barred, in whole or in part, because Defendants reasonably relied in good faith on the professional judgments, opinions, and advice of legal, finance, and pharmaceutical professionals, and had no reasonable grounds to believe and did not believe that any statements made by them were materially false or misleading.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are barred, in whole or in part, because no act or omission by Defendants was the cause-in-fact or the proximate cause of any damage alleged by Plaintiffs and members of the purported Class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are barred, in whole or in part, because Defendants had no duty to disclose any facts allegedly not disclosed.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are barred, in whole or in part, because the alleged misstatements and omissions attributed to Defendants in the SAC were not made in connection with the purchase or sale of any securities by Plaintiffs and members of the purported Class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and members of the purported Class are seeking duplicative damages in action captioned *Shuhuan Yu v. RMG Sponsor, LLC*, No. 2021-0932-SG, pending in the Court of Chancery for the State of Delaware and, as such, may be subject to defenses of payment, release, and/or res judicata as necessary to avoid either the awarding of double damages for the same purported harm and/or a windfall recovery.

*      *      *

Defendants lack sufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them. Defendants therefore expressly reserve the right to plead additional affirmative and other defenses that may become

60

available or apparent during pretrial proceedings in this action and/or required by any further amendments to the SAC.

WHEREFORE, Defendants pray this Court enters judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That plaintiffs and the purported plaintiff class take nothing from Defendants by their SAC, and that the same be dismissed with prejudice;

3. For costs, attorneys' fees, expert witness fees, and court hearing costs incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated:  January 27, 2023

Respectfully Submitted,

**LATHAM & WATKINS LLP**

*/s/ Jeff G. Hammel*
Jeff G. Hammel
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: jeff.hammel@lw.com
        jason.hegt@lw.com

Kristin N. Murphy (admitted *pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755.8290
Email: kristin.murphy@lw.com

*Attorneys for Defendants Romeo Power Inc. (f/k/a RMG Acquisition Corp.), Lionel E. Selwood, Jr., and Lauren Webb*