**Jason C. Hegt**
Direct Dial: +1.212.906.1686
jason.hegt@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 24, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Romeo Power Inc. Securities Litigation*, No. 1:21-cv-03362-LGS

Dear Judge Schofield:

We write on behalf of Defendants Romeo Power, Inc. ("Romeo"), Lionel Selwood, and Lauren Webb (collectively, "Defendants").  Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases (the "Individual Rules"), we write to request permission to file  certain documents in support of Latham & Watkins LLP's Motion for Leave to Withdraw as counsel for Romeo (the "Motion") in redacted form, and unredacted versions *ex parte*[1] and under seal.  Specifically, we seek to file unredacted copies of the Memorandum of Law and the Declaration of Jason C. Hegt, dated May 24, 2023, both in support of the Motion, *ex parte* and under seal for the reasons set forth below.

While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents."  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts…. [A]fter determining the weight of the presumption of access, the court must balance competing considerations against it … [including] the privacy interests of those resisting disclosure.") (citations and internal quotation marks omitted).

Courts in this district routinely allow documents in support of motions to withdraw as counsel to be filed *ex parte* and under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel.  *See C.D.S. Inc. v. Zetler*, 16-CV-3199 (VM) (JLC), 2017 WL 1103004, at *4 n.2 (S.D.N.Y. Mar. 23, 2017) (noting that it is "typical" for

---

[1] Due to Latham's request to file *ex parte*, Latham is not including the appendix identifying all parties and attorneys of record who should have access to the sealed documents, as outlined in the Individual Rules, at this time.

**LATHAM & WATKINS** LLP

counsel seeking to withdraw "to submit its memorandum and any supporting materials ex parte given that the attorney-client relationship is implicated in the nature of its application"); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-cv-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998( ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

For the foregoing reasons, Latham respectfully requests that unredacted copies of the Memorandum of Law and Declaration be filed *ex parte* and under seal in order to protect the confidentiality interest of Defendants. In accordance with your Individual Rules, we will publicly file redacted versions of the Memorandum of Law and Declaration, which will be served on all counsel of record. Along with the Motion, Latham will also serve a complete and unredacted version of the Memorandum of Law and Declaration on Defendants.

Respectfully submitted,

*/s/ Jason C. Hegt*
Jason C. Hegt
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)

Application GRANTED. The documents filed at Dkt. Nos. 166 and 167 shall remain redacted, and the unredacted versions filed at Dkt. Nos. 168 and 169 shall remain *ex parte* and under seal.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

Filing the above-referenced documents in redacted form, and in unredacted form *ex parte* and under seal, is necessary to prevent the dissemination of information implicating the attorney-client relationship. *See Lugosch*, 435 F.3d at 125 (concluding that "attorney-client privilege might well be . . . a compelling reason" to maintain documents under seal); *accord Grossberg v. Fox Corp.*, No. 23 Civ. 2368, 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023). That information is not material to any issue currently presented in this case.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 164.

Dated: May 30, 2023
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE