**Jason C. Hegt**
Direct Dial: +1.212.906.1686
jason.hegt@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

August 1, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Plaintiffs shall obtain a certificate of default against Romeo by August 16, 2023.  The parties shall meet and confer to seek to agree to the appropriate time for Plaintiffs to move for default judgment against Romeo.  The parties shall advise the Court of this timeline for default judgment in the status letter currently due on October 4, 2023.*

*So Ordered.*

*Dated: August 2, 2023*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *In re Romeo Power Inc. Securities Litigation*, No. 1:21-cv-03362-LGS

Dear Judge Schofield:

We write on behalf of Defendants Lionel Selwood, Jr. and Lauren Webb (collectively, "Individual Defendants") in response to the Court's July 10, 2023 Order (ECF 175) and the failure of new counsel to appear on behalf of Defendant Romeo Power, Inc. ("Romeo") by July 31, 2023, as required.  The Individual Defendants do not object to the entry of a default against Romeo both for the reasons outlined in the Court's July 10, 2023 Order and because Romeo is in default of discovery obligations.[1]  However, the Individual Defendants write to address the negative implications to them of a default ***judgment***[2] against Romeo at this time.  The Individual Defendants thus request that no default judgment be entered against Romeo at this time and, to the extent any default is entered, request that the order entering the default include certain terms.

A default judgment against Romeo should not be entered now because it could unfairly prejudice the Individual Defendants.  The Individual Defendants are not directors or officers of Romeo, and have not been for some time, because Romeo was acquired by and "integrate[d]" into Nikola Corporation in October 2022.[3]  Accordingly, the Individual Defendants played no role in Romeo's decision to stop participating in this litigation or to commence a proceeding under California's Assignment for the Benefit of Creditors statute.  ECF 174.  Plaintiffs' remaining claims against the Individual Defendants should be independently adjudicated, and courts in the Second Circuit often delay entering a default judgment against a defaulting party to avoid prejudice or inconsistent judgments as to the non-defaulting parties.  *See Chain v. North East Freightways, Inc.*, 2020 WL 748 1142, at *18 (S.D.N.Y. Dec. 18, 2020) ("[t]he preferred practice is to postpone a decision on a default judgment until the case against the litigating defendants concludes").  The rationale behind postponing the default judgment is plain: "it might result in inconsistent judicial decrees, where a judgment is entered against the defaulting defendant while the non-defaulting

---

[1] On May 26, 2023, Plaintiffs served their second set of Requests for Production, first set of Interrogatories, and first set of Requests for Admission on Romeo; responses were due July 3, 2023.  On June 29, 2023, the Individual Defendants served their second set of Requests for Production on Romeo; responses were due July 31, 2023.  To date, Romeo has not responded to any of this discovery.

[2] The entry of a default, by contrast, is simply the acknowledgement that a default has occurred and permits the plaintiff to move for entry of a default judgment under Rule 55(b).  *See* Fed. R. Civ. P. 55.

[3] *See* Press Release, Nikola Corporation, Oct. 14, 2022, https://tinyurl.com/bdfezkfs.

Hon. Lorna G. Schofield
August 1, 2023
Page 2

LATHAM&WATKINS LLP

defendants are relieved from liability after trial." *Bleecker v. Zetian Sys., Inc.*, 2013 WL 595 1162, at *6 (S.D.N.Y. Nov. 1, 2013); *see also Economist's Advocate, LLC v. Cognitive Arts Corp.*, 2004 WL 2650906, at *3 (S.D.N.Y. Nov. 22, 2004) ("[I]n a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the [trial] of the action on the merits of the [non-defaulting] defendants."). Accordingly, while we have no objection to the Court entering a <u>default</u> against Romeo, we ask that the Court not enter a <u>default judgment</u> at this time.

If the Court enters a default (or a default judgment), the Individual Defendants respectfully request the following to preserve their rights. ***First***, any order should specify that it cannot be used or admissible for any purpose, or have any preclusive effect, against the Individual Defendants because it is "well-established" that "default judgments lack issue-preclusive effect" and cannot be used "to establish [an] element" of a claim in a merits determination against non-defaulting party. *Mishkin v. Furian (In re Adler, Coleman Clearing Corp.)*, 205 Fed. App'x 856, 857-58 (2d Cir. 2006); *Abrams v. Interco Inc.*, 719 F.2d 23, 34 n.9 (2d Cir. 1983) (same).

***Second***, any such order should specify that damages, if any, cannot be collectible against the Individual Defendants unless this matter is concluded as to them and on the merits. The remaining claims are brought pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78, *et seq*. ("Exchange Act"), which provides for joint and several liability "only if the trier of fact specifically determines that" a particular defendant "knowingly committed a violation of the securities laws." 15 U.S.C. § 78u-4(f)(2)(A). Because a default against Romeo would have no preclusive effect against the Individual Defendants, they cannot be jointly and severally liable until after a resolution of the claims against them on the merits (if ever). We therefore ask that any order make clear that damages cannot be collectible against the Individual Defendants until this case is concluded as to them on the merits.

***Third***, any default or default judgment should specify that it does not disturb the proportionate fault, contribution bar, and judgment reduction provisions of the Private Securities Litigation Reform Act. *See* 15 U.S.C. §§ 78u-4(f). In particular, if the Court enters a default judgment against Romeo prior to entry of a final judgment against the Individual Defendants, then any such default judgment should make clear that (i) it does not extinguish the Individual Defendants' rights to seek contribution from Romeo for amounts, if any, for which they are held jointly and severally liable (*id.* at 78u-4(f)(5)), and (ii) if Romeo pays any amount in satisfaction of the default judgment, then any judgment against the Individual Defendants "shall be reduced by the greater of" "an amount that corresponds to the percentage of responsibility" the finder of fact attributes to Romeo or "the amount paid to the [P]laintiff[s]" by Romeo (*id.* at §78u-4(f)(7)(B)).

***Fourth***, any default or default judgment should make clear that it does not in any way discharge Romeo or its parent company, Nikola Corporation, from any of their obligations, including with respect to indemnification of the Individual Defendants and their obligations to respond to discovery requests lawfully propounded by any Party to this Action.

The Individual Defendants respectfully request that the Court consider the foregoing issues in connection with the entry of any default or default judgment against Romeo, as the Individual Defendants intend to continue defending the claims against them in this action.

**Hon. Lorna G. Schofield**
**August 1, 2023**
**Page 3**

LATHAM&WATKINS LLP

Respectfully submitted,

*/s/ Jason C. Hegt*
Jason C. Hegt
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)
        and Romeo Power, Inc. (via U.S. Mail)

LATHAM&WATKINS LLP