# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS |

**DECLARATION OF MELISSA MEJIA REGARDING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) REPORT ON CLAIMS RECEIVED TO DATE; AND (D) REPORT ON REQUESTS FOR <u>EXCLUSION RECEIVED TO DATE</u>**

I, Melissa Mejia, hereby declare under penalty of perjury as follows:

1.      I am a Senior Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq").[1]   Pursuant to the Court's January 30, 2024, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 197) (the "Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator in connection with the proposed Settlement reached in the above-captioned action (the "Action").  The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

## DISSEMINATION OF THE NOTICE

2.      Pursuant to the Preliminary Approval Order, Epiq mailed the Postcard Notice to potential Settlement Class Members.  The Postcard Notice included a description of the Settlement and directed potential Settlement Class Members to the Settlement Website (www.RomeoPowerSecuritiesSettlement.com), for additional information about the case, to file a claim using the online claims filing portal, or download the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim Form. True and correct copies of the Postcard Notice, Notice and Proof of Claim Form are attached hereto as Exhibits A, B and C, respectively.

3.      On January 11, 2024, Epiq received files from Lead Counsel containing names and addresses of potential Settlement Class Members from Romeo Power Inc.'s ("Romeo") transfer agent.  Additionally, on January 17, 2024, Epiq received from Lead Counsel, names and addresses

---

[1] Unless otherwise defined in this declaration, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated December 8, 2023 ("Stipulation"), and previously filed with the Court.  *See* ECF No. 191-1.

of Romeo's shareholders who contacted Lead Counsel during the pendency of this Action. Epiq formatted the Postcard Notice and caused it to be printed, personalized with the name and address of each potential Settlement Class Member, posted for first-class mail, postage prepaid, and mailed to these 304 potential Settlement Class Members on February 28, 2024.

4.      As in most class actions of this nature, the vast majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates an internal list of the largest and most common banks, brokers, and other nominees. At the time of the initial mailing, Epiq's internal broker list contained 991 mailing records. On February 28, 2024, Epiq caused its letter to brokers, banks, and other nominees (the "Broker Notice"), along with the Postcard Notice, to be mailed to the 991 mailing records contained in its internal broker list.

5.      In total, 1,295 copies of the Postcard Notice were mailed to potential Settlement Class Members and nominees by first-class mail on February 28, 2024.

6.      The Broker Notice directed that any persons or entities that purchased or otherwise acquired Romeo securities during the Settlement Class Period for the beneficial interest of a person or entity other than themselves to either: (a) provide to Epiq the names, mailing addresses and email addresses (to the extent available) of such beneficial owners no later than seven (7) calendar days after such nominees' receipt of the Broker Notice; or (b) request additional copies of the Postcard Notice for such beneficial owners from Epiq no later than seven (7) calendar days after receipt of the Broker Notice, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners.

3

7. Through May 29, 2024, Epiq mailed an additional 61,994 Postcard Notices to potential members of the Settlement Class based on requests received from individuals, entities, or nominees requesting that Postcard Notices be mailed to such persons or entities. Epiq also mailed another 181,721 unaddressed Postcard Notices to nominees that requested Postcard Notices for forwarding to their customers. Each mailing request was responded to in a timely manner, and Epiq will continue to timely respond to any additional requests received.

8. As of May 28, 2024, an aggregate of 245,010 Postcard Notices have been disseminated to potential Settlement Class Members and nominees by first-class mail. In addition, Epiq has re-mailed 951 Postcard Notices to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were obtained through the U.S. Postal Service National Change of Address database. As of May 28, 2024, a total of 6,435 Postcard Notices remain undeliverable.

9. Where potential Settlement Class Members have requested a copy of the Notice and Proof of Claim Form, Epiq has timely responded to each request. As of May 28, 2024, Epiq has mailed 162 Notices and Proof of Claim Forms. Epiq will continue to timely respond to any additional requests received.

10. Accordingly, not including the 6,435 Postcard Notices that remain undeliverable, as of May 28, 2024, a total of 238,737 Postcard Notices and Notices and Proof of Claim Forms have been disseminated to potential Settlement Class Members and nominees by first-class mail.

11. Epiq also caused the Postcard Notice to be published by the Depository Trust Company ("DTC") on the DTC Legan Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Postcard Notice and contact Epiq for copies of the Postcard Notice for their beneficial holders.

**PUBLICATION OF THE SUMMARY NOTICE**

12.    Pursuant to the Preliminary Approval Order, Epiq caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") to be published once in *Investor's Business Weekly* and to be transmitted once over *PRNewswire* on February 12, 2024.  Attached as Exhibit D is a Confirmation of Publication attesting to the publication of the Summary Notice in *Investor's Business Weekly* and a screenshot attesting to the transmittal of the Summary Notice over *PRNewswire*.

**CALL CENTER SERVICES**

13.    Epiq reserved a toll-free phone number for this Action, 1-877-915-1127, which was set forth in the Postcard Notice, Notice, Proof of Claim Form, Summary Notice, and on the Settlement Website.

14.    The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a summary of the Action and the option to request a copy of the Notice and Proof of Claim Form.  The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.  Epiq made the IVR available on February 12, 2024.

15.    In addition, Monday through Friday from 6:00 a.m. to 6:00 p.m. Pacific Time (excluding official holidays), callers can speak to a live operator regarding the status of the Administration and/or obtain answers to questions they may have about communications they receive from Epiq.  During other hours, callers may leave a message for an agent to call them back. As of the date of this declaration, Epiq has received a total of 1,013 calls to the toll-free number.  Where callback was requested, all calls were promptly returned.

5

## SETTLEMENT WEBSITE

16.    In accordance with paragraph 7(b) of the Preliminary Approval Order, Epiq designed, implemented, and currently maintains the Settlement Website, a case-specific website dedicated to the Settlement.  The website address for the Settlement Website was set forth in the Postcard Notice, Notice, Proof of Claim Form, and Summary Notice.  The Settlement Website became operational on February 12, 2024.  It is accessible 24 hours a day, 7 days a week, allows for online claim filing, and provides instructions and a claims filing template for institutional investors.

17.    The Settlement Website also includes general information regarding the Settlement, including the exclusion, objection, and claim-filing deadlines, as well as the date and time of the Court's Settlement Hearing and information on how to call into the Settlement Hearing.  In addition, Epiq posted downloadable copies of the Notice, Proof of Claim Form, Plan of Allocation, Stipulation, Preliminary Approval Order, and the Second Amended Complaint on the Settlement Website.  A true and correct copy of the Plan of Allocation is attached hereto as Exhibit E.

18.    As of the date of this declaration, there have been 16,699 unique visitors to the Settlement Website.

19.    Epiq will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of this administration.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

20.    The Postcard Notice, Notice, Settlement Website, and Summary Notice all informed potential Settlement Class Members that requests for exclusion are to be sent to the Claims Administrator, such that they are received by Epiq no later than June 19, 2024.  The Settlement Website and Notice also set forth the information that must be included in each request

for exclusion.  Through May 28, 2024, Epiq has received one request for exclusion.  A copy of the request for exclusion is attached hereto as Exhibit F.

## CLAIMS RECEIVED TO DATE

21.    The Postcard Notice, Notice, Summary Notice and Settlement Website informed potential Settlement Class Members that if they wished to participate in the Settlement, they must submit a Proof of Claim Form to Epiq, with supporting documentation, postmarked or received by May 29, 2024.  As of the date of this declaration, Epiq has received 8,330 claims by mail or electronically.  In Epiq's experience, the vast majority of claimants submit their claims on or shortly before the deadline.  In particular, the majority of institutional investors, brokers, and nominees typically file Proof of Claims Form electronically on or near the claims deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 29, 2024, at New York, New York.


