# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS<br><br>Honorable Lorna G. Schofield |

**DECLARATION OF NAMED PLAINTIFF NATHANIEL TAPIA IN SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION <u>EXPENSES</u>**

I, Nathaniel Tapia, declare as follows:

1.      I am a named Plaintiff in the above-captioned securities class action (the "Action").[1] *See* ECF No. 135.  I respectfully submit this declaration in support of: (a) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, including approval of my request to recover the reasonable costs and expenses I incurred in connection with my representation of the Settlement Class in the prosecution of this Action.

2.      I have personal knowledge of the matters set forth herein, as I have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

## I.      OVERSIGHT OF THE LITIGATION

3.      I have been actively involved in this Action since I was named as an additional Plaintiff in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws.  ECF No. 135.

4.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  In fulfillment of my responsibilities as a named Plaintiff, I have worked closely with the attorneys at Glancy Prongay & Murray LLP ("GPM" or "Lead Counsel") regarding the litigation and resolution of this case.

5.      Throughout my involvement in the litigation, I received status reports from Lead Counsel on case developments, and participated in regular discussions concerning the prosecution

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated December 7, 2023.  ECF No. 191-1.

of the Action, the strengths of and risks to the claims, and potential settlement.  In particular, I: (a) produced my trading records to my attorneys at GPM; (b) regularly communicated with GPM attorneys regarding the posture and progress of the case; (c) reviewed all significant pleadings and briefs filed in this Action; (e) reviewed the Court's orders and discussed them with attorneys at GPM; (f) provided documents, and written responses and objections, to Defendants' requests for the production of documents; (g) responded to interrogatories; (h) prepared for my deposition and was deposed; (i) moved for class certification and to serve as the class representative; (j) consulted with GPM attorneys regarding the settlement negotiations; and (k) evaluated and approved the proposed Settlement.

6.    In short, I have done my best to vigorously promote the interests of the Settlement Class and to obtain the largest recovery possible under the circumstances.

## II.    APPROVAL OF THE SETTLEMENT

7.    As detailed in the paragraphs above, through my active participation I was both well-informed of the status and progress of the litigation, and the status and progress of the settlement negotiations in this Action.

8.    Based on my involvement in the prosecution and resolution of the claims asserted in the Action, I believe that the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of the risks of continued litigation, and I fully endorse approval of the Settlement by the Court.

2

### III. LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

#### A. Attorneys' Fees And Litigation Expenses

9. I believe Lead Counsel's request for an award of attorneys' fees in the amount of 30% of the Settlement Fund is fair and reasonable in light of the work Lead Counsel performed on behalf of the Settlement Class.

10. I have evaluated Lead Counsel's fee request by considering the quality and amount of the work performed, the recovery obtained for the Settlement Class, and the risks Lead Counsel bore in prosecuting this Action on behalf of myself, the other Plaintiffs, and the Settlement Class on a fully contingent basis, which included the fronting of all expenses. I have authorized this fee request for the Court's ultimate determination.

11. I further believe that Lead Counsel's request for reimbursement of out-of-pocket litigation expenses in the amount of approximately $395,341.74 is reasonable. Based on the foregoing, and consistent with my obligation to the Settlement Class to obtain the best result at the most efficient cost, I fully support Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

#### B. Plaintiff's Litigation-Related Costs And Expenses

12. I understand that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, in connection with Lead Counsel's request for Litigation Expenses, I respectfully request reimbursement for the time that I dedicated to this case directly relating to my representation of the Settlement Class.

13. I am a Security Officer, and the time I devoted to representing the Settlement Class in this Action was time that I otherwise would have spent at my job, investing, or on other activities and, thus, represented a cost to me. I respectfully request reimbursement in the amount of $15,000

for the time I spent participating in this Action. I make this request based on the conservative estimate that I devoted approximately 120 hours to the litigation-related activities described above. It is my belief that this request for reimbursement is fair and reasonable and that the time and effort I devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class under the circumstances.

## IV. CONCLUSION

14. In conclusion, I strongly endorse the Settlement as fair, reasonable, and adequate. I appreciate the Court's attention to the facts presented in my declaration and respectfully request that the Court approve: (a) Plaintiffs' motion for final approval of the proposed Settlement and approval of the Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) my request for reimbursement pursuant to the PSLRA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on June 3, 2024, in Santa Ana, California.

Nathaniel Tapia

4