# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SCOTT ERNST, individually and as a
representative of the classes,

                                    Plaintiff,

        -against-

DISH NETWORK, LLC, DISH NETWORK
SERVICE, LLC, AND STERLING
INFOSYSTEMS, INC.

                                    Defendants.

------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/13/2015___

Case No.: 12 CIV 8794(LGS)

**[PROPOSED] FINAL
SETTLEMENT APPROVAL
ORDER**

Based on Plaintiff Scott Ernst's Unopposed Motion for Final Approval of the Proposed

Class Action Settlement with Defendant Sterling Infosystems, Inc. ("Sterling" or "Defendant")

in the above-captioned matter ("Lawsuit"), the Final Approval Hearing and for good cause

shown, IT IS HEREBY ORDERED:

1.      This Court has jurisdiction over the subject matter of this action and over the

settling parties hereto.

2.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement

purposes only, as a class action on behalf of the following Settlement Class Members with respect

to the claims asserted in the Lawsuit:

> **Criminal Record Settlement Class.** All consumers for whom Sterling issued a
> consumer report on or after December 4, 2010, where the report contained one or
> more criminal counts that did not result in a conviction but which predate the
> report by more than seven years. Consumers for whom Sterling's records indicate
> a salary that was or was reasonably likely to equal or exceed $75,000 are
> excluded.

> **DISH Contractor Settlement Class.** All consumers who were the subject of a
> consumer report issued by Sterling to a contractor participating in the DISH
> Network Contractor Program, and for whom certain information contained in the
> report was also provided by Sterling to DISH in a summary report on or after
> December 4, 2010.

1

**MVR Record Settlement Class.** All consumers for whom Sterling issued a consumer report on or after December 4, 2010, where the report contained one or more items of information in the motor vehicle records ("MVR") section of the report which predate the report by more than seven years. Consumers for whom Sterling's records indicate a salary that was or was reasonably likely to equal or exceed $75,000 are excluded.

3.     The Court hereby finds that the Settlement Agreement is the product of arms-length settlement negotiations among the Plaintiff, Class Counsel, and Defendant. The Settlement Agreement, including its exhibits, and the definition of words and terms contained therein, are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

4.     Pursuant to Fed. R. Civ. P. 23, the Court certifies the Plaintiff Scott Ernst as the Class Representative and appoints Nichols Kaster, PLLP as Class Counsel.

5.     Pursuant to the Court's Preliminary Approval Order, the Mail Notices were mailed, along with the Claim Form. The Court hereby finds and concludes that the Mail Notices and Claim Form were disseminated to members of the Settlement Classes in accordance with the terms set forth in Paragraphs 4.1 through 4.3 of the Settlement Agreement and in compliance with this Court's Preliminary Approval Order. The Court further finds and concludes that the Mail Notices, Claim Form and the distribution procedures set forth in Paragraphs 4.1 through 4.10 of the Settlement Agreement satisfy Fed. R. Civ. P. 23 and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Classes who could be identified through reasonable effort, provided an opportunity for the Settlement Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement and this Order.

6.      The Settlement Class Members were given an opportunity to object to the settlement.  The 24 Settlement Class Members who made valid and timely requests for exclusion are excluded from the Settlement and are not bound by this Order.  The identities of such persons are set forth in **Exhibit A**, attached hereto.  One person, Mr. Jordan Abels, filed an objection to the Settlement.  Mr. Abels did not appear at the November 10, 2015, fairness hearing.  As described in greater detail below, the terms and conditions of the parties' agreement represent a fair, reasonable and adequate settlement as to all class members, and Mr. Abels' objection is overruled.

7.      For settlement purposes only, the Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

- The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

- There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

- The claims of the class representative are typical of the claims of the Settlement Class Members;

- The class representative and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

8.      The Court hereby finds and concludes that the notice provided by Defendant to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, satisfies the requirements of that statute.

3

9. The Court hereby finally approves the Settlement Agreement (which was filed with the Court, as amended, on April 7, 2015 (Docket No. 169), and which shall be deemed incorporated herein) and the Settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable, and adequate" settlement as to all members of the Settlement Classes in accordance with Fed. R. Civ. P. 23(e). The Settlement Agreement shall be consummated in accordance with its terms, except as amended by any subsequent order issued by this Court.

