**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS<br><br>Honorable Lorna G. Schofield |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:**
**(I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS**
**ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND**
**(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND**
<u>**REIMBURSEMENT OF LITIGATION EXPENSES**</u>

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ........................................................................ 1

II.    ARGUMENT.................................................................................................... 3

     A.    The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation .......................................................... 3

     B.    The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application................................................................................... 5

III.   CONCLUSION................................................................................................ 7

## TABLE OF AUTHORITIES

<u>CASES</u>

*Guevoura Fund Ltd. v. Sillerman*,
  2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ........................................................................ 4, 6

*Hill v. State St. Corp.*,
  2015 WL 127728 (D. Mass. Jan. 8, 2015) ................................................................................. 5

*In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012) ....................................................................................... 3

*In re Citigroup Inc. Bond Litig.*,
  296 F.R.D. 147 (S.D.N.Y. 2013) ............................................................................................... 5

*In re Dun & Bradstreet Credit Servs. Customer Litig.*,
  130 F.R.D. 366 (S.D. Ohio 1990) ............................................................................................. 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ......................................................................... 5, 6

*In re Global Crossing Sec. and ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................................................... 4

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
  233 F.R.D. 306 (E.D.N.Y. 2006) ............................................................................................... 4

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
  2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ............................................................................... 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  986 F. Supp. 2d 207 (E.D.N.Y. 2013) ....................................................................................... 5

*In re Signet Jewelers Limited Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) ............................................................................ 3

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ............................................................................. 6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................................................................. 5

*Maley v. Del Global Techs. Corp.*,
  186 F. Supp. 2d 358 (S.D.N.Y. 2002) ....................................................................................... 6

*Ressler v. Jacobson*,
   149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992) ................................................................................ 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)................................................................................................. 3, 4

*Wilson v. LSB Industries, Inc.*,
   2019 WL 3542844 (S.D.N.Y. June 28, 2019) ......................................................................... 6

Court-appointed lead plaintiff Mike Castleberg ("Lead Plaintiff") and additional named plaintiffs Joshua Cante, Nathaniel Tapia, Artur Chimchirian, and Van Nguyen (collectively, with Lead Plaintiff, "Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), respectfully submit this memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 200-201); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 202-203, the "Fee and Expense Application").[1]

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's January 30, 2024, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 197; the "Preliminary Approval Order"), approximately 238,377 copies of the Court-approved Postcard Notice or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2]  In addition, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on February 12, 2024,[3] and (ii) the Notice, Claim Form, Plan of Allocation, Stipulation, Preliminary Approval Order, and the Second Amended Complaint,

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated December 7, 2023 (ECF No. 191-1), or the Declaration of Gregory B. Linkh in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Linkh Declaration") (ECF No. 204).

[2] *See* Supplemental Declaration of Melissa Mejia Regarding: (A) Mailing of the Postcard Notice; (B) Report on Claims Received to Date; and (C) Report on Requests for Exclusion Received to Date (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶5.

[3] *See* ECF No. 204-1 (Declaration of Melissa Mejia Regarding: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; (C) Report on Claims Received to Date; and (D) Report on Requests for Exclusion Received to Date ("Initial Mailing Decl.")), at ¶12 & Ex. D.

among other important case-related documents, to be posted on the Settlement Website (www.RomeoPowerSecuritiesSettlement.com). *See* Initial Mailing Decl., ¶17. The Postcard Notice, Notice, Summary Notice and Settlement Website informed Settlement Class Members of the June 19, 2024 deadline to: (i) submit an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application; or (ii) request exclusion from the Settlement Class. *See id.*, ¶¶17 & 20, & Exs. A, B, and D.

On June 11, 2024, the Court ordered an adjournment of the final Settlement Hearing. ECF No. 205. The adjournment extended the deadlines to request exclusion or object from June 19, 2024, to July 3, 2024, because the deadlines were based on the date of the Settlement Hearing. *See* ECF No. 194 (Preliminary Approval Order), ¶¶14 & 17 (objections and requests for exclusion due twenty-one calendar days prior to the Settlement Hearing). These changes, along with the Court's Order adjourning the hearing, were posted to the Settlement Website. *See* Supp. Mailing Decl., at ¶¶7-8.

On June 5, 2024, fourteen (14) days prior to the original objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The motions are supported by the declarations of each Plaintiff, Lead Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website. *See* ECF Nos. 200-204; Supp. Mailing Decl., at ¶6.

Following this extensive notice process, **_no_** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. Moreover,

Epiq has only received three requests for exclusion.[4]  *See* Suppl. Mailing Decl., ¶7 & Ex. A.  The absence of any objections and the extremely small number of opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and Fee and Expense Application.  *See In re Signet Jewelers Limited Sec. Litig.*, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); and at \*21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").[5]

For all the reasons set forth herein, and in the opening papers filed with the Court on June 5, 2024, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.

## II.    ARGUMENT

### A.    The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation

"It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighted in considering its adequacy."  *In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012); *Wal-Mart Stores, Inc. v. Visa*

---

[4] There is a question as to whether Paul P. Tam, one of the opt-outs, is a Settlement Class Member because Mr. Tam did not provide any information concerning transactions in Romeo Securities. *See* Supp. Mailing Decl., at Ex. A, Exclusion Request 3.  Nonetheless, because Mr. Tam has evidenced an intent to be excluded, the Parties have agreed to recommend the Court accept this exclusion request.

