**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ROMEO POWER INC. SECURITIES LITIGATION | Case No. 1:21-cv-03362-LGS<br><br>Honorable Lorna G. Schofield |

**AFFIDAVIT OF KARA M. WOLKE IN SUPPORT OF PLAINTIFFS'**
**PROPOSED ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT**

I, Kara M. Wolke, hereby declare:

1.      I am a partner with the law firm Glancy Prongay & Murray LLP, Lead Counsel for Lead Plaintiff Mike Castleberg and additional named plaintiffs Joshua Cante, Artur Chimchirian, Nathaniel Tapia, and Van Nguyen ("Plaintiffs") and Lead Counsel for the Settlement Class in the above-captioned action (the "Action"). I am an attorney duly licensed to practice law in the State of California and I am admitted *pro hac vice* in the Action.  I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so truthfully and accurately.

2.      I respectfully submit this affirmation, along with the accompanying exhibits incorporated herein by reference, in support of Plaintiffs' Proposed Order to Show Cause pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, ("FRCP") and Local Civil Rules 55.2, for grant of judgment on default against Defendant Romeo Power, Inc. ("Romeo").

3.      Romeo is an entity that is not an infant, in the military, or an incompetent person.

4.      Attached hereto as **Exhibit A** is a true and correct copy of the Class Action Complaint, filed April 16, 2021. ECF No. 1.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the Amended Class Action Complaint for Violations of the Federal Securities Laws, filed September 15, 2021. ECF No. 82.

6.      Attached hereto as **Exhibit C** is a true and correct copy of the [Corrected] Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed February 24, 2023. ECF No. 143-1.

7.      Attached hereto as **Exhibit D** is a true and correct copy of the original Summons filed with the Court pertaining to service of process on Romeo dated April 19, 2021. ECF No. 17.

8.      Attached hereto as **Exhibit E** is a true and correct copy of the Clerk's Certificate of Default of Romeo dated August 21, 2023. ECF No. 179.

9.      Attached hereto as **Exhibit F** is a [Proposed] Order for Default Judgment.

## I.      <u>NATURE OF THE ACTION</u>

10.      Plaintiffs brought this Action on behalf of a class who purchased and/or acquired publicly traded securities of Romeo during the period October 5, 2020 through August 16, 2021 ("Class Period").

11.      This Action stems from the alleged misleading statements in the SEC filings about Romeo's committed contract revenue and supply chain for battery cells, in violation of federal securities laws.

12.      The Action seeks remedies under Sections 10(b), and Rule 10b-5 promulgated thereunder, and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## II.      <u>PERTINENT PROCEDURAL HISTORY</u>

13.      The instant Action commenced on April 16, 2021, by filing a Complaint with the Court (ECF No. 1), which was served on Romeo on April 19, 2021. ECF No. 17.

14.      On May 24, 2023, counsel for Romeo filed a motion to withdraw as counsel for Romeo.  ECF No. 166.  The Court granted the motion to withdraw on June 6, 2023.  ECF No. 173.

15.      Pursuant to Court orders entered on June 6 and July 10, 2023, Romeo was required to retain new counsel by June 30, 2023. ECF No. 173.

16.     Lead Counsel has not received any notification indicating Romeo has retained new counsel in connection with this Action or plan to appear in this Action on behalf of Romeo.

17.     On August 2, 2023, the Court directed Plaintiffs to obtain a certificate of default against Romeo (ECF No. 179), which Plaintiffs filed on August 16, 2023. ECF No. 182.

18.     On August 21, 2023, the Clerk of the Court entered the Clerk's Certificate of Default against Romeo for failure to obtain new counsel. ECF. No. 186.

## III.    <u>ARGUMENT</u>

19.     Under FRCP Rule 55 ("Rule 55"), a court may enter default judgment following the entry of default against a party who fails to defend an action. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court enters a certificate of default after the party seeking a default submits an affidavit showing that the other party has failed to defend the action. Fed. R. Civ. P. 55(a); LR 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, enters a default judgment against a defendant that has failed to defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

20.     Here, the Clerk noted Romeo's default and entered a Certificate of Default on August 21, 2023 (ECF. No. 186) thereby satisfying Rule 55's first requirement.

21.     Next, it is well settled in the Second Circuit that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a default judgment. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir.2006); *see also Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 427 (2d Cir.1967) (holding that a corporate defendant who filed an answer through attorney who later withdrew, and who failed to obey court order to appoint new counsel so case could proceed to trial, was in default for failure to

'otherwise defend'); *Hounddog Prod., LLC v. Empire Film Grp., Inc.*, 767 F.Supp.2d 480, 486 (S.D.N.Y.2011) (stating that corporate defendant's repeated failure to appear by counsel, and noncompliance with the court's orders to retain new counsel following original counsel's withdrawal, warranted entry of default judgment against defendant for failure to 'otherwise defend' pursuant to Rule 55(a)); *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) (entering default judgment against corporate defendant because corporation's "refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who subsequently withdrew, constitutes a default for failure to 'otherwise defend'" under Rule 55) (citation omitted).[1]

22.    Here, on May 24, 2023, counsel for Romeo filed a motion to withdraw as counsel for Romeo. ECF No. 166. The Court granted the motion to withdraw on June 6, 2023. ECF No. 173. However, despite Court orders to do so, Romeo failed to retain new counsel.

23.    Following the withdrawal of its initial counsel, Romeo failed to "otherwise defend" itself in the Action due to its failure to retain new counsel despite the Court's June 6 and July 10, 2023 orders directing Romeo to do so.

24.    Therefore, in accordance with the second requirement of Rule 55, default judgement against Romeo is warranted for failure to defend the Action.

## IV.    DAMAGES

25.    To secure a default judgment for damages, plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *See United States v. DiPaolo*, 466 F. Supp. 2d 476, 483-84 (S.D.N.Y. 2006).

---

[1] It is well settled law that a corporation may not appear *pro se* in federal courts, but must appear only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).

4

26.     In connection with the settlement between Plaintiffs and Romeo's former CEO and CFO, Lionel Selwood, Jr. and Lauren Webb (the "Individual Defendants"), Plaintiffs' damages consultant estimated that the total maximum damages potentially available in this Action would be approximately $221.7 million. *See* ECF No. 204, ¶66.

27.     Plaintiffs and the Individual Defendants agreed to settle all claims against Individual Defendants in this Action in exchange for a non-reversionary, all-cash payment of $14.9 million ("Settlement Amount"), which this Court preliminarily approved on January 30, 2024.  ECF No. 197.

28.     Plaintiffs assert that Romeo is entitled to the Settlement Amount as a judgment credit making the estimated damages applicable to Romeo $206.8 million. *Gerber v. MTC Elec. Techs. Co.*, 329 F.3d 297, 305 (2d Cir. 2003) (finding the non-settling defendants should receive the full settlement amount as a credit).

29.     Given Romeo's refusal to defend this Action, it is hoped that issuance of a default judgment and a legally appropriate notice to Romeo of a potential levy may foster a resolution.

30.     Pursuant to the Court's individual rules, these motions papers will be served on Romeo within fourteen (14) days of filing. It is hoped that adjudication of this motion will ultimately be unnecessary, but, in the interim, Plaintiffs ask the Court to accept the foregoing as sufficient proof of Plaintiffs' entitlement to the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

*/s/ Kara M. Wolke*
Kara M. Wolke