UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :
                                                            :
                                                            :
In re ROMEO POWER INC. SECURITIES          :      21 Civ. 3362 (LGS)
LITIGATION.                                                 :
                                                            :      ORDER
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs move for final approval of the class action settlement and for attorneys' fees and costs.

WHEREAS, after a hearing on July 24, 2024, the Court granted final approval of the settlement and granted Plaintiffs' motion for attorneys' fees and costs on August 1, 2024. The Court reserved decision on Plaintiffs' request for service awards for the lead and named Plaintiffs under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4.

WHEREAS, in securities class actions, the PSLRA provides in relevant part that, "The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class." 15 U.S.C. § 78u-4(a)(4). It also states that, "Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." *Id.*

WHEREAS, the Second Circuit considers whether plaintiffs have submitted "a thorough accounting of hours dedicated to the litigation and a statement that these hours constituted lost work time" when evaluating whether a service award is proper under the PSLRA. *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 133 (2d

Cir. 2014)[1]; *accord Rosi v. Aclaris Therapeutics, Inc*., No. 19 Civ. 7118, 2021 WL 5847420, at *10 (S.D.N.Y. Dec. 9, 2021). Courts consider whether the requested amount is reasonable and supported by evidence of costs or lost wages and have reduced requested service awards where there is insufficient evidence to support the requested award. *See Rosi*, 2021 WL 5847420, at *10-11 (finding a requested PSLRA award of $10,000 to be not well-supported and reducing the amount awarded to $1,000); *cf. In re Virtus Inv. Partners, Inc. Sec. Litig*., No. 15 Civ. 1249, 2018 WL 6333657, at *5 (S.D.N.Y. Dec. 4, 2018) (granting the requested PSLRA award of $5,648.73 where Plaintiffs included a declaration supporting travel expenses); *Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc*., No. 17 Civ. 5543, 2021 WL 76328, at *7 (S.D.N.Y. Jan. 7, 2021) (granting the requested PSLRA award of $2,500 as a reasonable reimbursement to plaintiffs).

WHEREAS, Plaintiffs request awards totaling $80,000 for the five lead and named Plaintiffs combined: $20,000 to lead Plaintiff Mike Castleberg and $15,000 each to named Plaintiffs Joshua Cante, Nathaniel Tapia, Artur Chimchirian and Van Nguyen.

WHEREAS, Plaintiffs' requested amounts are not supported as compensation for lost wages and reasonable costs by the declarations Plaintiffs submitted. Plaintiffs' declarations describe only in general terms how they assisted in this litigation and its settlement. Plaintiffs state they spent between 70 (lead Plaintiff Castleberg) and 125 hours (named Plaintiff Cante) assisting Class Counsel over multiple years of the litigation, but provide no specific accounting of what those hours consisted of or when they occurred. Each Plaintiff states that they took time away from professional or investing activities to contribute to the action but again do not provide any estimate of this diverted time or claim that any specific wages were lost. The declarations state that Plaintiffs "received status reports from Lead Counsel on case developments, and

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

participated in regular discussions concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement." Each declaration also includes the near-identical statement that the Plaintiff:

> (a) produced . . . trading records to [Class Counsel]; (b) regularly communicated with [Class Counsel] regarding the posture and progress of the case; (c) reviewed all significant pleadings and briefs filed in this Action; (e) reviewed the Court's orders and discussed them with [Class Counsel]; (f) provided documents, and written responses and objections, to Defendants' requests for the production of documents; (g) responded to interrogatories; (h) prepared for . . . deposition and was deposed; (i) moved for class certification and to serve as the class representative; (j) consulted with [Class Counsel] regarding the settlement negotiations; and (k) evaluated and approved the proposed Settlement.

Lead Plaintiff Castleberg states that he also "moved to be appointed Lead Plaintiff in this Action." These cookie-cutter descriptions fall short of the required "thorough accounting" needed to support a compensatory PSLRA service award for reasonable costs and expenses Plaintiffs incurred as class representatives. Plaintiffs' declarations support that they contributed to the litigation, but the lack of individualized detail undermines Plaintiffs' request for such large awards.

WHEREAS, Plaintiffs' supplemental letter names some specific costs incurred by Plaintiffs as class representatives, but again fails to provide the required detail to support the amounts requested. In addition to explaining how each Plaintiff contributed to their representation of the class, the letter provides certain costs incurred by four of the five representative Plaintiffs. Plaintiff Castleberg "spent a substantial amount of time on this case that he otherwise would have devoted to his business." Plaintiff Cante "took time off work not only to prepare for his deposition, but he flew from Arizona to New York to sit for his deposition." Plaintiff Tapia "had to secure alternative childcare to enable him to prepare and sit for his deposition." Plaintiff Chimchirian "took significant time away from his work to prepare for his deposition and to travel to New York from his home in Florida to sit for his deposition." Based

3

on these representations, each award reflects estimated costs and expenses each Plaintiff expended in connection with the litigation, including for Plaintiffs Cante and Chimchirian, time spent travelling to and from their respective depositions; for Plaintiff Tapia, the cost of childcare necessitated by his deposition; and for all Plaintiffs, time spent as described above.

WHEREAS, the cases Plaintiffs cite to support their requested amounts, including *In re Qudian Inc. Sec. Litig.*, No. 17 Civ. 09741, 2021 WL 2328437, at *2 (S.D.N.Y. June 8, 2021), and *In re XL Fleet Corp. Sec. Litig.*, No. 21 Civ. 02002, ECF No. 198 (S.D.N.Y. Apr. 30, 2024), are distinguishable as they grant without analysis the requested awards.  Plaintiffs also cite *In re Northern Dynasty Minerals Ltd. Sec. Litig.*, No. 20 Civ. 5917, 2024 WL 308242, at *17 (E.D.N.Y. Jan. 26, 2024), which does not include in-depth analysis other than acknowledging that the plaintiffs had "submitted declarations detailing their efforts in this action over the past two years" and the awards were in line with those granted by other courts.  In this case, Plaintiffs have not demonstrated that their requested awards reflect their actual costs and expenses.  It is hereby

**ORDERED** that the request for service awards is **GRANTED** in part and **DENIED** in part.  Service awards are granted as follows: $8,000 to Plaintiff Cante, $8,000 to Plaintiff Chimchirian, $6,000 to Plaintiff Tapia, $5,000 to Plaintiff Castleberg and $5,000 to Plaintiff Nguyen.  These awards are reasonable and promote equity among the class members because the awards compensate the lead and named Plaintiffs for the reasonable costs and expenses they incurred as class representatives.  The Class Representatives' service awards shall be paid from the settlement fund and shall not be paid until a majority of class members have received their cash awards.

Dated: August 27, 2024
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**