UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE ROMEO POWER, INC. SECURITIES                          :
LITIGATION                                                  :
                                                            :  21 Civ. 3362 (LGS)
------------------------------------------------------------X
                                                               ORDER

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, before the Court is Plaintiffs' motion for default judgment against Defendant Romeo Power, Inc. ("Romeo").

  WHEREAS, Plaintiffs commenced this action by filing a complaint on April 16, 2021, which was served on Romeo on April 19, 2021. An amended complaint was filed on September 15, 2021, which was served on Romeo via ECF.

  WHEREAS, on May 24, 2023, counsel for Romeo filed a motion to withdraw as counsel for Romeo. The Court granted the motion to withdraw on June 6, 2023.

  WHEREAS, pursuant to Orders entered on June 6 and July 10, 2023, Romeo was required to retain new counsel by June 30, 2023.

  WHEREAS, no new counsel has appeared on behalf of Romeo.

  WHEREAS, Plaintiffs obtained a certificate of default against Romeo for failure to obtain new counsel on August 21, 2023.

  WHEREAS, the Court has subject matter jurisdiction pursuant to 28 USC § 1331.

  WHEREAS, the Court has personal jurisdiction over Romeo pursuant C.P.L.R. § 302(a)(1), because its stock traded on the New York Stock Exchange at the time of the complaint and certain of the alleged wrongful acts occurred in New York.

WHEREAS, Romeo was served with the Order to Show Cause for why default judgment should not be entered on July 26, 2024 and July 29, 2024.

WHEREAS, "Rule 55 [of the Federal Rules of Civil Procedure] provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)[1]; *accord CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 481 (S.D.N.Y. 2021). Pursuant to Rule 55(a), default may be entered against a defendant that has failed to plead or "otherwise defend." Fed. R. Civ. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *Id.* at 129. It is well-settled that "[a] corporation may not appear in federal court *pro se,* and default may enter against a corporate defendant that fails to defend itself in the action by retaining counsel." *Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 116 n.8 (2d Cir. 2023). "[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint," *id.* at 137, but an entry of default is not an admission of damages, *id.* at 128.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled," *id.*, to the extent that it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings," Fed. R. Civ. P. 54(c). At the inquest on damages following entry of default, the court should "accept[] as true all of the factual allegations of the complaint, except those relating to damages," entitling the plaintiff to "all reasonable inferences from the evidence offered." *Au Bon Pain Corp.*, 653 F.2d at 65. However, courts are nevertheless "required to determine whether the [plaintiff's] allegations

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citations omitted).

A damages hearing, while authorized by Rule 55(b)(2), is not mandatory. Instead, "a hearing is unnecessary so long as (i) the Court has determined the proper rule for calculating damages, and (ii) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment[.]" *Norman v. Three in One Equities, LLC*, No. 22 Civ. 3173, 2024 WL 488181, at *5 (S.D.N.Y. Feb. 8, 2024), *report and recommendation adopted*, No. 22 Civ. 03173, 2024 WL 967175 (S.D.N.Y. Mar. 6, 2024).

WHEREAS, Romeo has defaulted in this action by failing to retain counsel.

WHEREAS, Plaintiffs allege Romeo violated § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. To state a claim under § 10(b) and Rule 10b-5, "a plaintiff must allege that each defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 167 (2d Cir. 2021). For the reasons explained in the Court's June 2, 2022 Opinion and Order granting in part and denying in part Defendants' motion to dismiss the amended complaint, Plaintiffs have adequately pleaded that Romeo violated § 10(b) and Rule 10b-5.

WHEREAS, Plaintiffs seek $206.8 million in damages against Romeo. This figure is based on calculations of total damages of $221.7 million from Plaintiffs' damages expert, with the $14.9 million settlement against Defendants Lionel Selwood, Jr. and Lauren Webb subtracted. This evidence establishes with reasonable certainty the damages for which Romeo is liable. It is hereby

**ORDERED** that, for the foregoing reasons, the Plaintiffs' motion for default judgment against Romeo is **GRANTED**.  Judgment by default is entered against Defendant in the amount of $206.8 million plus costs.

Dated: September 19, 2024
       New York, New York

                                          _____
                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**