UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
                                                             :
                                                             :
In re ROMEO POWER INC. SECURITIES                            :   21 Civ. 3362 (LGS)
LITIGATION.                                                  :
                                                             :   ORDER
                                                             :
                                                             :
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 20, 2024, Plaintiffs moved for disbursement of funds and denial of two disputed claims.

WHEREAS, on November 22, 2024, the Court ordered that the disputed claimants shall respond to the motion by December 6, 2024, and directed Plaintiffs to notify those claimants of the order and to file any resulting letters on those claimants' behalf.

WHEREAS, on November 25, 2024, Plaintiffs' counsel emailed the Court for clarification regarding whether additional claimants who sought to dispute their claim rejections were also covered by the order. Counsel's email and attached letter is attached to this order as Exhibit 1.

WHEREAS, the additional disputed claimants responded to counsel's email. That correspondence is attached as Exhibit 2. It is hereby

**ORDERED** that the November 22, 2024 Order also applies to the additional disputed claimants. If they wish to continue to press their claims, those claimants shall respond to the motion by December 6, 2024. By December 6, 2024, those claimants shall also produce to Plaintiffs' counsel any documentation they possess supporting their claim of class membership.

Dated: November 26, 2024
       New York, New York

                                                    _____
                                                    LORNA G. SCHOFIELD
                                                    UNITED STATES DISTRICT JUDGE

# Exhibit 1

| | |
|---|---|
| **From:** | Joseph Cohen |
| **To:** | Schofield NYSD Chambers |
| **Cc:** | oneuniversalname11@gmail.com; believincreator99@gmail.com; Morgan.Whitworth@lw.com; Kristin.Murphy@lw.com; Jason.Hegt@lw.com; Jeff.Hammel@lw.com; Melange.Gavin@lw.com; Kara Wolke; Melissa Wright; Greg Linkh |
| **Subject:** | In re Romeo Power Inc. Sec. Litig., Case No. 1:21-cv-03362-LGS |
| **Date:** | Monday, November 25, 2024 7:01:23 PM |
| **Attachments:** | 2024.11.25 Lettter to Judge Schofield.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Schofield,

My firm serves as Court-appointed Lead Counsel for Plaintiffs and the Settlement Class in the above-referenced action. Please see the attached letter, which seeks to clarify a possible misunderstanding with respect to the Claimants disputing the Claims Administrator's determination, requesting guidance on how to proceed, and further requesting the Court order Tessa Dixon and Gura Singh to produce any documentary evidence supporting their claims to be Settlement Class Members to the Court via email for *in camera* review in conjunction with their response to the Court's November 22, 2024 Order (ECF No. 223).

Thank you for your attention to this matter.

Respectfully,

Joseph D. Cohen

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.



Joseph D. Cohen
jcohen@glancylaw.com
info@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

November 25, 2024

**VIA E-Mail**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *In re Romeo Power Inc. Sec. Litig.*, Case No. 1:21-cv-03362-LGS;
              Request for Clarification of Court's November 22, 2024, Order

Dear Judge Schofield:

      My firm serves as Court-appointed Lead Counsel for Plaintiffs and the Settlement Class in the above-referenced action (the "Action").[1] On November 22, 2024, the Court entered its Memo Endorsed Order (the "Order"). ECF No. 223. That Order was in response to Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), which, in part, asked the Court to affirm the Claims Administrator's decisions regarding the acceptance and rejections of Claims submitted in the Action. ECF Nos. 219-221. The Motion also asked the Court to deny the Claims of the two Claimants (Claim Nos. 800000125 and 800003929 (collectively, the "Disputed Claimants")), that had asked for Court review of the recommended denial of their Claims. ECF No. 220, at Sec. IV. The Motion was filed on November 20, 2024.

      On November 21, 2024, Lead Counsel was copied on an email to the Court from two purported Settlement Class Members—Tessa Dixon and Guru Singh.[2] In the email, Ms. Dixon

---

[1] Capitalized terms that are not otherwise defined herein have the same meanings given to them in the Stipulation and Agreement of Settlement dated December 7, 2023 ("Stipulation"). ECF No. 191-1.

