**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ROMEO POWER INC.
SECURITIES LITIGATION

Case No. 1:21-cv-03362-LGS

**DECLARATION OF MELISSA C. WRIGHT IN RESPONSE TO ORDER REGARDING
PLAINTIFFS' MOTION FOR CLASS DISTRIBUTION ORDER [ECF 223 & 224]**

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Disputed Claimant 1 Letter Submission, dated November 30,2024 (Claim No. 80000125). |
| B | Disputed Claimants 3 & 4 Email Submissions, dated December 6, 2024 (Claim Nos. 800004170 and 800004298). |
| C | Disputed Claimant 3 compilation of excerpts of Edward Jones account statements with various dates. |
| D | An IRS Form 1099-B, dated February 11, 2022, purportedly belonging to Disputed Claimant 4. |
| E | Email from Lead Counsel to Disputed Claimants 3 & 4, dated December 6, 2024. |
| F | Notice of Deficiency, dated August 9, 2024. |
| G | Email exchange between Disputed Claimant 3, Lead Counsel, and the Claims Administrator from June 19 to June 24, 2024. |
| H | Email exchange between Disputed Claimant 3, Lead Counsel, and the Claims Administrator from July 10 to July 18, 2024, with, as an attachment, an Amended IRS Form 1099-B, dated March 2, 2022, purportedly belonging to Disputed Claimant 4. |
| I | Email exchange between Disputed Claimant 3, Lead Counsel, and the Claims Administrator, dated August 13, 2024. |
| J | Email exchange between Disputed Claimant 4, Lead Counsel, and the Claims Administrator from August 21 to August 23, 2024. |
| K | Email exchange between Disputed Claimant 3, Lead Counsel, and the Claims Administrator from September 6 to September 19, 2024. |
| L | Email exchange between Disputed Claimant 3, Lead Counsel, and the Claims Administrator from September 25-26, 2024. |
| M | Self-Generated Spreadsheet of Disputed Claimant 4's purported transactions in Romeo Power Securities, attached to email dated September 25, 2024. |
| N | An excerpt of Disputed Claimant 3's Edward Jones account statement, dated October 1, 2021 – December 31, 2021. |
| O | Email exchange between Disputed Claimant 3, Lead Counsel, and the Claims Administrator dated October 9, 2024. |

i

| | |
|---|---|
| P | Document titled, "Entity Validation Documentation Requirements". |
| Q | Email from Disputed Claimant 3, dated October 7, 2024. |
| R | Email and 4 attachments from Disputed Claimant 3, dated October 17, 2024. |

I, Melissa C. Wright, declare as follows:

1.    I am Senior Counsel at Glancy Prongay & Murray LLP ("Lead Counsel"), Court-appointed Lead Counsel for lead plaintiff Mike Castleberg ("Lead Plaintiff") and additional named plaintiffs Joshua Cante, Nathaniel Tapia, Artur Chimchirian, and Van Nguyen (collectively, with Lead Plaintiff, "Plaintiffs"), in the above-captioned action (the "Action").[1] I am admitted to practice in this District. I have personal knowledge of the facts stated herein and, if called upon as a witness, I could and would testify competently thereto.

2.    On November 20, 2024, Plaintiffs filed a Motion for Class Distribution Order (ECF No. 219), memorandum of law in support thereof (ECF No. 220), and accompanying exhibits (ECF Nos. 221-22) (collectively, the "Motion"). In addition to asking the Court to affirm the determinations of the Claims Administrator accepting and rejecting Claims, Plaintiffs' Motion addressed two Claimants (Claim Nos. 800000125 ("Disputed Claimant 1") and 800003929 ("Disputed Claimant 2")) who disagreed with the Claims Administrator's determination of ineligibility and requested Court review of the rejection of their Claims. ECF No. 220 at 7-8.

3.    On November 22, 2024, the Court entered an Order allowing the Disputed Claimants 1 and 2 the opportunity to respond to the Claims Administrator's determination of ineligibility and directed Plaintiffs to provide the Claimants with notice of the Order. ECF No. 223. The Order further stated that "[b]y December 6, 2024, the claimants with disputed claims may respond to the relevant portion of Plaintiffs' motion in a letter not to exceed three pages, to be sent to Plaintiffs' counsel who shall then file any such letters on the docket." *Id.*

---

[1] Capitalized terms that are not otherwise defined herein have the same meanings given to them in the Stipulation and Agreement of Settlement dated December 7, 2023 (ECF No. 191-1).

