UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ROMEO POWER INC.
SECURITIES LITIGATION

Case No. 1:21-cv-03362-LGS

[PROPOSED] CLASS DISTRIBUTION ORDER

Having considered all materials and arguments submitted in support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Melissa Mejia in Support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Mejia Declaration"), and the Declaration of Sharon M. McGowan of the Public Justice Foundation, and the supplemental declaration of Melissa Wright, attaching correspondence and documentation regarding the claims of disputed claimants.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF No. 191-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Mejia Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. As set forth in the Mejia Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits D-1 and D-2 of the Mejia Declaration are approved. Likewise, the administrative

The disputed claims described in the Wright Declaration as those of Disputed Claimants 3 and 4 are also denied for substantially the reasons stated in the Declaration. Plaintiffs denied these claims due to their lacking sufficient documentary support to demonstrate that the claimants had suffered recognized losses. The Claims Administrator and Class Counsel provided numerous explanations of the denial and what would constitute sufficient documentation to support a claim. The Disputed Claimants had ample opportunity to provide that documentation, but such documentation was never provided. The claims of Disputed Claimants 3 and 4 are therefore denied.

determinations of the Claims Administrator rejecting those Claims set forth in Exhibit D-3 of the Mejia Declaration are approved.

4. Except as otherwise provided in the Mejia Declaration, no claim form received after September 10, 2024, is eligible for payment, and no adjustments to claim forms received after November 15, 2024, that would result in an increased Recognized Loss amount may be accepted. Should an adjustment be received that results in a lower Recognized Loss amount, that adjustment will be made and the Recognized Loss amount will be reduced accordingly.

5. The Court authorizes payment of $13,837.50 from the Settlement Fund to the Claims Administrator for the fees and expenses already incurred and to be incurred in connection with the Initial Distribution, as described in the Mejia Declaration. Should the estimate of fees and expenses to conduct the Initial Distribution exceed the actual fees and expenses, Epiq will refund the difference to the Net Settlement Fund once the initial distribution is completed.

6. The distribution plan for the Net Settlement Fund as set forth in the Mejia Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in paragraph 5, shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or consistent with the terms outlined in paragraph 45(a)(iv) of the Mejia Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate

their distribution checks.  To the extent any monies remain in the fund six (6) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, payment of any Taxes, costs of preparing tax returns and escrow fees, as set forth in paragraph 45(b) of the Mejia Declaration. Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the remaining funds will be donated to the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization dedicated to, among other things, investor education and advocacy.

9. All persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or

taxation of the Settlement Fund or the Net Settlement Fund, or any other person or entity released under the Settlement, beyond the amounts allocated to them pursuant to the terms of this Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10. The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claim Forms and supporting documents one year after the Initial Distribution or one year after the Second Distribution (if it occurs); and (b) electronic copies of the same not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants

SO ORDERED this __9th__ day of __December__, 2024.

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**