*Melissa Mejia*
Melissa Mejia

7

# EXHIBIT A

*In re Romeo Power Inc. Securities Litigation*
c/o Epiq Systems, Inc.
PO Box 3719
Portland, OR 97208-3719

PRESORTED
FIRST-CLASS MAIL
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Romeo Power Inc. Securities Litigation*
Case No. 1:21-cv-03362-LGS

<<MAILID>>
<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<ADDRESS3>>
<<ADDRESS4>>
<<ADDRESS5>>
<<CITY, STATE ZIPCODE>>
<<COUNTRY>>

**THIS CARD PROVIDES ONLY SUMMARY INFORMATION ABOUT THE SETTLEMENT.**
*PLEASE VISIT WWW.ROMEOPOWERSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims in a class action lawsuit against Lionel Selwood and Lauren Webb ("Individual Defendants") of Romeo Power Inc. ("Romeo"). In the lawsuit Plaintiffs allege that the Individual Defendants disseminated materially false and misleading information to the investing public about Romeo, in violation of the federal securities laws. The Individual Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired publicly traded: (i) common stock and/or warrants of Romeo, and/or (ii) RMG Acquisition Corp. ("RMG") Class A common stock, warrants and/or units (collectively, "Romeo Securities"), between October 5, 2020 and August 16, 2021, inclusive, and been damaged thereby.

The Individual Defendants have agreed to pay a Settlement Amount of $14,900,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, visit the Settlement Website (www.RomeoPowerSecuritiesSettlement.com) and review the Stipulation and full Notice.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Romeo Securities. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.17 per eligible security before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement Website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the Settlement Website or will be mailed to you upon request to the Claims Administrator (877-915-1127). **Claim Forms must be submitted online or postmarked by <u>May 29, 2024</u>**. If you do not want to be legally bound by the Settlement, you must exclude yourself by June 19, 2024, or you will not be able to sue the Individual Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by June 19, 2024. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a telephonic hearing in this case on July 10, 2024, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $486,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an amount not to collectively exceed $80,000. You may attend the hearing telephonically and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-915-1127) or visit the Settlement Website www.RomeoPowerSecuritiesSettlement.com and read the detailed Notice. AJ7852 v.03

# EXHIBIT B

**ExhibitA-1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ROMEO POWER INC.<br>SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;**
**(II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Southern District of New York (the "Court") if, during the period between October 5, 2020 and August 16, 2021, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired publicly traded: (i) RMG Acquisition Corp. ("RMG") Class A common stock or Romeo Power, Inc. ("Romeo") common stock (collectively, "Romeo Common Stock"); (ii) RMG warrants or Romeo warrants (collectively, "Romeo Warrants"); and/or (iii) RMG units ("RMG Units"), and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed lead plaintiff Mike Castleberg ("Lead Plaintiff"), and additional plaintiffs Joshua Cante, Nathaniel Tapia, Artur Chimchirian, and Van Nguyen (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 29 below), have reached a proposed settlement of the Action for $14,900,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Individual Defendants (defined below), any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 74 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Romeo and individual defendants Lionel E. Selwood, Jr. ("Selwood") and Lauren Webb ("Webb"; and together with Selwood, "Individual Defendants") violated the federal securities laws by making false and misleading statements regarding Romeo.[3] A more detailed description of the Action is set forth in ¶¶ 11-28 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 29 below.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 7, 2023 (the "Stipulation"), which is available at www.RomeoPowerSecuritiesSettlement.com.

[2] RMG Units, Romeo Common Stock, and Romeo Warrants are collectively referred to herein as "Romeo Securities."

[3] The term "Parties" means, collectively, Plaintiffs and the Individual Defendants. Plaintiffs and the Individual Defendants are the persons who have entered into the Settlement. Romeo (f/k/a RMG Acquisition Corp. ("RMG")) and its parent, Nikola Corporation ("Nikola"), are not parties to the Settlement.

AJ8001 v.03

2.    **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a non-reversionary payment of $14,900,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is posted online at www.RomeoPowerSecuritiesSettlement.com (the "Settlement Website").

3.    **Estimate of Average Amount of Recovery Per Romeo Security:** Based on Plaintiffs' damages expert's estimates of the number of Romeo Securities at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.17 per Romeo Security eligible to participate in the Settlement. Settlement Class Members should note, however, that the foregoing average recovery per share or warrant is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Romeo Securities they purchased, when and at what prices they purchased/acquired or sold their Romeo Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Romeo Security:** The Parties do not agree on the average amount of damages per Romeo Security that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, the Individual Defendants deny that Plaintiffs have asserted any valid claims and expressly deny all allegations of fault, liability, wrongdoing or damages whatsoever.

5.    **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Individual Defendants, in an amount not to exceed $566,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost, if the Court approves Lead Counsel's fee and expense application, is $0.06 per affected Romeo Security.

6.    **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.    **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. The Individual Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

AJ8002 v.03

2

## YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN MAY 29, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Individual Defendants and the other Released Defendant Parties (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 19, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Individual Defendants or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 19, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **JOIN A TELEPHONIC HEARING ON JULY 10, 2024 AT 3:45 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 19, 2024.** | Filing a written objection and notice of intention to appear by June 19, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? ............................................................................................Page 4

What Is This Case About? ............................................................................................................Page 4

How Do I Know If I Am Affected By The Settlement? Who Is Included
In The Settlement Class?............................................................................................................Page 6

What Are Lead Plaintiffs' Reasons For The Settlement?............................................................Page 6

What Might Happen If There Were No Settlement? ....................................................................Page 7

How Are Settlement Class Members Affected By The Action And The Settlement?...................Page 7

How Do I Participate In The Settlement? What Do I Need To Do?..............................................Page 8

How Much Will My Payment Be? ...............................................................................................Page 9

What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid?................................................................................................Page 10

What If I Do Not Want To Be A Member Of The Settlement Class?
How Do I Exclude Myself? .......................................................................................................Page 10

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing? May I Speak At The Hearing If I
Don't Like The Settlement? .......................................................................................................Page 11

What If I Bought Shares On Someone Else's Behalf? ................................................................Page 12

Can I See The Court File? Whom Should I Contact If I Have Questions? ..................................Page 12

AJ8003 v.03

3

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Romeo Securities during the Settlement Class Period. The Court also directed that this Notice be posted online at www.RomeoPowerSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 63-65 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Beginning on April 16, 2021, two class action complaints were filed in the United States District Court for the Southern District of New York (the "Court"), captioned *Nichols v. Romeo Power, Inc. et al.*, Case No. 1:21-cv-03362, and *Toner v. Romeo Power, Inc., et al.*, Case No. 1:21-cv-04058. By Order dated July 15, 2021, the Court ordered that the *Nichols and Toner* cases be consolidated and recaptioned as *In re Romeo Power Inc. Securities Litigation*, Case No. 1:21-cv-03362; appointed Mike Castleberg as Lead Plaintiff for the consolidated action; and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.

12.    On September 15, 2021, Lead Plaintiff and additional plaintiff Joshua Cante filed and served their Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") asserting the following claims: (a) against Romeo and the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5; (b) against Romeo, the Individual Defendants, and the RMG Defendants[4] under Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder; and (c) against the Individual Defendants and RMG Defendants under Section 20(a) of the Exchange Act. Among other things, the Amended Complaint alleged that defendants made materially false and misleading statements about Romeo's battery cell suppliers and the Company's risk disclosures related thereto, as well as materially false and misleading statements about the Company's contracted revenue (or "backlog"). The Amended Complaint further alleged that the prices of Romeo's publicly-traded securities were artificially inflated as a result of defendants' allegedly false and misleading statements, and declined when the truth was revealed.

13.    On November 5, 2021, defendants filed and served a motion to dismiss the Amended Complaint and a request for judicial notice of 13 exhibits. On December 3, 2021, Lead Plaintiff Castleberg and additional plaintiff Cante filed and served their papers in opposition to defendants' motion to dismiss, to defendants' request for judicial notice, and filed a separate request for judicial notice. On December 17, 2021, defendants filed and served their reply papers.

14.    On June 2, 2022, the Court entered its Opinion and Order that granted in part and denied in part, defendants' motion. Based on the Court's Order, the claims pursuant to Section 14(a) of the Exchange Act were dismissed, as well as the claims against the RMG Defendants pursuant to Section 20(a) of the Exchange Act.