10. The Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order, provided, however, that the Released Claims shall not be construed to limit the right of Defendant or any member of the Settlement Classes to enforce the terms of the Agreement.

11. This Order is binding on all Settlement Class Members, except those individuals identified in **Exhibit A** hereto, who validly and timely excluded themselves from the Settlement.

12. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, including its injunctive provisions, and this Order. This Order finally disposes of all claims and is appealable.

4

13. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

14. The Court awards Class Counsel $1,282,500.00 in Attorneys' Fees and costs, and approves Class Counsel's application for a service award to the Plaintiff in the amount of $5,000. The Court further approves and authorizes the deduction of an amount not to exceed $270,319 from the Settlement Funds to cover the Settlement Administrator's fees and costs. These amounts are to be deducted from the Settlement Funds as set forth in Paragraph 8.7.3 of the Settlement Agreement.

15. The amount awarded to Class Counsel is fair and reasonable based on the factors set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Using the approach from *In re Colgate-Palmolive Co. Erisa Litigation*, 36 F. Supp. 3d 344 (S.D.N.Y. 2014), the first step is to establish a baseline or benchmark for a reasonable fee. Evidence of attorneys' fees in this category of cases and cases of a similar size takes into account the magnitude and complexity of the case and the policy consideration of using a sliding scale to avoid a windfall to class counsel. Empirical evidence indicates that the median percentage of settlement awarded as attorneys' fees in this category of class actions ranges from 25% to 26%. The same studies show that, for common fund settlements of a similar size to the one here, the median is between 25% and 29.7%.[1] Accordingly, an attorneys' fee award of 27% of the

---

[1]   Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 835, 839 (2010) (median attorney fee for "other" cases is 26% and for cases with a common fund of between $4.45 and 7 million is 29.7%); Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. Empirical Legal Stud. 248, 262, 265 (2010) (median fee for "other" cases is 25% and for cases with a common fund of between $2.8 and 5.3 million is 25%).

settlement fund, or \$1,282,500.00, is reasonable. Considering the *Goldberger* factors, the circumstances of this case require no further upward or downward adjustment.

16. The amount awarded to Lead Counsel is reasonable considering counsel's lodestar. *See Goldberger*, 209 F.3d at 50 ("[T]he lodestar remains useful as a baseline even if the percentage method is eventually chosen. Indeed, we encourage the practice of requiring documentation of hours as a "cross check" on the reasonableness of the requested percentage."). The lodestar is calculated to be \$499,332.14, resulting in a 2.57 multiplier, which is within the range awarded by courts throughout the country.

17. Pursuant to the Settlement Agreement, payment checks that are not cashed or deposited ninety days after the date on the Payment Notice shall be distributed to cy pres recipients. The parties' selection of the Southern Coalition for Social Justice and the Salvation Army as cy pres recipients is approved.

18. Once all distributions have made, Class Counsel shall file an updated Allocation Spreadsheet detailing the payments actually made from the Gross Settlement Fund with a letter containing any necessary explanations.

19. This Court hereby dismisses the Lawsuit against Defendant Sterling Infosystems, Inc., including all claims against said Defendant, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement. This Order does not dismiss Defendants DISH Network, LLC and DISH Network Service, LLC, or dismiss or release any claims advanced against the DISH Defendants.

20.    Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54 that is binding on the settling parties and the Settlement Classes.

**SO ORDERED:**

Dated: November 13, 2015
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7

**<u>EXHIBIT A</u>**

1. Carlos Almond
2. Rodney Gilmore
3. Ioana Adriana Olah
4. Valentin A. Olah
5. Shannon Dew
6. Aubry Marvin Ramsammy
7. Robert Dewayne Melvin
8. Michael J. Jett
9. Emmitt Louis Odom
10. Clifford John Schmidt
11. Kemone Rodgers
12. Brian Alan Morgan
13. Rene Saucedo
14. Kimberly Renee Owens
15. Elmer Keith Tarver
16. Mensur Balla
17. David George Dannenberg
18. Elton Heri
19. Rodney Serber
20. Merle Patterson
21. William Arnold
22. Rafal Stykowski
23. Jeffrey Moss
24. Calen Curtis Edwards