[5] Unless otherwise indicated, all internal quotations and citations are omitted.

*U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry."). "If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Id*. at 118.

Here, the lack of objections, and small number of requests for exclusion, weighs heavily in favor of the Court approving the Settlement. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) ("Lack of objection is strong evidence of the settlement's fairness."); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("The virtual absence of objections and opt-outs, in light of the large size of the plaintiff classes, and the scope and complexity of the settlement, constitutes a ringing endorsement of the settlement by class members."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").

Settlement Class Members' affirmative participation in the Settlement by submitting claims also indicates a positive reaction to the Settlement. The claims filing deadline was May 29, 2024, and as of July 14, 2024, approximately 31,873 Claims have been submitted by potential Settlement Class Members seeking to participate in the Settlement. *See* Supp. Mailing Decl., ¶9. "Based on [Epiq's] preliminary review of the 31,873 Claims, 13,770 Claims are considered valid, 17,944 Claims are considered invalid, and 159 Claims are currently pending." *Id*. at ¶10.

The fact that no institutional investors have objected to, or requested exclusion, from the

4

Settlement Class further underscores the reasonableness of the Settlement.[6]  *See In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections or requests for exclusion was submitted by an institutional investor"); *Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015) ("The fact that no institutional investors have objected or requested exclusion also supports approval of the Settlement.").

In addition, there has not been a single objection to the Plan of Allocation.  *See* Suppl. Mailing Decl., ¶8.  This reaction supports approval of the Plan of Allocation.  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

### B.    The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application

"Finally, numerous courts have noted that the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee."  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010).  Thus, the absence of ***any*** objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including Plaintiffs' request for PSLRA awards in the

---

[6] Plaintiffs' consulting damages expert calculates that institutional investors held approximately 31% of Romeo Power's publicly traded common stock towards the end of the Settlement Class Period.

aggregate amount of $80,000 ($20,000 to Lead Plaintiff and $15,000 to each of the other four named Plaintiffs) to compensate them for the time and effort they expended on behalf of the Settlement Class, supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019) ("The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested.").[7]

*     *     *

In sum, the complete absence of objections—together with the extremely small number of opt-outs—strongly militates in favor of a finding that the Settlement is fair, reasonable, and adequate, that the proposed Plan of Allocation is fair and equitable, and that Lead Counsel's fee and expense application should be granted. *See Wilson v. LSB Industries, Inc.*, 2019 WL 3542844,

---

[7] *See also In re XL Fleet Corp. Sec. Litig.*, No. 1:21-cv-0200-JLR, ECF No. 198 (S.D.N.Y. April 30, 2024) (granting PSLRA award of $25,000 to Lead Plaintiff and awards of $15,000 to each of the other four Named Plaintiffs); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010) (granting requests for PSLRA awards of $100,000 to one lead plaintiff, and $5,000 to the other, where "[n]o objections to these requests have been filed."); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (granting incentive awards to two class representatives of $55,000 each and to three class representatives of $35,000 each where there were no objections and noting "a differentiation among class representatives based upon the role each played may be proper in given circumstances.").

at *1-2 (S.D.N.Y. June 28, 2019) (awarding attorneys' fees of 33⅓% of $18,450,000 settlement fund, plus reimbursement of $1,169,501.84 in out-of-pocket expenses, and PSLRA awards to two plaintiffs in the aggregate amount of $40,100 where "[t]here were no objections to the requested attorneys' fees and reimbursement of Litigation Expenses.").

## III.    CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 201), the Fee and Expense Memorandum (ECF No. 203), and the Linkh Declaration (ECF No. 204), Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 30% of the Settlement Fund, plus expenses in the amount of $395,341.74; and (iii) award $20,000 to Lead Plaintiff (Mike Castleberg) and $15,000 to each of the other four named Plaintiffs (Joshua Cante, Nathaniel Tapia, Artur Chimchirian, and Van Nguyen) as reimbursement for time spent representing the Settlement Class.[8]

Dated: July 17, 2024                              Respectfully submitted,

                                                  **GLANCY PRONGAY & MURRAY LLP**

                                                  By:  *s/ Gregory B. Linkh*
                                                  Gregory B. Linkh (GL-0477)
                                                  230 Park Avenue, Suite 358
                                                  New York, New York 10169
                                                  Telephone:  (212) 682-5340
                                                  Email:  glinkh@glancylaw.com

                                                  -and-

---

[8] The Settlement is conditioned on the entry of the [Proposed] Order and Judgment. *See* Stipulation, ¶¶30-32, 33(e); Ex. B.  The [Proposed] Order and Judgment, along with [Proposed] Order Approving the Plan of Allocation and the [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

Kara M. Wolke (admitted *pro hac vice*)
Joseph D. Cohen (admitted *pro hac vice*)
Melissa C. Wright (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: kwolke@glancylaw.com
　　　 jcohen@glancylaw.com
　　　 mwright@glancylaw.com

*Attorneys for Plaintiffs and the Proposed*
*Settlement Class*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 17, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By:  */s/ Gregory B. Linkh*
          Gregory B. Linkh