[2] Because it did not appear that Defendants' Counsel were copied on the email, on November 22, 2024, Lead Counsel forwarded to Defendants' Counsel the email and, to the extent possible, the attachments. Defendants' Counsel have been informed that Lead Counsel would be emailing the Court and did not object. Defendants' Counsel have no role in the administration and distribution of the Net Settlement Fund. *See* Stipulation, ¶23.

November 25, 2024
Page 2

and Mr. Singh made a series of unfounded and utterly baseless allegations regarding the conduct of Lead Counsel and the Claims Administrator.

On November 22, 2024, the Court issued the Order. The Order provided, in pertinent part, that:

> By **December 6, 2024,** the claimants with disputed claims may respond to the relevant portion of Plaintiffs' motion in a letter not to exceed three pages, to be sent to Plaintiffs' counsel who shall then file any such letters on the docket. Plaintiffs shall provide those claimants with notice of this order. (Emphasis in the original).

ECF No. 223.

Lead Counsel wish to clarify for the Court that Ms. Dixon and Mr. Singh are ***not*** the Disputed Claimants that are referenced in the Motion as requesting Court review of their Claims. The Disputed Claimants timely requested Court review and, as such, were included in the Motion.

Ms. Dixon and Mr. Singh did not timely request Court review of their rejected Claims and were therefore not included in the Motion. Ms. Dixon and Mr. Singh's Claims were rejected because they included purported transactions that did not calculate to a Recognized Loss and lacked adequate supporting documentation. More specifically, Ms. Dixon only produced an Edward Jones document that did not include an account number or any transactions in Romeo Power Securities, and Mr. Singh produced a self-created document, and another document that did not include an account name, number or address, and did not reflect the transactional information contained in the self-created document.

The failure to produce ***any*** evidence of membership in the Settlement Class is especially egregious given that the Epiq Project Manager for this administration has: (i) spoken to Ms. Dixon once and emailed her eight (8) times; and (ii) emailed Mr. Singh at least twice (not including responses to Ms. Dixon's emails where Mr. Singh had been copied), and sent him a letter. In addition, Lead Counsel spent approximately 10 hours interacting with Ms. Dixon and Mr. Singh. These interactions included a meeting at Lead Counsel's office in Los Angeles, as well as numerous emails and telephone conversations. During these interactions, which stretched into October 2024, thus delaying the filing of the Motion and the distribution of the Net Settlement Fund to actual Settlement Class Members, the Project Manager and Lead Counsel repeatedly conveyed to Ms. Dixon and Mr. Singh why their documentation was insufficient, explained what would constitute adequate documentation, imposed deadlines to submit proper documentation, and, finally, following rejection of their claims, provided them with a 20-day deadline by which to

November 25, 2024
Page 3

request Court review of the rejections of their claims. No request for Court review was forthcoming from Ms. Dixon or Mr. Singh.

Accordingly, Lead Counsel would respectfully request the Court clarify how it would like to proceed. In particular, should Lead Counsel send the Order to the Disputed Claimants, as well as Ms. Dixon and Mr. Singh, or just the Disputed Claimants? Absent a Court order to the contrary, Lead Counsel plan to send the Order and the relevant Motion papers to the Disputed Claimants, **_as well as Ms. Dixon and Mr. Singh_**, along with an explanatory cover letter. Lead Counsel would, however, also respectfully request the Court order Ms. Dixon and Mr. Singh to produce any documentary evidence supporting their claims to be Settlement Class Members to the Court via email for *in camera* review in conjunction with their response. *See Becker v. Bank of New York Mellon Trust Co., N.A.*, 2018 WL 6727820, at *7 (E.D. Pa. Dec. 21, 2018) (holding that "[t]he requirement that class members submit documentation to substantiate their holdings of the bonds as of the record date will facilitate the filing of legitimate claims, yet is not overly demanding given the range of permissible documentation."). Such an order would assist in bringing finality to this issue.[3]