1

4.        On November 26, 2024, the Court entered an Order clarifying that its November 22, 2024 Order also applied to the two additional disputed Claimants ("Disputed Claimants 3 & 4"), who emailed the Court after the filing of the Motion. ECF No. 224. Disputed Claimants 3 & 4 were not addressed in Plaintiffs' Motion because they did not request Court review of the denial of their Claims despite repeatedly being told they had the opportunity to do so.

5.        In accordance with the Court's November 22, 2024 Order, and assuming the Court would want Lead Counsel to include Disputed Claimants 3 & 4 in the review process, on November 25, 2024, I provided a copy of the Court's Order and copies of the relevant portions of the Motion to each of the four claimants with disputed Claims by both email and overnight FedEx.[2]

### Disputed Claimant 1

6.        On November 30, 2024, Disputed Claimant 1 (Claim No. 800000125) submitted a letter to Lead Counsel. A true and correct copy of Disputed Claimant 1's letter is attached hereto as Exhibit A.[3]

7.        Unfortunately, Disputed Claimant 1's letter does not provide any information to alter the determination reached by the Claims Administrator. As explained in the Motion, Disputed Claimant 1 did not hold his Settlement Class Period purchases of Romeo Common Stock over a corrective disclosure and, therefore, did not suffer compensable damages under the Plan of Allocation. *See* ECF No. 221 (Declaration of Melissa Mejia in Support of Lead Plaintiffs' Unopposed Motion for Class Distribution Order), ¶¶26-28, Ex. C; *see also* ECF No. 204-1, Ex. E (Plan of Allocation) at ¶5 (stating that "[a]lleged corrective disclosures removed the alleged artificial inflation from the prices of Romeo Securities on March 31, 2021 and August 17, 2021"

---

[2] The overnight FedEx to Disputed Claimant 4 was returned as he no longer lives at the address he provided to the Claims Administrator and a forwarding address was not provided.

[3] Disputed Claimant 1's name has been redacted in Exhibit 1 to maintain his privacy.

and providing that "in order to have a Recognized Loss Amount, Romeo Securities must have been purchased or otherwise acquired during the Settlement Class Period and held at the opening of trading on at least one of the alleged Corrective Disclosure Dates.").

### Disputed Claimant 2

8.      On November 27, 2024, Disputed Claimant 2 (Claim No. 800003929) contacted Lead Counsel by telephone requesting clarification of the Court's November 22, 2024 Order. Specifically, Disputed Claimant 2 asked if a letter submission was required of the Claimant. I explained to him that the Court was not requiring a letter submission; rather, the Court was giving Disputed Claimant 2 the opportunity to submit one. As of the date of this filing, Lead Counsel has not received a letter submission from Disputed Claimant 2.

### Disputed Claimants 3 & 4

9.      On December 6, 2024, Disputed Claimants 3 & 4 (Claim Nos. 800004170 and 800004298) submitted two emails with attachments to Lead Counsel. True and correct copies of the email and the 3 attachments from Disputed Claimants 3 & 4 are attached hereto as Exhibits B, C, D, and F. Both emails provided to Lead Counsel are identical except for one email had an additional attachment. Accordingly, only the email with all 3 attachments is being provided to the Court.

10.      Exhibit C, related to Disputed Claimant 3 (Claim No. 800004170), appears to be a compilation of excerpts of Edward Jones account statements from various points in time, none of which indicate any purchases of Romeo Power Securities and therefore fail to support membership in the Settlement Class or a valid Claim.

11.      Exhibit D appears to be an IRS Form 1099-B, dated February 11, 2022, purportedly related to Disputed Claimant 4. Despite being asked to produce both a redacted and unredacted

version of any supporting documents, Disputed Claimant 4 only produced a redacted version of Exhibit D. *See* Exhibit E (email from Lead Counsel, dated December 6, 2024). Thus, Lead Counsel has no way of verifying that these transactions were undertaken by Disputed Claimant 4. Moreover, Exhibit D's transactional data isn't sufficient to demonstrate a Recognized Loss because this type of form does not provide full details on the transactions themselves. For example, unlike a brokerage firm confirmation slip or monthly statement, this data does not include purchase and sale price information. Purchase and sale prices can only be implied by manual calculation based on the Cost and/or Proceeds amounts listed. When the prices based on the Cost listed on the form are calculated, those prices are outside the trading ranges for each transaction date and are, therefore, insufficient for purposes of validating a claim. Exhibit D also does not remedy the fact that Disputed Claimant 4's claim is out of balance because the majority of the transactions submitted to the Claims Administrator continue to lack supporting documentation. This remains true even when Exhibit D is reviewed in conjunction with an earlier submission of an IRS Form 1099-B purported to be from Disputed Claimant 4.[4]