15.    On June 16 2022, Romeo and the Individual Defendants (collectively, "Defendants") filed a motion for reconsideration and/or clarification of the Court's Opinion and Order dated June 2, 2022. On June 24, 2022, Lead Plaintiff Castleberg and additional plaintiff Cante filed a response in opposition to Defendants' motion. On August 26, 2022, the Court denied Defendants' motion in its entirety.

---

[4] RMG Defendants refers to Robert S. Mancini, D. James Carpenter, Philip Kassin, Steven P. Buffone, W. Grant Gregory, W. Thaddeus Miller, and Craig Broderick.

16. On July 14, 2022, Defendants filed and served an answer to the Amended Complaint.

17. On January 5, 2023, Lead Plaintiff Castleberg and additional plaintiff Cante filed a letter requesting a pre-motion conference with the Court to seek leave to file a motion to add Nathaniel Tapia, Artur Chimchirian, and Van Nguyen as named plaintiffs in the Action. That same day, the Court directed Plaintiffs to file a second amended complaint by January 13, 2023, naming the additional plaintiffs.

18. On January 13 and 17,[5] 2023, Plaintiffs filed and served their Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), which mirrored the Amended Complaint with the exception of adding Nathaniel Tapia, Artur Chimchirian, and Van Nguyen as named plaintiffs in the Action.

19. On March 1, 2023, Plaintiffs filed and served their motion for class certification, together with the expert report of Dr. Matthew Cain regarding market efficiency. On April 19, 2023, after deposing each of the 5 proposed class representatives and Plaintiffs' market efficiency expert, Defendants filed and served their response in opposition to Plaintiffs' motion for class certification. On May 3, 2023, Plaintiffs filed and served their reply in further support of their motion for class certification. On May 10, 2023, Defendants filed and served a letter motion requesting leave to file a sur-reply in further opposition to Plaintiffs' motion for class certification, which Plaintiffs opposed on May 17, 2023. The Court granted Defendants' motion for leave and directed Defendants to file their sur-reply in further opposition to Plaintiffs' motion for class certification by May 19, 2023, which Defendants filed on May 18, 2023.

20. While Plaintiffs were actively pursuing fact discovery the Plaintiffs and Defendants agreed to participate in a private mediation. Plaintiffs and Defendants selected former United States District Court Judge Layn R. Phillips to serve as mediator. Plaintiffs and Defendants exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. Plaintiffs and Defendants participated in a full-day mediation session in New York on March 23, 2023. The session ended without an agreement to settle and the Plaintiffs and Defendants continued with discovery.

21. On May 24, 2023, counsel for defendant Romeo filed and served a motion for leave to withdraw as counsel for Romeo. On May 30, 2023, the Court reserved its decision on the motion for leave to withdraw as counsel and directed the Parties to file a joint status letter by June 2, 2023. In accordance with the Court's directive, on June 2, 2023, the Parties filed their eleventh joint status letter.

22. On June 6, 2023, the Court granted counsel for Romeo's motion to withdraw as counsel for defendant Romeo. The Court further ordered Romeo to retain new counsel and such counsel to appear by June 30, 2023.

23. On July 25, 2023, Plaintiffs and the Individual Defendants jointly requested an extension of the case schedule. The Court denied the application without prejudice and directed Romeo's insolvency counsel to inform the Court if there were legal impediments to a default judgment by August 1, 2023. On August 1, 2023, counsel for the Individual Defendants filed a letter in response to the Court's August 1, 2023 directive.

24. From July 2022 through August 2023, counsel for Plaintiffs and Individual Defendants completed extensive fact discovery. Plaintiffs propounded two sets of requests for production of documents, one set of interrogatories, and one set of requests for admissions, and Defendants propounded one set of interrogatories upon each Plaintiff and a second set of interrogatories upon all Plaintiffs. Plaintiffs served eight subpoenas *duces tecum* on various third parties, including Romeo's purported battery cell suppliers and financial advisors. In the course of the one-year discovery period, Lead Counsel conducted targeted reviewed and analysis of approximately 2,227,554 pages of documents produced by Romeo, the Individual Defendants and third parties. Plaintiffs produced approximately 6,298 pages of documents to Defendants, each responded to Defendants' first set of interrogatories, and each prepared and sat for their deposition in connection with Plaintiffs' motion for class certification.

25. As fact discovery progressed, Plaintiffs and the Individual Defendants agreed to engage in another mediation session to re-visit whether a settlement could be reached, with Judge Phillips again serving as mediator. Plaintiffs and the Individual Defendants exchanged detailed mediation statements and exhibits on the issues of liability and damages in advance of another full-day mediation session with Judge Phillips, which occurred on August 8, 2023. The session culminated in Judge Phillips presenting a mediator's recommendation that the Action be settled for $14,900,000. Plaintiffs and the Individual Defendants thereafter accepted the mediator's proposal reaching an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on the same day. The Term Sheet sets forth, among other things, Plaintiffs' agreement to settle and release all claims asserted against Individual Defendants in the Action in return for a cash payment by or on behalf of Individual Defendants of $14,900,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

_____

[5] The Court directed Plaintiffs to correct a filing deficiency related to the Complaint, which they did on January 17, 2023.

26. Based on the investigation, prosecution, and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

27. The Individual Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each Individual Defendant denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Individual Defendants, or any other of the Released Defendant Parties (defined in ¶ 39 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Individual Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Individual Defendants' defenses to liability had any merit.

28. On January 30, 2024, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

29. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities that purchased or otherwise acquired Romeo Securities during the period October 5, 2020, through August 16, 2021, both dates inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) the Individual Defendants; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates of Romeo or RMG, including Nikola Corporation; (iii) any person who served as a partner, control person, officer and/or director of Romeo or RMG or Nikola Corporation, and any person or entity with the authority to designate a director of Romeo or RMG or Nikola Corporation, during the Settlement Class Period and their Immediate Family members; (iv) any entity in which the Individual Defendants, Romeo or RMG have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 10 below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.RomeoPowerSecuritiesSettlement.com, or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, online or postmarked no later than <u>May 29, 2024</u>.**

### WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

30. Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims against the Individual Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Moreover, Plaintiffs and Lead Counsel recognized that the Individual Defendants had numerous avenues of attack that could preclude recovery. For example, they would assert that the challenged statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claim alleged.

AJ8006 v.03

Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

31. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $14,900,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

32. The Individual Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Individual Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Individual Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Individual Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from the Individual Defendants. Also, if the Individual Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34. As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 11 below.

35. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 10 below.

36. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

37. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against the Individual Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 38 below) against the Individual Defendants and the other Released Defendant Parties (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

38. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Romeo Securities during the Settlement Class Period, including claims asserted in prior complaints in this Action. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement;

(ii) any claims asserted in the operative complaint in the action captioned *Yu v. RMG Sponsor, LLC, et al.*, No. 2021-0932-NAC (Del. Ch.), as of the Effective Date; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

39. "Released Defendant Parties" means Individual Defendants, as well as their respective agents, attorneys, representatives, insurers, reinsurers, and assigns, in their capacities as such. Released Defendant Partiesshall also include all persons who served as directors or officers of Romeo (including its predecessors), in their capacities as such. However, for the avoidance of doubt, Romeo and Nikola are not Released Defendant Parties, and neither Plaintiffs nor the Individual Defendants are releasing any claims they have or that have arisen or may arise against Romeo or Nikola related to this Action or the claims asserted.

40. "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, and any Released Individual Defendants' Claims which any Individual Defendant, or any other person or entity legally entitled to bring Released Individual Defendants' Claims on behalf of any Individual Defendant in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Individual Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR RELEASED PARTY.**

Plaintiffs and the Individual Defendants acknowledge, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41. The Judgment will also provide that, upon the Effective Date of the Settlement, Individual Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Individual Defendants' Claims on behalf of the Individual Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Individual Defendants' Claim (as defined in ¶ 42 below) against Plaintiffs and the other Released Plaintiff Parties (as defined in ¶ 43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Individual Defendants' Claims against any of the Released Plaintiff Parties.

42. "Released Individual Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Individual Defendants. Released Individual Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

43. "Released Plaintiff Parties" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

44. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **submitted online or postmarked no later than May 29, 2024**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.RomeoPowerSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 877-915-1127.