Very truly yours,

Joseph D. Cohen

JC/JDC

cc: Defendants' Counsel (via email)
    Tess Dixon (via email/overnight FedEx)
    Guru Singh (via email/overnight FedEx)

---

[3] Lead Counsel and the Claims Administrator are prepared to respond to Ms. Dixon and Mr. Singh's allegations by way of declarations, but believe that Ms. Dixon and Mr. Singh should first be required to present evidence of their membership in the Settlement Class. As set forth above, no such proof has been presented to Lead Counsel or the Claims Administrator.

New York | Los Angeles | Berkeley
www.glancylaw.com

# Exhibit 2

| | |
|---|---|
| **From:** | Tessa Blossom Dixon |
| **To:** | Joseph Cohen |
| **Cc:** | Schofield NYSD Chambers; believincreator99@gmail.com; Morgan.Whitworth@lw.com; Kristin.Murphy@lw.com; Jason.Hegt@lw.com; Jeff.Hammel@lw.com; Melange.Gavin@lw.com; Kara Wolke; Melissa Wright; Greg Linkh |
| **Subject:** | Re: In re Romeo Power Inc. Sec. Litig., Case No. 1:21-cv-03362-LGS |
| **Date:** | Monday, November 25, 2024 8:00:38 PM |

**CAUTION - EXTERNAL:**

**RE: Response to Claims Administrator's Determination – Accessibility and Documentation Inquiry**

Dear Judge Schofield,

We acknowledge receipt of the letter from Joseph D. Cohen, Lead Counsel, addressing our objection to the Claims Administrator's determination. While we appreciate Mr. Cohen's response, it saddens us that this court-appointed firm, entrusted with the sacred duty of advocating for class members, appears to view this responsibility as a burden. Their response feels more aligned with the posture of opposing counsel than that of a compassionate advocate for the individuals they are meant to represent.

As we move forward with preparing the requested documentation for in-camera review, we are reminded of the importance of fairness, justice, and accountability, principles that form the foundation of both our legal system and a deeper spiritual ethic in which we humbly raise an issue that remains unaddressed.

We previously highlighted significant accessibility oversights in the claims submission process that have created barriers for individuals like us. The settlement website and communications have not complied with ADA requirements, such as offering large print, audio formats, or other accessible materials to accommodate individuals with disabilities. These are not just legal obligations but moral imperatives, ensuring that all members of the class can equally access the justice they were promised.

We ask the Court to guide the settlement administrator and class counsel in reflecting these higher principles by confirming whether accessibility adjustments have been made to the settlement website and related materials. If these adjustments have not yet been implemented, we request that steps be taken to ensure these barriers are removed, opening the process to all individuals regardless of their circumstances.

Justice is not simply about transactions; it is about the spirit of fairness and care for all who have been wronged. We place our trust in the Court's wisdom to oversee this matter and ensure that the process honors the dignity of every class member.

Thank you for your time, and we will submit the requested documentation as directed.

Sincerely,
Tessa Dixon
Guru Singh


On Mon, Nov 25, 2024 at 4:00 PM Joseph Cohen <JCohen@glancylaw.com> wrote:

Dear Judge Schofield,

My firm serves as Court-appointed Lead Counsel for Plaintiffs and the Settlement Class in the above-referenced action. Please see the attached letter, which seeks to clarify a possible misunderstanding with respect to the Claimants disputing the Claims Administrator's determination, requesting guidance on how to proceed, and further requesting the Court order Tessa Dixon and Gura Singh to produce any documentary evidence supporting their claims to be Settlement Class Members to the Court via email for *in camera* review in conjunction with their response to the Court's November 22, 2024 Order (ECF No. 223).

Thank you for your attention to this matter.

Respectfully,

Joseph D. Cohen

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.