12.    Exhibit F appears to be a Notice of Deficiency from the Claims Administrator dated August 9, 2024. Due to the redactions in the original, Lead Counsel is unable to discern whether this notice was sent to Disputed Claimant 3 or 4. Regardless, this notice does not provide any information that would alter the Claims Administrator's determination of ineligibility as to Disputed Claimants 3 or 4.

---

[4] I consulted the Claims Administrator who has confirmed these defects in the documentation and why the documentation is insufficient.

4

13.     For these reasons, Lead Counsel and the Claims Administrator believe the Claims Administrator's determination of ineligibility should be affirmed as to Disputed Claimants 3 & 4 (Claim Nos. 800004170 and 800004298).

### Disputed Claimants 3 & 4 Have Been Given Ample Opportunity To Cure Their Defective Claims

14.     Disputed Claimants 3 & 4 have been told repeatedly that the documents they submitted are insufficient to support a valid claim, why they are insufficient, and what documents are sufficient to support a valid claim.

15.     Prior to filing the Motion, Lead Counsel and the Claims Administrator spent a great deal of time over the course of 7+ months trying to help Disputed Claimants 3 & 4 cure the deficiencies in their Claims. Interactions include an in-person meeting, as well as numerous phone calls and emails.

16.     Beginning in or around May 2024, I had several telephonic conversations with Disputed Claimant 3 in which she claimed Disputed Claimant 4 wished to submit a claim, but his documentation was too voluminous to submit. To assist these individuals, I offered to scan and then submit their supporting documentation to the Claims Administrator.

17.     On or around May 28, 2024, Disputed Claimants 3 & 4 visited Lead Counsel's office in Los Angeles and arrived without any documents visible on their persons. I met with Disputed Claimants 3 & 4 and answered their questions concerning, *inter alia*, the Settlement, the Plan of Allocation, and the claims process. During this meeting, Disputed Claimant 4 showed me a picture on his phone of what appeared to be a tax document listing transactions in Romeo Power Securities and asked if this documentation was sufficient to support his claim. I explained to Disputed Claimants 3 & 4 that I was unable to evaluate the sufficiency of that document and it would need to be provided to the Claims Administrator for evaluation. This meeting lasted

approximately one hour and concluded with Disputed Claimants 3 & 4 not leaving any documentation with me or asking me to scan any documentation for them.

18.    Following this in-person meeting, a series of emails were exchanged from June 19 to June 24, 2024, between Disputed Claimant 3, Lead Counsel and the Claims Administrator. On June 19, 2024, Disputed Claimant 3 requested an estimate of Disputed Claimants 3 & 4's disbursement amounts and claimed "[w]e have previously shared a detailed spreadsheet with you, outlining our calculations and the basis for our expected settlement amount. We have a figure of approximately $800,000 in mind." On June 20, 21, and 24, 2024, the Claims Administrator replied, noting Disputed Claimant 3's Claim and Disputed Claimant 4's Claim were deficient because no supporting documentation for the claimed transactions had been provided. A true and correct copy of this email exchange is attached hereto as Exhibit G.

19.    On July 10, 2024, Disputed Claimant 3 sent an email to Lead Counsel and the Claims Administrator that attached a picture of an Amended IRS Form 1099-B, dated March 2, 2022, "to support our claim as a shareholder in the Romeo class action lawsuit." A true and correct copy of the email exchange and picture is attached hereto as Exhibit H. The Claims Administrator replied to the email on July 18, 2024, and informed Disputed Claimant 3 that the document did not include names or account numbers. The Claims Administrator also explained, again, that documentation necessary to support any claim must "include[e] name, account number, all of the transactions and holding amounts set forth in the Claim. Acceptable documentation includes securities brokers' confirmation slips, month-end and year-end account statements, or similar documentation. (Self-generated documents are not acceptable.)."