AJ8008 v.03

Please retain all records of your ownership of and transactions in Romeo Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

45. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

46. Pursuant to the Settlement, the Individual Defendants have agreed to pay or caused to be paid fourteen million nine hundred thousand dollars ($14,900,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve. Lead Counsel estimates that the Net Settlement Fund, before the addition of interest earned on the Settlement Fund, will be approximately $8,787,430, which equates to 58.98% of the Settlement Fund.

47. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

48. Neither the Individual Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. The Individual Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

49. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before May 29, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Released Defendant Parties (as defined in ¶ 39 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Released Defendant Parties whether or not such Settlement Class Member submits a Claim Form.

51. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Romeo Securities held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares, warrants and units that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Romeo Securities during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan. Romeo's, RMG's, and Nikola Corporation's employee retirement and/or benefit plan(s) are excluded from the Settlement Class.

52. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

53. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Romeo Securities during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Publicly traded Romeo common stock and warrants are the only securities that are included in the Settlement.

AJ8009 v.03

## PROPOSED PLAN OF ALLOCATION

55. The proposed Plan of Allocation (the "Plan of Allocation" or "Plan") is the plan for the distribution of the Net Settlement Fund that is being proposed by Plaintiffs and Lead Counsel to the Court for approval. The full Plan is posted on the Settlement Website at www.RomeoPowerSecuritiesSettlement.com. Paragraphs 56-57 below summarize the Plan.

56. Based on the formulas set forth in the Plan of Allocation, the Court-appointed Claims Administrator will calculate a "Recognized Loss Amount" for each purchase or acquisition of a Romeo Security during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided. The sum of a Claimants' Recognized Loss Amounts for all Romeo Securities will be a Claimant's "Recognized Claim."

57. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

58. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $566,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $80,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

59. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Romeo Power Inc. Securities Litigation*, EXCLUSIONS, c/o Epiq Systems, Inc., PO Box 3719, Portland, OR 97208-3719. The exclusion request must be *received* no later than June 19, 2024. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Romeo Power Inc. Securities Litigation*, Case No. 1:21-cv-03362"; and (c) be signed by the person or entity requesting exclusion or an authorized representative. In addition, a request for exclusion must state the number and type of Romeo Securities that the person or entity requesting exclusion purchased, acquired, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition and sale. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

60. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Parties.

61. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

62. The Individual Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Individual Defendants.

AJ80010 v.03

10

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

63. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

64. The Settlement Hearing will be held telephonically on July 10, 2024 at 3:45 p.m., at the United States District Court for the Southern District of New York, United States Courthouse, Courtroom 1106, 40 Foley Square, New York, NY 10007. The call-in number is (888) 363-4749, and the access code is 558-3333. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

65. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before June 19, 2024. You must also serve the papers on Lead Counsel and on Individual Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before June 19, 2024**.

| **Clerk's Office** | **Lead Counsel** | **Individual Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court United States Courthouse 500 Pearl Street New York, NY 10007 | **Glancy Prongay & Murray LLP** Kara Wolke, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **Latham & Watkins LLP** Jason Hegt, Esq. 1271 Avenue of the Americas New York, NY 10020 |

66. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of Romeo Securities that the objecting Settlement Class Member purchased, acquired and sold during the Settlement Class Period (*i.e.*, between October 5, 2020 and August 16, 2021, inclusive), as well as the dates and prices of each such purchase, acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

67. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

68. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Individual Defendants' Counsel at the addresses set forth above so that it is *received* **on or before June 19, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

69. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Individual Defendants' Counsel at the addresses set forth in ¶ 65 above so that the notice is *received* **on or before June 19, 2024**.

70. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

AJ80011 v.03

11

71. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72. If you purchased or otherwise acquired Romeo Securities between October 5, 2020 and August 16, 2021, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to *In re Romeo Power Inc. Securities Litigation*, c/o Epiq Systems, Inc., PO Box 3719, Portland, OR 97208-3719. If you choose the second option, the Claims Administrator will mail a copy of the Postcard Notice, and/or email a link to the Notice and Claim Form, to the beneficial owners. Nominees that choose the first option shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.

73. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; or $0.03 per name, address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of the Postcard Notice may be obtained by calling the Claims Administrator toll-free at 877-915-1127. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, United States Courthouse, 40 Foley Square, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.RomeoPowerSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *In re Romeo Power Inc. Securities Litigation* | and/or | Kara M. Wolke, Esq. |
|:---:|:---:|:---:|
| c/o Epiq Systems, Inc. | | GLANCY PRONGAY & MURRAY LLP |
| PO Box 3719 | | 1925 Century Park East, Suite 2100 |
| Portland, OR 97208-3719 | | Los Angeles, CA 90067 |
| 877-915-1127 | | (888) 773-9224 |
| www.RomeoPowerSecuritiesSettlement.com | | settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, INDIVIDUAL DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: January 30, 2024

By Order of the Court
United States District Court
Southern District of New York

AJ80012 v.03

12

# EXHIBIT C

*In re Romeo Power Inc. Securities Litigation*
c/o Epiq Systems, Inc.
PO Box 3719
Portland, OR 97208-3719
Toll-Free: 877-915-1127
Email: info@RomeoPowerSecuritiesSettlement.com
Settlement Website: www.RomeoPowerSecuritiesSettlement.com

### PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online at www.RomeoPowerSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than May 29, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I - CLAIMANT INFORMATION | 2 |
| PART II - GENERAL INSTRUCTIONS | 3–5 |
| PART III - SCHEDULE OF TRANSACTIONS IN RMG UNITS | 6–7 |
| PART IV - SCHEDULE OF TRANSACTIONS IN ROMEO COMMON STOCK | 8 |
| PART V - SCHEDULE OF TRANSACTIONS IN ROMEO WARRANTS | 9 |
| PART VI - RELEASE OF CLAIMS AND SIGNATURE | 10–12 |

01-**CA40070247**
AJ8011 v.05

1

## PART I - CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name                    MI      Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                MI      Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                            State      ZIP Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)                                Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)   ☐ Pension Plan                ☐ Trust

☐ Corporation                                  ☐ Estate

☐ IRA/401K                                     ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.,* when you are filing on behalf of distinct legal entities.

## PART II - GENERAL INSTRUCTIONS

1.   It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth on the Settlement Website. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the Releases described in the Settlement Notice and provided for in this Claim Form.

2.   This Claim Form is directed to all persons and entities that, during the period between October 5, 2020 and August 16, 2021, inclusive (the "Settlement Class Period"), purchased or otherwise acquired publicly traded: (i) RMG Acquisition Corp. ("RMG") Class A common stock or Romeo Power, Inc. ("Romeo") common stock (collectively, "Romeo Common Stock"); (ii) RMG warrants or Romeo warrants (collectively, "Romeo Warrants"); and/or (iii) RMG units ("RMG Units"), and were damaged thereby.[2] RMG Units, Romeo Common Stock, and Romeo Warrants are referred to collectively as "Romeo Securities." All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.   Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b)(i) the Individual Defendants; (ii) present and former parents, subsidiaries, assigns, successors, predecessors and affiliates of Romeo or RMG, including Nikola Corporation; (iii) any person who served as a partner, control person, officer and/or director or Romeo or RMG or Nikola Corporation during the Settlement Class Period and their Immediate Family members; (iv) any entity in which the Individual Defendants, Romeo or RMG have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

4.   If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.   If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.   You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.   Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth on the Settlement Website, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.   Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Romeo Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Romeo Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

---

[2] Prior to the December 29, 2020 business combination between RMG Acquisition Corp. and Romeo Power, Inc. (the "Business Combination"), RMG's Class A common stock, warrants and units were listed on the New York Stock Exchange (the "NYSE") under the symbols RMG, RMG.WT, and RMG.UT, respectively. Upon the closing of the Business Combination, the Company's common stock and warrants were listed on the NYSE under the symbols RMO and RMO.WT, respectively. All then-issued and outstanding RMG Units automatically separated into their component securities. The Company did not have publicly traded units following the Business Combination.