20.    On August 13, 2024, another series of emails were exchanged between Disputed Claimant 3, Lead Counsel and the Claims Administrator. The Claims Administrator once again

6

made clear that they had not received supporting documentation for Disputed Claimant 3's claim. A true and correct copy of email exchange is attached hereto as Exhibit I.

21.     On August 21 and 23, 2024, the Claims Administrator responded to Disputed Claimant 4's claim status inquiry and informed him that (1) his "claim is deficient as it does not calculate to a recognized loss"; (2) "the claim does not balance which would require missing transactions"; and (3) Epiq had not received any documentation supporting his Claim. The Claims Administrator also informed Disputed Claimant 4 that "[a]cceptable documentation includes brokerage confirmation slips or monthly brokerage account statements." A true and correct copy of this email is attached hereto as Exhibit J.

22.     On September 6 and 9, 2024, Disputed Claimant 3 sent emails to Lead Counsel and the Claims Administrator claiming that Lead Counsel and the Claims Administrator "have access to [supporting documentation] from the Romeo Power side, which has already been provided to you as well as viewed by Melissa Wright in person at her office." On September 10, 11 and 19, 2024, both the Claims Administrator and Lead Counsel made clear that neither Lead Counsel nor the Claims Administrator had independent access to Romeo Power stock transactions, that no supporting documentation had been submitted for Disputed Claimant 3's claim, and that "[a]cceptable documentation includes brokerage confirmation slips or monthly brokerage account statements." A true and correct copy of this email exchange is attached hereto as Exhibit K.

23.     On September 25, 2024, Disputed Claimant 3 provided two documents as support for both Disputed Claimant 3 and 4's Claims and the following day the Claims Administrator explained that the documentation was inadequate because "self-generated documents" were not acceptable to support claimed transactions. True and correct copies of the email exchange and the two attachments are attached hereto as Exhibits L, M, and N.

24.     On October 7, 2024, after I spoke with Disputed Claimant 3, she submitted to me the same picture of the IRS Form 1099-B that she originally submitted to the Claims Administrator in July 2024. *See supra* at ¶19 (Exhibit H – Amended IRS Form 1099-B, dated March 2, 2022).

25.     That same day, Disputed Claimant 3 sent a separate email to me with the subject: Request for Fair Resolution and Cooperation on Our Claim. The information in the email did not cure the deficiencies in Disputed Claimant 3's claim. A true and correct copy of the email is attached hereto as Exhibit Q.

26.     On October 9, 2024, I emailed Disputed Claimants 3 and 4 and explained that the documents submitted as of that date were insufficient to support their claims (and attached them for ease of reference). A true and correct copy of the email exchange is attached hereto as Exhibit O; *see also* Exhibit H (Amended IRS Form 1099-B, dated March 2,2022), Exhibit M (self-generated spreadsheet of Disputed Claimant 4's purported transactions in Romeo Power Securities), Exhibit N (an excerpt of Disputed Claimant 3's Edward Jones account statement), and Exhibit P (a document titled, "Entity Validation Documentation Requirements" of which a true and correct copy is attached hereto). My email to Disputed Claimants 3 & 4 also provided an explanation of why each document was insufficient and what would be acceptable forms of supporting documentation.

27.     On October 17, 2024, Disputed Claimant 3 provided Lead Counsel and the Claims Administrator by email the same Amended IRS Form 1099-B, dated March 2, 2022 (Exhibit H), and four additional attachments. True and correct copies of the email and additional attachments are attached hereto as Exhibit R. These documents did not cure the deficiencies with respect to Disputed Claimant 3's Claim.

28.    In sum, despite over seven months of communications between Lead Counsel, the Claims Administrator, and Disputed Claimants 3 & 4, which included an in-person meeting, and numerous telephone calls and emails, Disputed Claimants 3 & 4 have yet to produce any evidence supporting a valid Claim.

29.    For the forgoing reasons, and in the interests of finality and fairness, Lead Counsel respectfully requests that the Court enter the Distribution Order (ECF No. 219-1) and allow the Net Settlement Fund to be distributed to the 14,425 Claimants who submitted valid Claim Forms and adequate supporting documentation.

Executed this 8th day of December 2024, in Los Angeles, California.

*/s/ Melissa C. Wright*
Melissa C. Wright

## PROOF OF SERVICE

I hereby certify that on this 8th day of December, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                                    */s/ Melissa C. Wright*
                                                    Melissa C. Wright