9.  Please note: Purchases/acquisitions of Romeo Common Stock after the Settlement Class Period are not eligible for a recovery from the Settlement. However, because the law provides for a "90 Day Lookback Period" (described in the Plan of Allocation set forth on the Settlement Website), you must provide documentation related to your purchases and sales of Romeo Common Stock during the period from October 5, 2020 to November 12, 2021, inclusive, in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.  You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Romeo Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Romeo Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from for joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.  All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired RMG Units, Romeo Common Stock, and/or Romeo Warrants during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired RMG Units, Romeo Common Stock, and/or Romeo Warrants during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.  Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)  expressly state the capacity in which they are acting;

(b)  identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Romeo Securities; and

(c)  furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.  By submitting a signed Claim Form, you will be swearing that you:

(a)  own(ed) the Romeo Securities you have listed in the Claim Form; or

(b)  are expressly authorized to act on behalf of the owner thereof.

15.  By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.  If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.  **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator at *In re Romeo Power Inc. Securities Litigation*, c/o Epiq Systems, Inc., P.O. Box 3719, Portland, OR 97208-3719, or by email at info@RomeoPowerSecuritiesSettlement.com, or by toll-free phone at 877-915-1127, or you may download the documents from the Settlement website, www.RomeoPowerSecuritiesSettlement.com.

19. **NOTICE REGARDING ELECTRONIC FILES:** Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the electronic filing requirements and file layout, you may visit the Settlement website at www.RomeoPowerSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@RomeoPowerSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@RomeoPowerSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 877-915-1127.**

05-CA40070247
AJ8015 v.05

## PART III - SCHEDULE OF TRANSACTIONS IN RMG UNITS

Complete this Part III if and only if you purchased or otherwise acquired RMG Units during the period from October 5, 2020, through and including December 29, 2020. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than RMG Units.

**1. BEGINNING HOLDINGS:** State the total number of RMG Units held as of the opening of trading on October 5, 2020. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH DECEMBER 29, 2020:** Separately list each and every purchase/acquisition (including free receipts) of RMG Units from after the opening of trading on October 5, 2020, through and including the close of trading on December 29, 2020. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Units Purchased | Purchase Price Per Unit | Total Purchase Price (excluding taxes, commissions, and fees) |
| --- | --- | --- | --- |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH DECEMBER 29, 2020:** Separately list each and every sale (including free deliveries) of RMG Units from after the opening of trading on October 5, 2020 through and including the close of trading on December 29, 2020. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Units Sold | Sale Price Per Unit | Total Sale Price (excluding taxes, commissions, and fees) |
| --- | --- | --- | --- |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |
| __ – __ – __ | | $ _____ . __ | $ _____ . __ |

| 4. SEPARATION OF UNITS DURING THE SETTLEMENT CLASS PERIOD THROUGH DECEMBER 29, 2020: Separately list each and every separation of RMG Units into the underlying component securities from after the opening of trading on October 5, 2020, through and including December 29, 2020.[3] (Must be documented.) | | IF NONE, CHECK HERE ☐ |
|---|---|---|
| Separation Date (List Chronologically) (Month/Day/Year) | Number of Shares of Romeo Common Stock Received Upon Separation | Number of Romeo Warrants Received Upon Separation |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ | ☐☐☐☐☐☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ | ☐☐☐☐☐☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ | ☐☐☐☐☐☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ | ☐☐☐☐☐☐ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

---

[3] Each RMG Unit consisted of one share of Romeo Common Stock and one-third of one Romeo Warrant. Component securities received during the Settlement Class Period upon the separation of RMG Units that were purchased prior to the Settlement Class Period are not eligible for a recovery from the Settlement.

## PART IV – SCHEDULE OF TRANSACTIONS IN ROMEO COMMON STOCK

Complete this Part IV if and only if you purchased or otherwise acquired Romeo Common Stock during the period from October 5, 2020, through and including August 16, 2021. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than Romeo Common Stock.

**1. BEGINNING HOLDINGS:** State the total number of shares of Romeo Common Stock held as of the opening of trading on October 5, 2020. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD:** Separately list each and every purchase/acquisition (including free receipts) of Romeo Common Stock from after the opening of trading on October 5, 2020, through and including the close of trading on August 16, 2021. (Must be documented.) **Please note:** Do <u>not</u> include in this section acquisitions of Romeo Common Stock that resulted from either: (i) the separation of RMG Units (such acquisitions should be included in Part III item (4), above); or (ii) exercised Romeo Warrants (such acquisitions should be included in Part V item (4), below).

| Date of Purchase (List Chronologically) (Month/Day/Year) | Ticker Symbol (RMG or RMO) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD:** State the total number of shares of Romeo Common Stock purchased/acquired (including free receipts) from after the opening of trading on August 17, 2021, through and including the close of trading on November 12, 2021. If none, write "zero" or "0."

**4. SALES AND REDEMPTIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 12, 2021:** Separately list each and every sale (including free deliveries) and redemption of Romeo Common Stock from after the opening of trading on October 5, 2020, through and including the close of trading on November 12, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale/Redemption (List Chronologically) (Month/Day/Year) | Ticker Symbol (RMG or RMO) | Number of Shares Sold/Redeemed | Sale/Redemption Price Per Share | Total Sale/Redemption Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |

**5. ENDING HOLDINGS:** State the total number of shares of Romeo Common Stock held as of the close of trading on November 12, 2021. (Must be documented.) If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART V – SCHEDULE OF TRANSACTIONS IN ROMEO WARRANTS

Complete this Part V if and only if you purchased or otherwise acquired Romeo Warrants during the period from October 5, 2020, through and including April 5, 2021.[4] Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than Romeo Warrants.

**1. BEGINNING HOLDINGS:** State the total number of Romeo Warrants held as of the opening of trading on October 5, 2020. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 5, 2021:** Separately list each and every purchase/acquisition (including free receipts) of Romeo Warrants from after the opening of trading on October 5, 2020, through and including the close of trading on April 5, 2021. (Must be documented.) **Please note:** Do not include acquisitions of Romeo Warrants as a result of the separation of RMG Units in this section (such acquisitions should be included in Part III item (4) above).

| Date of Purchase (List Chronologically) (Month/Day/Year) | Ticker Symbol (RMG.WT or RMO.WT) | Number of Warrants Purchased | Purchase Price Per Warrant | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |

**3. SALES AND REDEMPTIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH APRIL 5, 2021:** Separately list each and every sale (including free deliveries) and redemption of Romeo Warrants from after the opening of trading on October 5, 2020, through and including April 5, 2021. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale/Redemption (List Chronologically) (Month/Day/Year) | Ticker Symbol (RMG.WT or RMO.WT) | Number of Warrants Sold/Redeemed | Sale/Redemption Price Per Warrant | Total Sale/Redemption Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |
| __ – __ – __ | | | $ | $ |

---

[4] On April 5, 2021, all outstanding publicly traded Romeo Warrants were redeemed. The Romeo Warrants could be exercised until April 5, 2021 to purchase shares of Romeo Common Stock, at the exercise price of $11.50 per share. After 5:00 pm on April 5, 2021, any publicly trade Romeo Warrants that remained unexercised were void and no longer exercisable, and holders of Romeo Warrants received the redemption price of $0.01 per warrant.

| **4. WARRANT EXERCISES THROUGH APRIL 5, 2021:** Separately list each and every exercise of Romeo Warrants from after the opening of trading on October 5, 2020, through and including the close of trading on April 5, 2021. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Exercise (List Chronologically, Month/Day/Year) | Number of Warrants Exercised |
|---|---|
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ |
| ☐☐ – ☐☐ – ☐☐ | ☐☐☐☐☐☐ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY
THIS PAGE AND CHECK THIS BOX ☐
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

### *YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON*

### *PAGE 12 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves), and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), that:

1.   I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.   The Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3.   I (we) own(ed) the RMG Units, Romeo Common Stock, and/or Romeo Warrants identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.   The Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of RMG Units, Romeo Common Stock, or Romeo Warrants, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.   The Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.   I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.   The Claimant(s) waive(s) the right to trial by jury and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Claim Form and knowingly and intentionally waive(s) any right of appeal to any court including the U.S. Court of Appeals for the Ninth Circuit;

8.   I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.   The Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date: ☐☐ – ☐☐ – ☐☐☐☐
　　　MM　　DD　　　YYYY

Signature of Claimant

Print your name here

Date: ☐☐ – ☐☐ – ☐☐☐☐
　　　MM　　DD　　　YYYY

Signature of joint Claimant, if any

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

Date: ☐☐ – ☐☐ – ☐☐☐☐
　　　MM　　DD　　　YYYY

Signature of person signing on behalf of Claimant

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 4 OF THIS CLAIM FORM.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 877-915-1127.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@RomeoPowerSecuritiesSettlement.com, or toll-free at **877-915-1127** or visit www.RomeoPowerSecuritiesSettlement.com. Please DO NOT call Romeo Power Inc. or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN <u>MAY 29, 2024</u>**, ADDRESSED AS FOLLOWS:

*In re Romeo Power Inc. Securities Litigation*
c/o Epiq Systems, Inc.
PO Box 3719
Portland, OR 97208-3719

**OR SUBMITTED ONLINE AT www.RomeoPowerSecuritiesSettlement.com ON OR BEFORE MAY 29, 2024.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before <u>May 29, 2024</u> is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT D

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *In re Romeo Power Inc. Securities Litigation*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

*2.12.2024 – Investor's Business Weekly*
*2.12.2024 – PR Newswire*

**X** *Kathleen Komraus*
            **(Signature)**

Media & Design Manager
            **(Title)**

## How To Read IBD Mutual Fund Tables

IBD tables have funds with 36-Month Performance Rating A+, A or A-, at least $200 million assets plus funds ranked by assets regardless of their performance. All other mutual funds are found at www.investors.com/ibd-data-tables. † denotes independent fund not part of family listed above. Each 36-Month Rating, vs. all other mutual funds, is recalculated monthly on a total return basis. Dividends and capital gains included. Daily accrual fund returns are calculated on a monthly basis. A+ = Top 5%, A = Top 10%, A- = Top 15%, B+ = Top 20%, B = Top 25%, B-=Top 30%, C+ =Top 35%, C = Top 40%, C- = Top 45%, D+ = Top 50%, D = Top 60%, D- = Top 70%, E = Below 70%. A+, A, A- and B+ 36-Month Ratings are boldfaced. Top 2% of funds in % performance yesterday are boldfaced. Performance of income funds may be compared to other income funds. b = assets used to pay 12(b)(1) plan distribution costs, r=redemption charge may apply, n=no initial load and appears after Net Asset Value, m=multiple fees, p=previous day's quote, s=split, x=ex-dividend or capital gains distribution. 5-Yr After Tax Rtn=5 year after-tax return assuming average income tax rate of 35% on dividends and 15% long-term capital gains rate.NAVChg is calculated vs. the prior session.

*[The remainder of the upper portion of the page consists of dense multi-column "Mutual Fund Performance" tables (columns: 36 Mo Performance Rating / Fund, YTD % Chg, 12Wk % Chg, 5 Yr After Tax Rtn, Net Asset Value, NAV Chg) that are too fine to transcribe reliably.]*



# A MARKET WIZARD TELLS ALL

**Two-time U.S. Investment Champion Mark Minervini Reveals His Proven Superperformance Strategy**

*The Secrets, Rules & Blunt Truths of a Stock Market Wizard*

**Think & Trade Like A Champion**

MARK MINERVINI — U.S. INVESTING CHAMPION — Best-Selling Author of Trade Like A Stock Market Wizard

**TRADE LIKE A STOCK MARKET WIZARD**

HOW TO ACHIEVE SUPERPERFORMANCE IN STOCKS IN ANY MARKET

MARK MINERVINI — U.S. INVESTING CHAMPION

BEST STOCK MARKET BOOKS OF ALL TIME — WINNER — Bookauthority

"Most traders would be delighted to have Minervini's worst years as their best"
*— Jack Schwager, Stock Market Wizards*

"One of the country's most successful stock traders."
*— Ron Insana*

available at **amazon**

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ROMEO POWER INC. SECURITIES LITIGATION — Case No. 1:21-cv-03362-LGS

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** All persons and entities who, during the period between October 5, 2020 and August 16, 2021 inclusive, purchased or otherwise acquired publicly traded: (i) RMG Acquisition Corp. ("RMG") Class A common stock or Romeo Power, Inc. ("Romeo") common stock; (ii) RMG warrants or Romeo warrants; and/or (iii) RMG units, and were injured thereby (the "Settlement Class"):

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $14,900,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A telephonic hearing will be held on July 10, 2024 at 3:45 p.m., at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 1106, 40 Foley Square, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Individual Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved. The call-in number is (888) 363-4749, and the access code is 558-3333. Persons granted remote access to proceedings are reminded of the general prohibition against making audio or video recordings of court proceedings.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.RomeoPowerSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Romeo Power Inc. Securities Litigation*, c/o Epiq Systems, Inc., PO Box 3719, Portland, OR 97208-3719, toll-free 877-915-1127.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than **May 29, 2024**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than **June 19, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Individual Defendants' Counsel such that they are *received* no later than **June 19, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, the Individual Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

Requests for the Notice and Claim Form should be made to:

*In re Romeo Power Inc. Securities Litigation*
c/o Epiq Systems, Inc.
PO Box 3719
Portland, OR 97208-3719
877-915-1127
www.RomeoPowerSecuritiesSettlement.com

By Order of the Court

¹ All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 7, 2023 (the "Stipulation"), which is available at www.RomeoPowerSecuritiesSettlement.com.

# Glancy Prongay & Murray LLP Announces Pendency of Class Action and Proposed Settlement Involving Purchasers of Romeo Power, Inc. Common Stock and Warrants, and RMG Acquisition Corp. Class A Common Stock, Warrants and Units

NEWS PROVIDED BY
**Glancy Prongay & Murray LLP** →
12 Feb, 2024, 08:00 ET

NEW YORK, Feb. 12, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS |
| --- | --- |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND**

**PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;**

**AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES**

**AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between October 5, 2020 and August 16, 2021 inclusive, purchased or otherwise acquired publicly traded: (i) RMG Acquisition Corp. ("RMG") Class A common stock or Romeo Power, Inc. ("Romeo") common stock; (ii) RMG warrants or Romeo warrants; and/or (iii) RMG units, and were injured thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $14,900,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A telephonic hearing will be held on July 10, 2024 at 3:45 p.m., at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 1106, 40 Foley Square, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against the Individual Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved. The call-in number is (888) 363-4749, and the access code is 558-3333. Persons granted remote access to proceedings are reminded of the general prohibition against making audio or video recordings of court proceedings.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, **www.RomeoPowerSecuritiesSettlement.com**. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Romeo Power Inc. Securities Litigation*, c/o Epiq Systems, Inc., PO Box 3719, Portland, OR 97208-3719, toll-free 877-915-1127.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than **May 29, 2024**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than **June 19, 2024**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Individual Defendants' Counsel such that they are *received* no later than **June 19, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, the Individual Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP

Kara M. Wolke, Esq.

1925 Century Park East, Suite 2100

Los Angeles, CA 90067

(888) 773-9224

**settlements@glancylaw.com**

Requests for the Notice and Claim Form should be made to:

*In re Romeo Power Inc. Securities Litigation*

c/o Epiq Systems, Inc.

PO Box 3719

Portland, OR 97208-3719

877-915-1127

**www.RomeoPowerSecuritiesSettlement.com**

By Order of the Court

_____

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 7, 2023 (the "Stipulation"), which is available at **www.RomeoPowerSecuritiesSettlement.com**.

URL: **www.RomeoPowerSecuritiesSettlement.com**

SOURCE Glancy Prongay & Murray LLP

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ROMEO POWER INC.
SECURITIES LITIGATION

Case No. 1:21-cv-03362-LGS

## PROPOSED PLAN OF ALLOCATION

1.    The Proposed Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by Plaintiffs and Lead Counsel to the Court for approval.[1]  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at www.RomeoPowerSecuritiesSettlement.com.

2.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.    Based on the formulas set forth below, a "Recognized Loss Amount" shall be calculated by the Claims Administrator for each purchase or acquisition of a Romeo Security during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.[2]

---

[1]  All capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 7, 2023 (the "Stipulation"), which is available at www.RomeoPowerSecuritiesSettlement.com.

[2] Prior to the December 29, 2020 business combination between RMG Acquisition Corp. and Romeo Power, Inc. (the "Business Combination"), RMG's Class A common stock, warrants and units were listed on the New York Stock Exchange (the "NYSE") under the symbols RMG, RMG.WT, and RMG.UT, respectively.  Upon the closing of the Business Combination, the Company's common stock and warrants were listed on the NYSE under the symbols RMO and RMO.WT, respectively.  All then-issued and outstanding RMG Units automatically separated into their component securities. The Company did not have publicly traded units following the Business Combination.

4. Recognized Loss Amounts are based primarily on the price declines quantified by Plaintiffs' consulting damages expert over the period which Plaintiffs allege corrective information was entering the market place. In the Action, Plaintiffs allege that the Individual Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, October 5, 2020 through August 16, 2021, both dates inclusive), which had the effect of allegedly artificially inflating the prices of the Romeo Securities. The estimated alleged artificial inflation in the price of Romeo Common Stock and Romeo Warrants during the Settlement Class Period is reflected in Table 1 below.

5. In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Romeo Security. Alleged corrective disclosures removed the alleged artificial inflation from the prices of the Romeo Securities on March 31, 2021 and August 17, 2021 (the "Corrective Disclosure Dates"). Accordingly, in order to have a Recognized Loss Amount, Romeo Securities must have been purchased or otherwise acquired during the Settlement Class Period and held at the opening of trading on at least one of the alleged Corrective Disclosure Dates.

6. To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

| Table 1 | | | |
|---|---|---|---|
| Artificial Inflation in Romeo Common Stock and Romeo Warrants | | | |
| From | To | Common Stock | Warrants |
| October 5, 2020 | March 30, 2021 | $3.63 | $0.24 |
| March 31, 2021 | August 16, 2021 | $0.95 | $0.00 |
| August 17, 2021 | Thereafter | $0.00 | $0.00 |

7. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of Recognized Loss Amounts. This limitation provides that the Recognized Loss Amount for Romeo Common Stock purchased or otherwise acquired during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average closing price of Romeo Common Stock during the 90-Day Lookback Period. The Recognized Loss Amount for Romeo Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average closing price of Romeo Common Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

---

On April 5, 2021, all outstanding publicly traded Romeo Warrants were redeemed. The Romeo Warrants could be exercised until April 5, 2021 to purchase shares of Romeo Common Stock, at the exercise price of $11.50 per share. After 5:00 pm on April 5, 2021, any publicly trade Romeo Warrants that remained unexercised were void and no longer exercisable, and holders of Romeo Warrants received the redemption price of $0.01 per warrant.

After the Settlement Class Period, on October 14, 2022, Nikola completed its acquisition of Romeo, and the Company's common stock ceased trading and was no longer listed on the NYSE.

2

8.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in Romeo Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF PER-SECURITY RECOGNIZED LOSS AMOUNTS

### Romeo Common Stock

9.    Based on the formula set forth below, a Recognized Loss Amount shall be calculated under the Exchange Act for each purchase or acquisition of publicly traded Romeo Common Stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided

   i.    For each share that was sold or redeemed prior to March 31, 2021, the Recognized Loss Amount is $0.00.

   ii.    For each share that was purchased during the Settlement Class Period and subsequently sold during the period March 31, 2021 through August 16, 2021, both dates inclusive, the Recognized Loss Amount is *the lesser of*:

      a.    the price inflation on the date of purchase as provided in Table 1 above *minus* the price inflation on the date of sale as provided in Table 1 above; or

      b.    the purchase price *minus* the sale price.

   iii.    For each share that was purchased during the Settlement Class Period and subsequently sold during the period August 17, 2021 through November 12, 2021, both dates inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

      a.    the price inflation on the date of purchase as provided in Table 1 above; or

      b.    the purchase price *minus* the sale price; or

      c.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

   iv.    For each share that was purchased during the Settlement Class Period and still held as of the close of trading on November 12, 2021, the Recognized Loss Amount is *the lesser of*:

      a.    the price inflation on the date of purchase as provided in Table 1 above; or

      b.    the purchase price *minus* the average closing price for Romeo Common Stock during the 90-Day Lookback Period, which is $4.77.

| Table 2 Romeo Common Stock 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value |
| 8/17/2021 | $4.76 | 9/16/2021 | $4.85 | 10/15/2021 | $4.87 |
| 8/18/2021 | $4.78 | 9/17/2021 | $4.86 | 10/18/2021 | $4.87 |

3

| | | | | | |
|---|---|---|---|---|---|
| 8/19/2021 | $4.58 | 9/20/2021 | $4.85 | 10/19/2021 | $4.87 |
| 8/20/2021 | $4.51 | 9/21/2021 | $4.85 | 10/20/2021 | $4.87 |
| 8/23/2021 | $4.62 | 9/22/2021 | $4.86 | 10/21/2021 | $4.87 |
| 8/24/2021 | $4.68 | 9/23/2021 | $4.88 | 10/22/2021 | $4.86 |
| 8/25/2021 | $4.73 | 9/24/2021 | $4.89 | 10/25/2021 | $4.86 |
| 8/26/2021 | $4.77 | 9/27/2021 | $4.92 | 10/26/2021 | $4.84 |
| 8/27/2021 | $4.78 | 9/28/2021 | $4.92 | 10/27/2021 | $4.83 |
| 8/30/2021 | $4.81 | 9/29/2021 | $4.92 | 10/28/2021 | $4.82 |
| 8/31/2021 | $4.81 | 9/30/2021 | $4.92 | 10/29/2021 | $4.81 |
| 9/1/2021 | $4.82 | 10/1/2021 | $4.92 | 11/1/2021 | $4.80 |
| 9/2/2021 | $4.84 | 10/4/2021 | $4.91 | 11/2/2021 | $4.80 |
| 9/3/2021 | $4.85 | 10/5/2021 | $4.90 | 11/3/2021 | $4.79 |
| 9/7/2021 | $4.88 | 10/6/2021 | $4.90 | 11/4/2021 | $4.79 |
| 9/8/2021 | $4.87 | 10/7/2021 | $4.89 | 11/5/2021 | $4.78 |
| 9/9/2021 | $4.87 | 10/8/2021 | $4.88 | 11/8/2021 | $4.78 |
| 9/10/2021 | $4.86 | 10/11/2021 | $4.88 | 11/9/2021 | $4.78 |
| 9/13/2021 | $4.85 | 10/12/2021 | $4.87 | 11/10/2021 | $4.77 |
| 9/14/2021 | $4.84 | 10/13/2021 | $4.88 | 11/11/2021 | $4.77 |
| 9/15/2021 | $4.84 | 10/14/2021 | $4.88 | 11/12/2021 | $4.77 |

## Romeo Warrants

10.    Based on the formula set forth below, a Recognized Loss Amount shall be calculated under the Exchange Act for each purchase or acquisition of publicly traded Romeo Warrants during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

    i.   For each warrant that was sold, redeemed, or exercised prior to March 31, 2021, the Recognized Loss Amount is $0.00.

    ii.  For each warrant that was purchased during the Settlement Class Period and subsequently sold, redeemed or exercised during the period March 31, 2021 through April 5, 2021, both dates inclusive, the Recognized Loss Amount is *the lesser of*:

        a.   the price inflation on the date of purchase as provided in Table 1 above *minus* the price inflation on the date of disposition as provided in Table 1 above; or

        b.   the purchase price *minus* the sale price if sold, or the redemption price if redeemed, or the closing price of the Romeo Warrants on the date of exercise if exercised.

## ADDITIONAL PROVISIONS

11.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 23 below) is $10.00 or greater.

12.    **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Romeo Securities, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Sales of Romeo Securities will be matched first against any holdings of like securities at the beginning of the Settlement Class Period, and then against

4

purchases/acquisitions of like securities in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

13.     **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all Romeo Securities.

14.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Romeo Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Romeo Securities during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Romeo Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Romeo Security unless (i) the donor or decedent purchased or otherwise acquired such Romeo Security during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Romeo Security; and (iii) it is specifically so provided in the instrument of gift or assignment.

15.     **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Romeo Security.  The date of a "short sale" is deemed to be the date of sale of the Romeo Security.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in a Romeo Security, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

16.     **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Romeo Common Stock purchased through the exercise of an option, the purchase date of the Romeo Common Stock shall be the exercise date of the option, and the purchase price of the Romeo Common Stock shall be the option's exercise price.  Any Recognized Loss Amount arising from purchases of Romeo Common Stock acquired during the Settlement Class Period through the exercise of options on Romeo Common Stock shall be computed as provided for other purchases of Romeo Common Stock in the Plan of Allocation.

17.     **Common Stock Acquired Through Exercised Warrants:** With respect to Romeo Common Stock purchased through the exercise of a Romeo Warrant, the purchase date of the Romeo Common Stock shall be the exercise date of the Romeo Warrant, and the purchase price of the Romeo Common Stock shall be $11.50 per share (*i.e.*, exercise price of the Romeo Warrant). Any Recognized Loss Amount arising from purchases of Romeo Common Stock acquired during the Settlement Class Period through the exercise of Romeo Warrants shall be computed as provided for other purchases of Romeo Common Stock in the Plan of Allocation.

18.     **Separated RMG Units:** RMG Units purchased during the Settlement Class Period that were subsequently separated into their component securities prior to or in connection with the Business Combination (*i.e.*, separated into one share of Romeo Common Stock and one-third of a Romeo Warrant per RMG Unit), shall be treated as (i) a sale of such RMG Units on the date of separation at a per-unit sale price equal to the closing price of the RMG Units on the date of separation, plus (ii) a purchase of the component securities received upon the separation of such RMG Units at a per-security purchase price equal to the closing price of each component security received on the date of separation.  Any Recognized Loss Amount arising from the acquisition of

5

Romeo Common Stock and/or Romeo Warrants during the Settlement Class Period through the separation of a RMG Unit purchased during the Settlement Class Period shall be computed as provided for other purchases of Romeo Common Stock and Romeo Warrants in the Plan of Allocation.[3]

19.    **Common Stock Acquired Through PIPE Subscription Agreements:** Shares of Romeo Common Stock issued and sold pursuant to the PIPE Subscription Agreements entered into on October 5, 2020 in connection with the Business Combination are not securities eligible to participate in the Settlement.

20.    **Common Stock Issued to Legacy Romeo Security Holders:** Shares of Romeo Common Stock issued to legacy Romeo security holders upon the consummation of the Business Combination are not securities eligible to participate in the Settlement.

21.    **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Romeo Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Romeo Securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

22.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Romeo Securities during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and the Total Holding Value.[6]  If the Claimant's Total Purchase Amount _minus_ the sum of the Total Sales Proceeds and the Total Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

23.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed

---

[3] In connection with the consummation of the Business Combination, all then-issued and outstanding RMG Units automatically separated into their component securities.  Component securities received during the Settlement Class Period upon the separation of RMG Units that were purchased prior to the Settlement Class Period are not eligible for a recovery from the Settlement.

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Romeo Securities purchased or acquired during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of Romeo Securities during the Settlement Class Period, first against the Claimant's opening position in like Romeo Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Romeo Securities sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" to Romeo Common Stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on August 16, 2021, which shall be $4.76 per share.  The sum of the Claimant's Holding Values for all shares of Romeo Common Stock shall be the Claimant's "Total Holding Value."

6

to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

24.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund at least nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants, who have cashed their prior checks and who would receive at least $10.00 in such additional re-distributions, may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

25.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' consulting damages expert, the Individual Defendants, Individual Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, the Individual Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

# EXHIBIT F

Romeo Power Inc._Exclusion Request No. 1

# REQUESTS EXCLUSION FROM THE SETTLEMENT CLASS

*In re Romeo Power Inc.*
**Securities Litigation, Case No. 1:21-cv-03362**

By signing and returning this form, I confirm that I do not want to be included in the Settlement of the class action lawsuit referenced above.

I understand that by opting out, I am giving up my right to receive any payments under the settlement.

By providing the following information, I affirm that I want to opt-out of this class:

| Francisco | E | Parodi Gonzalez |
|---|---|---|
| First Name | Middle Initial | Last Name |

| | | |
|---|---|---|
| Former Name (if any): First | Middle Initial | Last Name |

| ███████████████████ | | |
|---|---|---|
| Current Mailing Address | City | State | Zip |

| ███████ | |
|---|---|
| Home Phone Number | Work/Other Phone Number |

███████
Last 4 digits of your Social Security Number

_(signature)_
(Sign Here)

04/29/2024
(Date)

Page 1 of 4

History of Owning Romeo Power Inc Common Class A stock (RMO) during period 10/5/2020 - 08/16/2021

Total number of Common Class A stock of RMO at the end of the period 04/01/2021-04/30/2021: 103

1) Stock Symbol: RMO
   Trade date: 04/07/2021
   Securities Purchased: 04/09/2021
   Number of Shares: 39
   Price: $11.495 per share

2) Stock Symbol: RMO
   Trade date: 04/08/2021
   Securities Purchased: 04/12/2021
   Number of Shares: 5
   Price: $10.40 per share

3) Stock Symbol: RMO
   Trade date: 04/09/2021
   Securities Purchased: 04/13/2021
   Number of Shares: 7
   Price: $10.13 per share

4) Stock Symbol: RMO
   Trade date: 04/12/2021
   Securities Purchased: 04/14/2021
   Number of Shares: 10
   Price: $9.30 per share

5) Stock Symbol: RMO
   Trade date: 04/27/2021
   Securities Purchased: 04/29/2021
   Number of Shares: 22
   Price: $9.1695 per share

6) Stock Symbol: RMO
   Trade date: 04/28/2021
   Securities Purchased: 04/30/2021
   Number of Shares: 17
   Price: $9.08 per share

7) Stock Symbol: RMO
   Trade date: 04/28/2021
   Securities Purchased: 04/30/2021
   Number of Shares: 3
   Price: $9.0551 per share

History of Owning Romeo Power Inc Common Class A stock (RMO) during period 10/5/2020 - 08/16/2021

Total number of Common Class A stock of RMO at the end of the period 05/01/2021-05/31/2021: 160

1)    Stock Symbol: RMO
      Trade date: 04/29/2021
      Securities Purchased: 05/03/2021
      Number of Shares: 54
      Price: $9.23 per share

2)    Stock Symbol: RMO
      Trade date: 05/10/2021
      Securities Purchased: 05/12/2021
      Number of Shares: 3
      Price: $7.18 per share

History of Owning Romeo Power Inc Common Class A stock (RMO) during period 10/5/2020 - 08/16/2021

Total number of Common Class A stock of RMO at end of the period 06/01/2021-06/30/2021: 0

1)      Stock Symbol: RMO
        Trade date: 06/02/2021
        Securities Purchased: 06/04/2021
        Number of Shares: 11
        Price: $8.7299 per share

2)      Stock Symbol: RMO
        Trade date: 06/02/2021
        Securities Purchased: 06/04/2021
        Number of Shares: 3
        Price: $8.78 per share

3)      Stock Symbol: RMO
        Trade date: 06/02/2021
        Securities Sold: 06/04/2021
        Number of Shares: 172
        Price: $9.06 per share

4)      Stock Symbol: RMO
        Trade date: 06/02/2021
        Securities Sold: 06/04/2021
        Number of Shares: 2
        Price: $9.1601 per share

Francisco Parodi Gonzalez

In re Romeo Power Inc.
Securities Litigation, EXCLUSIONS,
C/o Epiq Systems, INC., PO Box 3719
Portland, OR 97208-3719


FOREVER / USA